**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 15-101-LMI**

CHRISTOPHER KOSACHUK,

      Plaintiff/Judgment Creditor

v.

9197-5904 QUEBEC, INC.,

      Defendant/Judgment Debtor

_____/

FILED-USBC, FLS-MIA
'24 DEC 3 PM 1:30

**VERIFIED MOTION FOR PROCEEDINGS SUPPLEMENTARY, FOR ORDER**
**IMPLEADING ADDITIONAL DEFENDANTS AND**
**FOR ASSIGNMENT AND/OR MARSHAL'S SALE OF CHOSES IN ACTION**

Judgment Creditor and Plaintiff Christopher Kosachuk hereby files this Verified

Motion for Proceedings Supplementary, for Order Impleading Additional Defendants and for

Assignment and/or U.S. Marshal's Sale of Choses In Action. Plaintiff herewith has filed an

affidavit that he holds an unsatisfied judgment and judgment lien in the amount of

$1,181,344.29 plus statutory interest against Defendant 9197-5904 Quebec, Inc. and that the

execution is valid and outstanding. Plaintiff accordingly moves for proceedings

supplementary to execution, for an order impleading additional defendants Raymond Houle,

Selective Advisor Group, LLC f/k/a Selective Advisors Group, LLC, Sean Neil Meehan,

Elizabeth Hazan and America Asset Management, LLC, pursuant to Florida Statutes § 56.29

and to authorize the assignment and/or marshal's sale of choses in action. In support, Mr.

Kosachuk states as follows:

## BACKGROUND

1.      On March 24, 2015, Mr. Kosachuk obtained the Final Judgment against 9197-5904 Quebec, Inc. ("Quebec") under case number 12-bk-16438-JKF from the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "FitzSimon Judgment").

2.      The FitzSimon Judgment was awarded to Mr. Kosachuk because Ms. Hazan and Mr. Houle through their company 9197-5904 Quebec, Inc. ("Quebec") filed a bad faith involuntary bankruptcy against Mr. Kosachuk which was dismissed as a bad faith filing.

3.      The bankruptcy was filed in such bad faith that the Honorable Jean K. FitzSimon sealed it so as not to cause any further reputational damage to Mr. Kosachuk.

4.      However, in order for this Court to understand the true evil nature of Quebec, its principals and its attorneys, movant filed a Motion to File the Sealed Documents from Judge FitzSimon with this Court.  [*See* Doc. 10].

5.      The Third Circuit Judgment affirming the Honorable Wendy Beetlestone who affirmed Judge FitzSimon is on the docket at Doc. 11.  Indeed, the FitzSimon Judgment was twice affirmed by the Third Circuit.  [*See* Doc. 11].

6.      On May 7, 2015, the FitzSimon Judgment was domesticated and recorded in Miami-Dade County, Florida under the above styled case number. [*See* Doc. 1].

7.      On November 27, 2023, undersigned moved this Court to order the Clerk of the Court to issue a Writ of Execution.  [*See* Doc. 6].  Later that same day, the Clerk issued the writ of execution.  [*See* Doc. 7].

8.      Movant has already delivered the Writ of Execution to the U.S. Marshal to execute on the chose in action captioned as *9197-5904 Quebec, Inc. v. NLG, LLC,* Local Case No. 14-10475 CA 01, in the Eleventh Judicial Circuit in and for

Miami-Dade County, with the proceeds to be applied towards the satisfaction of Judgment Creditor Christopher Kosachuk's FitzSimon Judgment against 9197-5904 Quebec, Inc. However, Movant believes that the proceeds from this sale will be insufficient to satisfy the FitzSimon Judgment in full and thus these proceedings supplementary are necessary.

9.      No payments have been made and the full balance is due on the unsatisfied Final Judgment and Writ of Execution in the above-captioned matter.

10.     On December 2, 2024, Mr. Kosachuk executed the requisite affidavit, attached hereto as Exhibit 1, as to the amount due and owing under the FitzSimon Judgment which amount was confirmed the Clerk upon issuance of the Writ of Execution.  As such he has satisfied the requirement for proceedings supplementary.

11.     Mr. Kosachuk now avails himself of the swift and summary process afforded Fla. Stat. § 56.29 (2014). *See Mejia* v. *Ruiz,* 985 So. 2d 1109, 1112 (Fla. 3d DCA 2008) ("Pursuant to section 56.29. judgment creditors have a "useful, efficacious and salutary remedy ... to subject [assets to] ... a speedy and direct proceeding in the same court in which the judgment was recovered."); *Id.* ("Proceedings supplementary are equitable in nature and should be liberally construed."). *See also Gen. Guar. Ins. Co. of Fla. v. Dacosta,* 190 So. 2d 211, 213(Fla. 3d DCA 1966) ("The [proceedings supplementary statute] should be given a liberal construction so as to afford to the judgment creditor the most complete relief possible."

12.     Florida law is clear that the only jurisdictional requirement for the institution of supplemental proceedings is the filing of an affidavit which alleges that there is an unsatisfied judgment or judgment lien, *Mejia v. Ruiz*, 985 So, 2d 1109 (Fla. 3rd DCA

2008). The instant motion is sworn to, attaches the requisite affidavit [*see* Exhibit 1] and makes the necessary showing. Indeed, the statutory requirements are codified in Florida Statutes §56.29(1) which provides:

> When any person or entity holds an unsatisfied judgment lien obtained under chapter 55, the judgment holder or judgment lienholder may file an affidavit so stating, applicable, the issuing court, the case number, and the amount of the judgment or judgment lien, including and interest, and stating that the execution is valid and and thereupon the judgment holder or judgment lien entitled to these proceedings supplementary to execution.

A review of relevant case law further clarifies the legislature's intent. For example, in the case of *Biloxi Casino Corporation v. Wolf*, 900 So. 2d 734 (Fla 4th DCA 2005) the Court held that the only requirement for institution of proceedings supplementary was compliance with the statutory prerequisites of §56.29(1), Florida Statute, by filing an affidavit stating that a judgment lien is valid and outstanding. Likewise, in the case of *Regent Bank v. Woodcox*, 636 So.2d 885 (Fla. 4th DCA 1994), the Court held that the only predicate for impleading a third-party under §56.29 is that the judgment creditor file an affidavit showing that the sheriff holds an unsatisfied writ of execution on a money judgment and that the unsatisfied execution explained that §56.29 was intended to provide "a useful, efficacious, and salutary remedy at law enabling the judgment creditor not only to discover assets which may be subject to his judgment, but to subject them to a speedy and direct proceeding in the same court in which the judgment was recovered." As stated by the Third District Court of Appeal in *Continental Cigar Corp. v. Edelman & Co., Inc.*, 397 So.2d 957 (Fla. 3d DCA 1981), "[i]t is quite clear that section 56.29 requires only the filing of an affidavit showing a valid unsatisfied writ of execution on any assets prior to instituting supplementary proceedings." Moreover, in the case of *NTS Fort Lauderdale Office Joint*

*Venture v. Serchay*, 710 So.2d 1027 (Fla. 4th DCA 1998), the Court cited from Regent

Bank and held that once a judgment creditor made the required statutory showing, the trial

court has no discretion to deny the application. More recently, the Second and Fifth Districts

have reached the same conclusion. *See Okaloosa New Opportunity, LLC v. LO Projects,*

*LLC*, 109 So.3d 1209 (Fla. 5 DCA, 2013) and *B & I Contractors, Inc. v. Mel Re Const.*

*Management,* 66 So.3d 1035 (Fla. 2 DCA, 2011). Florida Statute §56.29 imbues this Court

with broad powers to marshal the assets of a debtor in order to ensure payment to its creditors.

Specifically, §56.29(9) provides that: The court may enter any orders required to carry out the

purpose of this section to subject property or property rights of any defendant to execution.

13.    Mr. Kosachuk has identified certain tangible and/or intangible assets in Florida

and other states owned by Quebec or given away by Quebec, or owned by additional

defendants which are the subject matter of pending litigation in Delaware, Florida and New

York.

14.    Section 56.29(5) provides: "The judge may order any property of the

judgment debtor, not exempt from execution, in the hands of any person or due to the

judgment debtor to be applied toward the satisfaction of the judgment debt." A chose in

action belonging to the judgment debtor has generally been considered a property right

reachable by a judgment creditor in proceedings supplementary. *See Myd Marine*

*Distributor, Inc., v. International Paint Ltd.*, 201 So. 3d 843 (Fla 4th DCA 2016); *Puzzo v.*

*Ray*, 386 So.2d 49, 49 (Fla. 4th DCA 1980); *Gen. Guar. Ins. Co. of Fla. v. Dacosta*, 190

So.2d 211, 213-14 (Fla. 3d DCA 1966). A judgment also constitutes a cause of action or

chose in action. *Crane v. Nuta*, 157 Fla. 613 (Fla 1946).

8.    Seizure of rights in a pending lawsuit (also known as a "chose in

action") is among the relief afforded to a judgment creditor pursuant to Fla. Stat. §56.29. *See Puzzo v. Ray*, 386 So. 2d 49, 50 (Fla. 4th DCA 1980) ("Black's Law Dictionary (rev. 4th Ed. 1968) defines a 'chose in action' as: A personal right not reduced into possession, but recoverable by a suit at law ... A right to receive or recover a debt, demand, or damages on a cause of action *excontractu* or for a tort or omission of a duty."). See also *Craft v. Craft*, 757 So.2d 571, 572 (Fla. 4th DCA 2000) ("Ordinarily, a judgment debtor's choses in action may be reached by supplementary proceedings."); DaCosta, at 213-14 (Fla. 3d DCA 1966) ("[It has been held that supplementary proceedings are ordinarily available to reach choses in action.").

15.    On February 22, 2012, Quebec, pretending to be NLG, obtained a judgment by confession against NLG, LLC, a Delaware LLC in New York Supreme Court index number 101875-2012 (the "Judgment by Confession"). Raymond Houle, the President of Quebec and the same Raymond Houle who filed the bad faith involuntary against Mr. Kosachuk, pretended to be the manager of NLG and had his attorney, Darius A. Marzec, the same Darius A. Marzec who filed the bad faith involuntary petition and who repeatedly excoriated by Judge FitzSimon, decided that it was appropriate to dupe the clerk of court in New York into entering a sham $5,000,000 Judgment by Confession where Raymond Houle signed for both the Plaintiff Quebec and the Defendant NLG.

16.    Even though it is void on its face as a matter of law, the Judgment by Confession was domesticated and recorded on April 21, 2014, in Miami-Dade County, State of Florida under case number 14-10475-CA-10 where execution proceedings began.

17.    Quebec through Selective commenced proceedings supplementary and the Florida State Court authorized those proceedings supplementary and impleaded Elizabeth

Hazan in the case captioned as *9197-5904 Quebec, Inc. v. NLG, LLC*, case number 14-10475-CA-10. Attached hereto as Exhibit 2 is the Motion for Proceedings Supplementary and the $5,000,000 Judgment by Confession.

18.     The Florida State Court then granted the Motion for Proceedings Supplementary and impleaded Ms. Hazan. Attached hereto as Exhibit 3 is the order.

19.     The Florida State Court then assigned NLG's Judgment against Ms. Hazan to Quebec/Selective and gave NLG a credit against its judgment. The Florida State Court ordered that Selective is to "step into the shoes of NLG".   Movant is now seeking this exact same relief with respect to various judgments owned by Quebec, and its assignee Selective in order to "step into the shoes" of Quebec and these impleaded defendants.

20.     Based on the Florida State Court's order, Exhibit 3, Selective, Ms. Hazan, her ex-husband Mr. Sean Neil Meehan and Mr. Houle should now be impleaded so that the FitzSimon Judgment may be collected against them via assignments and marshal's sales.

21.     This relief was the precise relief granted by the Florida State Court to Quebec/Selective against NLG in order to collect on the Judgment by Confession.

22.     Based upon the Florida State Court's judicial assignment, Selective sued NLG in the Southern District of Florida's Bankruptcy Court and obtained a Final Judgment (the "Cristol Judgment") in the case of *Selective and Elizabeth Hazan v. NLG,* Adversary Proceeding Case No. 16-ap-1439-AJC where NLG still owes $123,570.71 pursuant to the void Judgment by Confession. A true and correct copy of the Cristol Judgment is attached hereto as Exhibit 4.

23.     The Judgment by Confession and the Cristol Judgment constitute property of the Debtor and subject to assignment and/or to marshal's sale, with the proceeds thereof to be applied towards the satisfaction of the Judgment Creditor's FitzSimon Judgment.

24.     Mr. Kosachuk seeks the assignment and all attendant rights of the Judgment by Confession and the Cristol Judgment and Mr. Kosachuk will give a credit to Quebec in the amount of $123,570.71. Alternatively, the Court can order the U.S. Marshal to levy upon and offer them for sale to the highest bidder on the court house steps.

25.     The marshal sale or assignment shall include all of its rights as well as all chose in actions in all states with respect to the impleaded defendants and rights obtained by Selective from Quebec or any rights of impleaded defendants as detailed below:

(a)     *9197-5904 Quebec, Inc. v. NLG,,* Case No. 2012-101875 in the Supreme Court of the State of New York County of New York

(b)     *Chris Kosachuk v. 9197-5904 Quebec, Inc. and Selective Advisor Group, f/k/a Selective Advisors Group,* Case No. 2022-158379 in the Supreme Court of the State of New York County of New York including the money judgment entered against Mr. Kosachuk in favor of Quebec/Selective in the amount of $15,000.

(c)     *Chris Kosachuk v. 9197-5904 Quebec, Inc. and Selective Advisor Group, f/k/a Selective Advisors Group,* Case No. 2022-03860 in the Supreme Court of the State of New York Appellate Division First Department

(d)     *Chris Kosachuk v. 9197-5904 Quebec, Inc. and Selective Advisor Group, f/k/a Selective Advisors Group,* Case No. 2022-03869 in the Supreme Court of the State of New York Appellate Division First Department

(e)     *Juan Ramirez, Jr. v. 9197-5904 Quebec, Inc. and Selective Advisor Group, f/k/a Selective Advisors Group,* Case No. 2020-654670 in the Supreme Court of the State of New York County of New York including the money judgment entered against Mr. Ramirez in favor of Selective in the amount of $8,069.13.

(f)     *Chris Kosachuk v. 9197-5904 Quebec, Inc. and Selective Advisor Group, f/k/a Selective Advisors Group,* Case No. 22-ap-50421-JKS in the United States Bankruptcy Court for the District of Delaware.

(g)     *NLG, LLC v. Selective Advisors Group, LLC,* Case No. 22-ap-50086-JKS in the United States Bankruptcy Court for the District of Delaware.

(h)     *Chris Kosachuk v. 9197-5904 Quebec, Inc. and Selective Advisor Group, f/k/a Selective Advisors Group,* Case No. 23-00540-JLH in the United States District Court for the District of Delaware

(i)     *Chris Kosachuk v. 9197-5904 Quebec, Inc. and Selective Advisor Group, f/k/a Selective Advisors Group,* Case No. 23-00541-JLH in the United States District Court for the District of Delaware

(j)     *Chris Kosachuk v. 9197-5904 Quebec, Inc. and Selective Advisor Group, f/k/a Selective Advisors Group,* Case No. 23-00542-JLH in the United States District Court for the District of Delaware

(k)     *In Re Elizabeth Hazan,* Case No. 16-10389 in the United States Bankruptcy Court for the Southern District of Florida

(l)     *Selective Advisors Group, LLC and Elizabeth Hazan v. NLG, LLC,* Case No. 16-1439-AJC in the United States Bankruptcy Court for the Southern District of Florida

(m)     *Selective Advisors Group, LLC v. Elizabeth Hazan,* Case No 2011- 42770-

CA02, in the 11ᵗʰ Judicial Circuit in and for Miami-Dade County, Florida

(n)     *9197-5904 Quebec, Inc. v. NLG, LLC* Case No. 2014-10475-CA10, in the 11ᵗʰ

Judicial Circuit in and for Miami-Dade County, Florida

(o)     *JP Morgan Chase Bank NA v. Elizabeth Hazan et. al.*, Miami-Dade Circuit

Court Case No.: 2013-25902 CA 01

(p)     *Fisher Island Community Association v. Elizabeth Hazan* Miami-Dade Circuit

Court Case No.: 2023-26767 CA 01

(q)     *Valencia Estates Homeowners' Association v. Elizabeth Hazan* Miami-Dade

Circuit Court Case No.: 20130-5424 CA 01

(r)     *David W. Langley v. Elizabeth Hazan,* Miami-Dade Circuit Court Case No.:

2022-20116- CA 01

WHEREFORE, it is respectfully requested that this Honorable Court enter an Order

with the following relief and order the U.S. Marshal to levy and offer for sale to the highest

bidder in one marshal sale to be conducted on the United States District Court steps at 400 N.

Miami Ave. Miami, FL 33128 the following:

(i) The Final Judgment against NLG from the case of *Selective Advisors Group, LLC*

*and Elizabeth Hazan v. NLG, LLC,* Case No. 16-ap-1439-AJC in the United States Bankruptcy

Court for the Southern District of Florida and the Quebec Judgment from the case of *9197-*

*5904 Quebec, Inc. v. NLG,,* Case No. 2012-101875 in the Supreme Court of the State of New

York County of New York and domesticated in this Court under *9197-5904 Quebec, Inc. v.*

*NLG, LLC* Case No. 2014-10475-CA10, in the 11ᵗʰ Judicial Circuit in and for Miami-Dade

County, Florida are hereby assigned to Mr. Kosachuk along with all rights, remedies and

choses in action so that he may step into the shoes of Selective including Quebec and Selective's rights in *Chris Kosachuk v. 9197-5904 Quebec, Inc. and Selective Advisor Group, f/k/a Selective Advisors Group,* Case No. 2022-03860 in the Supreme Court of the State of New York Appellate Division First Department *Chris Kosachuk v. 9197-5904 Quebec, Inc. and Selective Advisor Group, f/k/a Selective Advisors Group,* Case No. 2022-03869 in the Supreme Court of the State of New York Appellate Division First Department. Mr. Kosachuk shall give Quebec a credit of $123,570.71 from what is owed on his FitzSimon Judgment. Mr. Kosachuk shall step into the shoes of Selective Advisors Group, LLC in these cases and have all rights of Selective Advisors Group, LLC;

(ii)  The $15,000 money judgment from *Chris Kosachuk v. 9197-5904 Quebec, Inc. and Selective Advisor Group, f/k/a Selective Advisors Group,* Case No. 2022-158379 in the Supreme Court of the State of New York County of New York, attached hereto as Exhibit 5, is hereby assigned to Mr. Kosachuk along with all rights, remedies and choses in action so that he may step into the shoes of Quebec and Selective. Mr. Kosachuk shall give Quebec a credit of $15,000 from what is owed on his FitzSimon Judgment. Mr. Kosachuk shall step into the shoes of Quebec and Selective Advisors Group, LLC in this case and have all rights of Selective Advisors Group, LLC.

(iii)  The $8,069.13 Referee's Decision and Order from *Juan Ramirez, Jr. v. 9197-5904 Quebec, Inc. and Selective Advisor Group, f/k/a Selective Advisors Group,* Case No. 2020-654670 in the Supreme Court of the State of New York County of New York, attached hereto as Exhibit 6, is hereby assigned to Mr. Kosachuk along with all rights, remedies and choses in action so that he may step into the shoes of Quebec and Selective. Mr. Kosachuk shall give Quebec a credit of $8,069.13 from what is owed on his FitzSimon Judgment. Mr.

Case 15-00101-LMI    Doc 12    Filed 12/03/24    Page 12 of 85

Kosachuk shall step into the shoes of 9197-5904 Quebec, Inc. and Selective Advisors Group, LLC in this case and have all rights of 9197-5904 Quebec, Inc. and Selective Advisors Group, LLC.

(iv) The $3,800 money judgment entered on November 7, 2022 from *In Re Elizabeth Hazan,* Case No. 16-bk-10389-AJC [Doc. 1354] from the United States Bankruptcy Court for the Southern District of Florida, attached hereto as Exhibit 7, is hereby assigned to Mr. Kosachuk along with all rights, remedies and choses in action so that he may step into the shoes of Ms. Hazan. Mr. Kosachuk shall give Quebec a credit of $3,800 from what is owed on his FitzSimon Judgment.

(v) The $42,270.93 money judgment entered on June 22, 2017 from *America Asset Management, LLC v. NLG, LLC* Case No. 17-5232 CA 02 in the Circuit Court for the 11th Judicial Circuit in and for Miami-Dade County, Florida, attached hereto as Exhibit 8, is hereby assigned to Mr. Kosachuk along with all rights, remedies and choses in action so that he may step into the shoes of America Asset Management, LLC.

(vi) The U.S. Marshal is ordered to conduct a marshal's sale of Quebec's, Selective's, America Asset's, Mr. Houle's, Mr. Meehan's and Ms. Hazan's rights in the following:

(vii) *In Re Elizabeth Hazan,* Case No. 16-bk-10389-AJC in the United States Bankruptcy Court for the Southern District of Florida with the proceeds to be credited to Quebec towards the satisfaction of the FitzSimon Judgment.

(vii) *Selective Advisors Group, LLC v. Elizabeth Hazan,* Case No 2011- 42770-CA02, in the 11th Judicial Circuit in and for Miami-Dade County, Florida with the proceeds to be credited to Quebec towards the satisfaction of the FitzSimon Judgment

(ix) *JP Morgan Chase Bank NA v. Elizabeth Hazan et. al.*, Miami-Dade Circuit Court Case No.: 2013-25902 CA 01 with the proceeds to be credited to Quebec towards the satisfaction of the FitzSimon Judgment

(x) *Fisher Island Community Association v. Elizabeth Hazan* Miami-Dade Circuit Court Case No.: 2023-26767 CA 01 with the proceeds to be credited to Quebec towards the satisfaction of the FitzSimon Judgment

(xi) *Valencia Estates Homeowners' Association v. Elizabeth Hazan* Miami-Dade Circuit Court Case No.: 20130-5424 CA 01 with the proceeds to be credited to Quebec towards the satisfaction of the FitzSimon Judgment

(xii) *David W. Langley v. Elizabeth Hazan,* Miami-Dade Circuit Court Case No.: 2022-20116- CA 01 with the proceeds to be credited to Quebec towards the satisfaction of the FitzSimon Judgment

(xiii) *Selective's interest, as assignee of Quebec, in the real property located at 6913 Valencia Drive, Fisher Island, FL 33109*, Lot 7, Block 2, of LINDISFARNE ON FISHER ISLAND SECTION 10, according to the Plat thereof, recorded in Plat Book 157, Page 64, of the Public Records of Miami-Dade County derived from and based upon NLG, LLC's Final Judgment of Foreclosure entered on December 4, 2015 by the Circuit Court of the Eleventh Judicial Circuit in and For Miami-Dade County recorded in Official Records Book 29902 at Pages 3737 – 3742, CFN 20150812181 with the proceeds to be credited to Quebec towards the satisfaction of the FitzSimon Judgment.

December 2, 2024                    Respectfully submitted,

|  | Christopher Kosachuk<br>*Pro Se Plaintiff/Judgment Creditor & Movant*<br>854 Pheasant Run Rd.<br>West Chester, PA 19382-8144<br>(305) 490-5700<br><u>chriskosachuk@gmail.com</u> |
|---|---|

## **VERIFICATION**

I, Christopher Kosachuk, pursuant to Fla. Stat. 92.525, 28 U.S. Code § 1746 and under penalty of perjury, I declare that I have read the foregoing Verified Motion for Proceedings Supplementary, for Order Impleading Additional Defendants and for Assignment and/or Marshal's Sale of Choses In Action and that the facts are true, correct and based on my personal knowledge.

_____
Christopher Kosachuk
*Pro Se Plaintiff & Judgment Creditor*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of foregoing was delivered to the Clerk of Court who will electronically file it and serve it upon all parties of record as indicated on this 2nd day of December, 2024.

Christopher Kosachuk
*Pro Se Movant, Plaintiff & Judgment Creditor*
854 Pheasant Run Rd.
West Chester, PA 19382-8144
(305) 490-5700
chriskosachuk@gmail.com

## SERVICE LIST

**Via CM/ECF/Email/First Class Mail**

Joel Aresty, Esq. attorney for 9197-5904 Quebec, Inc., Selective Advisor Group, LLC f/k/a Selective Advisors Group, LLC, Raymond Houle, Elizabeth Hazan, Sean Neil Meehan and America Asset Management
aresty@mac.com

Todd Mosser, Esq. attorney for 9197-5904 Quebec, Inc. Selective Advisor Group, LLC f/k/a Selective Advisors Group, LLC, Raymond Houle, Elizabeth Hazan, Sean Neil Meehan
todd@mosserlegal.com

Raymond Houle – raymond.houle@gmail.com raymond.houle1@gmail.com
6913 Valencia Dr. Fisher Island, FL 33109

Elizabeth Hazan a/ka/ Liza Hazan lizahazan77@gmail.com elizabethhazan07@gmail.com
6913 Valencia Dr. Fisher Island, FL 33109

Sean Neil Meehan seannmeehan@gmail.com
6913 Valencia Dr. Fisher Island, FL 33109

America Asset Management
6913 Valencia Dr. Fisher Island, FL 33109

EXHIBIT 1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 15-101-LMI**

CHRISTOPHER KOSACHUK,

     Plaintiff/Judgment Creditor

v.

9197-5904 QUEBEC, INC.,

     Defendant/Judgment Debtor
_____/

STATE OF FLORIDA      )
                     ) ss:
COUNTY OF MIAMI-DADE )

### <u>AFFIDAVIT OF CHRISTOPHER KOSACHUK</u>

CHRISTOPHER KOSACHUK, being duly sworn, deposes and says:

    1.  I am the **judgment creditor/plaintiff named above**.

    2.  On March 24, 2015, I obtained the Final Judgment against 9197-5904 Quebec, Inc. ("Quebec") under case number 12-bk-16438-JKF from the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "FitzSimon Judgment").

    3.  On May 7, 2015, the FitzSimon Judgment was domesticated and recorded in Miami-Dade County, Florida under the above styled case number.

    4.  On November 27, 2024, I filed Motion for Writ of Execution [Doc. 6] and the Writ of Execution issued that same day [Doc. 7].

    5.  The interest rate for this FitzSimon Judgment is .25% per annum with annually compounding such that the per diem for 2024 is $8.07.

    6.  That no payments have been made and the full balance is due on the unsatisfied Final Judgment and execution.

7. The execution is valid and remains outstanding and said Plaintiff is entitled to proceedings supplementary pursuant to Florida Statute §56.29, et. seq.

8. The Court should grant the Motion for Proceedings Supplementary without further delay.

CHRISTOPHER KOSACHUK

Sworn to before me this

2 day of DEC , 2024.

Notary Public

EMILY FERNANDEZ-LENS
Notary Public - State of Florida
Commission # HH 302449
My Comm. Expires Aug 18, 2026

Filing # 15505598 Electronically Filed 07/02/2014 03:22:44 PM

EXHIBIT 2

IN THE CIRCUIT COURT OF THE
11ᵀᴴ JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 14-10475-CA-10

SELECTIVE ADVISORS GROUP, LLC,
As Assignee of 9197-5904 QUEBEC, INC.,

       Plaintiff

vs.

NLG, LLC, a Delaware Limited Liability
Company,

       Defendant,

and

ELIZABETH HAZAN,

       Additional Defendant.

_____ /

<u>PLAINTIFF'S MOTION FOR PROCEEDINGS SUPPLEMENTARY AND FOR ORDER
IMPLEADING ADDITIONAL DEFENDANT</u>

      The Plaintiff, SELECTIVE ADVISORS GROUP, LLC, as Assignee of 9197-5904 QUEBEC
INC., shows that its authorized representative has filed an affidavit that it holds an unsatisfied judgment
or judgment lien in the above-styled action in the amount of $5,000,225.00, plus statutory interest,
against the Defendant, NLG, LLC, and that the execution is valid and outstanding.  The Plaintiff
accordingly moves for proceedings supplementary to execution and for an order impleading
ELIZABETH HAZAN ("HAZAN"), and states as follows:

1. On February 22, 2012, 9197-5904 QUEBEC, INC., a foreign corporation, obtained a judgment
   against the Defendant, NLG, LLC, a Delaware Limited Liability Company, in NYC Supreme
   Court, index number 101875-2012.  Said judgment was domesticated and recorded on April
   21, 2014, in Miami-Dade County, State of Florida, under the above-styled case number.

2. On April 30, 2014, the subject judgment was assigned to the Plaintiff by 9197-5904 QUEBEC,
   INC., requiring the Defendant to pay to Plaintiff the sum of $5,000,225.00, plus statutory

interest. Copies of the "Assignment of Judgment" and "Notice of Assignment of Judgment" are attached hereto as Exhibits "A" and "B", respectively.

3. A judgment lien certificate evidencing said judgment was filed with the Florida Secretary of State on June 16, 2014, under document filing number J14000718030. A copy of said judgment lien certificate is attached hereto as Exhibit "C".

4. On April 28, 2008, a default final judgment was entered under Case No. 07-19532-CA-11 in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, in the favor of NLG, LLC and against HAZAN in the amount of $1,618,071.29, plus interest at the statutory rate of 11 percent per annum. The subject final judgment is attached hereto as Exhibit "D". A judgment lien certificate evidencing said judgment was filed with the Florida Secretary of State on May 27, 2008, under document filing number J08900007653. A copy of said judgment lien certificate is attached hereto as Exhibit "E". A second judgment lien certificate evidencing said judgment was filed with the Florida Secretary of State on July 1, 2013, under document filing number J13001162651. The "money amount remaining unpaid" listed on the second judgment lien certificate is $3,749,569.51. A copy of the second judgment lien certificate is attached hereto as Exhibit "F".

5. The Defendant, NLG, LLC holds a judgment against, the Additional Defendant, HAZAN, in the amount of $3,749,569.51, plus accrued interest at the statutory rate. NLG, LLC, possesses property rights consisting of said money, judgment against the Additional Defendant, HAZAN, that is subject to execution in proceedings supplementary. Because NLG, LLC's judgment is a property right subject to execution in proceedings supplementary, the Plaintiff is entitled to have the judgment seized, executed upon, and sold to the highest bidder at a duly noticed sheriff's sale.

WHEREFORE, Plaintiff moves this court to implead HAZAN as a party to these proceedings supplementary to execution. The Plaintiff further prays that the court order that NLG, LLC's judgment against HAZAN be assigned to it, as successor in interest; and that the Plaintiff be entitled

to step into the shoes of NLG, LLC, so as to be entitled to recover all proceeds attributable to said

judgment; with HAZAN receiving a credit for all sums so received; and further ordering that the

Plaintiff provide a credit to NLG, LLC for all sums collected and to reflect said credit through the

filing of an updated judgment lien certificate.

MARK D. COHEN, P.A.
Counsel for Plaintiff
Presidential Circle
4000 Hollywood Blvd., Ste. 435 South
Hollywood, FL 33021
(954)962-1166
Fla. Bar No. 347345
Eservice address:mdcohenpa@yahoo.com

MARK D. COHEN, ESQ.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via electronic
mail this 2nd day of July, 2014 upon Megan K. Wells, Wells Law Firm, LLC, 11820 Miramar
Parkway, Ste. 108, Miramar, FL. 33025.

MARK D. COHEN, ESQ.

☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

| DIVISION | |
|---|---|
| ☒ CIVIL | **NOTICE OF RECORDING** |
| ☐ OTHER | **OF** **FOREIGN JUDGMENT** |

**CASE NUMBER: 14-10475CA10**

| JUDGMENT CREDITOR(S) | VS. JUDGMENT DEBTOR(S) |
|---|---|
| 9197 - 5904 QUEBEC, INC | NLG, LLC 6499 NORTH POWERLINE ROAD Address: SUITE 304 FT. LAUDERDALE, FL 33309 |

| VS. JUDGMENT DEBTOR(S) | VS. JUDGMENT DEBTOR(S) |
|---|---|
| NLG, LLC Address: 854 PHEASANT RUN ROAD WEST CHESTER, PA 19382 | Address: |

| VS. JUDGMENT DEBTOR(S) | VS. JUDGMENT DEBTOR(S) |
|---|---|
| Address: | Address: |

*(stamp, right margin: FILED FOR RECORD 2014 MAY -7 PH 1:56 CIRCUIT & ... MIAMI-DADE CO. ... O'CLOCK IN ...)*

Pursuant to Section 55.505, Florida Statutes (Florida Enforcement of Foreign Judgments Act), you are hereby notified that a Foreign Judgment has been recorded against you by:

| | |
|---|---|
| 9197 - 5904 QUEBEC, INC | MARK D. COHEN |
| Judgment Creditor(s) | Attorney(s) for Judgment Creditor(s) |
| c/o MARK D. COHEN | 4000 HOLLYWOOD BLVD., STE 435S |
| 4000 HOLLYWOOD BLVD., STE 435S | HOLLYWOOD, FL 33021 |
| HOLLYWOOD, FL 33021 | |
| Address | Address |

As evidenced by the attached copies of the Recorded Foreign Judgment and Affidavit: I hereby certify that a true copy of this notice together with a copy of the Foreign Judgment and Affidavit have been furnished by registered mail, return receipt requested to the above Judgment Debtor(s) at the above address this _____ day of _____, 20 _____.

| **HARVEY RUVIN** **CLERK OF COURTS** | BY: _____ DEPUTY CLERK | **MAY 0 7 2014** DATE |
|---|---|---|

Section 55.509 of the Florida Enforcement of Foreign Judgment Act provides as follows:
"STAY OF ENFORCEMENT OF FOREIGN JUDGMENT"

(1) If, within 30 days after the date the Foreign Judgment is recorded, the Judgment Debtor files an action contesting the jurisdiction of the Court which entered the Foreign Judgment or the validity of the Foreign Judgment and records a Lis Pendens directed toward the Foreign Judgment, the Court shall stay enforcement of the Foreign Judgment and the Judgment lien upon the filing of the action by the Judgment Debtor.

(2) If the Judgment Debtor shows the Circuit or County Court any ground upon which enforcement of a Judgment of any Circuit or County Court of this state would be stayed, the Court shall stay enforcement of the Foreign Judgment for an appropriate period, upon requiring the same security for satisfaction of the Judgment which is required in this state.

CLK/CT 468 REV. 7/02

Clerk's web address ... miamidadeclerk.com

**EXHIBIT A**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No. 10875/12

9197-5904 Quebec, Inc.,

**Plaintiff,**

against 94 - 10475 CA 10

NLG, LLC, A Delaware Limited
Liability Company,

**Defendant.**

**AFFIDAVIT OF
CONFESSION OF
JUDGMENT**

**FILED**

FEB 2 2 2012

COUNTY CLERK'S OFFICE
NEW YORK

STATE OF NEW YORK

COUNTY OF NEW YORK        ss.:

    Raymond Houle, being duly sworn, deposes and says; that deponent is the Manager and

duly authorized agent of the defendant Limited Liability Company and is duly authorized to

make this Affidavit on behalf of the LLC defendant herein.

    The defendant hereby confesses judgment herein and authorizes entry thereof against

defendant in the sum of $5,000,000.00.

    Defendant's address is 6499 North Powerline Road, Suite 304, Fort Lauderdale, Florida
354 Pheasant Run Road, West Chester, PA 19382
33309; Defendant authorizes entry of judgment in New York County, New York, if said

residence address is not in New York State.

    This confession of judgment is for a debt justly due to the plaintiff arising from the

following facts: Fraud and Abuse of Process.

    **This affidavit, if made in connection with an agreement for the purchase for
$1,500.00 or less of any commodities for any use other than a commercial or business use
upon any plan of deferred payments whereby the price or cost is payable in two or more
installments, was executed, subsequent to the time a default occurred in the payment of an
installment thereunder.**

Sworn to before me this
16 day of Febuary, 2012

9197-5904 Quebec, Inc. by Raymond Houle, Manager
MEMBER, NLG LLC

NOTARY PUBLIC

Darius A. Marzec
Notary Public State of New York
No. 02MA6186309
Qualified in Queens County
Commission Expires 04/28/2012

CFN 2014R0298782 OR BK 29124 Pgs 4773 - 4774; (2pgs)
RECORDED 04/25/2014 10:22:47
HARVEY RUVIN, CLERK OF COURT, MIAMI-DADE COUNTY, FLORIDA

BOOK 29124 PAGE 4774
LAST PAGE

## ACKNOWLEDGMENT

STATE OF FLORIDA )
                        :SS   34-104750A10
COUNTY OF ~~BROWARD~~ *miam Dafe Rt* )

On the 3rd day of January 2014 before me personally appeared RAYMOND HOULE to be known and known to me to be the individual described in and who executed the foregoing ▓▓▓▓▓▓ Judgment, and who duly acknowledged to me that he executed the same.

In Witness Thereof The Assignors Set Their Hand And Seal the day and year first written above:

Assignor:9197-5904 Quebec, Inc

By: RAYMOND HOULE, President                    Witness:

Notary Public:

RAUL L. CHAVARRIA
MY COMMISSION # EE 173519
EXPIRES: March 6, 2016
Bonded Thru Budget Notary Services

The foregoing instrument was acknowledged before me this *3r4* day of *Jan.* 2014 by Raymond Houle, President of 9197-5904 Quebec, Inc, who is personally known to me, or who presented *Canadian Passport* as identification, and who did execute the aforesaid ▓▓▓▓▓ Judgment.

Attorney for Plaintiff:
Mark D. Cohen
4000 Hollywood Blvd Suite ~~455~~ 435S
Hollywood FL 33021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No. _10875/12_

9197-5904 Quebec, Inc.,

**Plaintiff,**

**against**

~~JA - 10475 CA 10~~

NLG, LLC,

**Defendant.**

**AFFIDAVIT OF
RAYMOND HOULE**
REGARDING FACTS
SUPPORTING
JUDGMENT

**STATE OF NEW YORK**

**COUNTY OF NEW YORK**    ss.:

Raymond Houle, being duly sworn, deposes and says; that deponent is the Manager and duly authorized agent of the defendant Limited Liability Company and is duly authorized to make this Affidavit on behalf of the LLC defendant herein.

This confession of judgment is for a debt justly due to the plaintiff arising from the following facts: Defendant has consistently abused its legal position by filing frivolous litigation documents, affidavits, pleadings, and motions, in and without the state, misrepresenting the truth concerning key facts regarding the mode of operation, personnel, employees, corporate documents and status of defendant; Defendant has failed to abide by rules of court with respect to discovery, disclosures and subpoena power of the court and counsel, and has made litigation process difficult, wasteful, and expensive to adversary/ies. All actions of Defendant constitute abuse of process and fraud upon the court and parties involved, who were unduly damaged by such fraudulent conduct and abuse of process by Defendant. The conduct of Defendant was intentional and malicious and calculated to cause additional expense, delay and harassment to defendant's adversaries; such conduct was illegal, improper, unethical and unnecessary to the administration of justice and process in these matters, giving Plaintiff a cause of action.

*Raymond Houle*

RAYMOND HOULE

Sworn to before me on the 21 day of February, 20 12.

Notary Public

34 = 10475 8A10

Darius A. Marzec
Notary Public State of New York
No. 02MA6186309
Qualified in Queens County
Commission Expires 04/28/20 12

[FILED

FEB 2 2 2012

COUNTY CLERK'S OFFICE
NEW YORK

EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK                              Index No.

9197-5904 Quebec, Inc.,

**Plaintiff,**

against

NLG, LLC., *A DELAWARE LIMITED LIABILITY COMPANY,*

**Defendant.**

14 - 10 4 7 5 CA 1 0

---

**JUDGMENT BY CONFESSION**
**AFFIDAVIT OF JUDGMENT BY CONFESSION**

---

**ATTORNEYS FOR PLAINTIFF**
Marzec Law Firm, P.C.
Darius A. Marzec, Esq.
225 Broadway, Suite 3000
New York, NY 10007
212-267-0200

**FILED AND
DOCKETED**
FEB 2 2 2012
AT    10:25 A  M
N.Y., CO. CLK'S OFFICE

---

**CERTIFICATION**

Pursuant to Section 130-1.1, the following documents are hereby certified:

By: Darius A. Marzec, Esq.
MARZEC LAW FIRM PC
Attorneys for Plaintiff
225 Broadway, Ste. 3000
New York, NY 10007
(212) 267-0200


DOCKETED BY

EXHIBIT A

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

**Address of Plaintiff:**
3765 Saint-Kevin, Ste 9
Montreal, Quebec H3T 1H8
Canada

9197-5904 Quebec, Inc.

**Plaintiff,**

Index No.:

**JUDGMENT BY**
**CONFESSION**

against                     04-104750A10

NLG, LLC, a Delaware Limited Liability Company,

**Defendant.**

12101875

| | | |
|---|---|---|
| Amount Confessed | $5,000,000.00 | |
| Interest | $0.00 | $ 5,000,000.00 |
| Costs by Statute | $15.00 | |
| Transcript | | |
| Fees on Execution | | |
| Satisfaction | | |
| Filing Fee | $210.00 | $ 5,000,225.00 |

The undersigned, Attorney at Law of the State of New York, affirms that he is the

attorney of record for the Plaintiff herein and states that the disbursements specified are correct

and true and have been or will necessarily be made or incurred herein and are reasonable in

amount and affirms this statement to be true under the penalties of perjury.

Dated: February 16, 2012

I HEREBY CERTIFY THAT I HAVE
ADJUSTED THIS BILL OF COSTS AT
$ 225.00

FEB 22 2012

Norman Goodman
CLERK

**MARZEC LAW FIRM, PC**

Darius A. Marzec, Esq.
Attorney for Plaintiff
225 Broadway, Suite 3000
New York, NY 10007
(212) 267-0200

**FILED**

FEB 22 2012

COUNTY CLERKS OFFICE
NEW YORK

EXHIBIT A

**JUDGMENT** entered the ___22nd___ day of ___February___, 2012

On the foregoing affidavit of **Confession of Judgment** made by the defendant herein,

sworn to the on the 16th day of February 2012,

34 - 104750A10

**NOW, ON MOTION OF MARZEC LAW FIRM, PC,** attorney for plaintiff, it is

**ADJUDGED that** 9197-5904 Quebec, Inc. Plaintiff, with the address of 3765 Saint-Kevin, Suite 9, Monteal, Quebec H3T 1H8, Canada, do recover of **NLG**, LLC,\* Defendant, with the address of 6499 North Powerline Road, Suite 304, Fort Lauderdale, Florida 33309, the sum of $5,000,000.00 with interest of $0.00, **making a total sum of $5,000,000.00** together with $225.00 costs and disbursements, as taxed by the clerk    amounting in all to the sum of $5,000,225.00 and that the plaintiff have execution therefor.

*Norman Goodman*
CLERK

FILED

FEB 22 2012

COUNTY CLERK'S OFFICE
NEW YORK

\* Defendant's full Name is:
NLG, LLC, a Delaware Limited
Liability Company

2/22/12

EXHIBIT A

# The People of the State of New York:
## BY THE GRACE OF GOD FREE AND INDEPENDENT

*To all to whom these presents shall come or may concern, GREETING:*

**Know Ye,** That we having examined the records and files in the office of the Clerk of the County of New York and Clerk of the Supreme Court of said State for said County, do find a certain JUDGMENT by CONFESSION

04-104750A10

there remaining, in the words and figures following, to wit:

EXHIBIT A

All of which we have caused by these presents to be exemplified and the Seal of our said County and Supreme Court to be hereunto affixed. Witness, Hon. ~HON. LORI S. SATTLER~ a Justice of the Supreme Court of the State of New York for the County of New York, the *11TH* day of *MARCH* in the year of our Lord two thousand and *FOURTEEN*, and of our independence the two hundred and *THIRTY- SEVENTH*



04 - 1 0 4 7 5 CA 1 0

*Norman Goodman*
County Clerk and Clerk of the
Supreme Court, New York County

HON. LORI S. SATTLER

a Justice of the Supreme Court of the State of New York for the County of New York, the same being a Court of Record, do hereby certify that the foregoing attestation is in due and proper form and by the proper officer.

Dated, New York,    MAR 18 2014    2014

*Lori S. Sattler*
Justice of the Supreme Court
of the State of New York.

State of New York,
County of New York.    } ss.:

I, NORMAN GOODMAN, County Clerk and Clerk of the Supreme Court of the State of New York, County of New York, do hereby certify that Hon. whose name is subscribed to the preceding certificate is a Justice of the Supreme Court of said State in and for the County of New York, duly elected and qualified, and that the signature of said Justice to said certificate is genuine.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the Seal of said County and Court this *19TH* day of *MARCH*    2014 .



*Norman Goodman*
County Clerk and Clerk of the
Supreme Court, New York County.

No. F 16791

Page 31 of 85

EXHIBIT A

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
IN AND FOR MIAMI DADE COUNTY FLORIDA

9197-5904 QUEBEC INC

           Plaintiff,                           CASE No.: 14-10475CA10

     -against-

NLG, LLC                               EXHIBIT "A"

                 Defendant.

### Assignment of Judgment

In exchange for Ten Dollars ($10.00) and other valuable consideration received, receipt of which is acknowledged, I, 9197-5904 Quebec, Inc., a foreign corporation, located at 5552 Queen Mary Road suite #4 Hampstead, Quebec, H3X 1V9, Canada ("Assignor"), assigns to Selective Advisors Group,LLC , of Delaware, ("Assignee"), located at 16192 Coastal Highway Lewes, DE 19958 County of Sussex, all of Assignor's rights, entitlements, title, interests, and remedies in and to that certain judgment entered in NYC Supreme Court on February 22nd 2012 index number 101875-2012 and which Judgment was recorded on April 21, 2014 in Miami-Dade County, State of Florida , under case number 2014-10475-CA-01,

Assignor represents and warrants that the Judgment is unsatisfied and it has not been assigned, transferred, hypothecated in whole or in part to any other party outside of this Assignment.

This assignment is without recourse, and Assignor does not guarantee payment of the judgment assigned. However, Assignor does agree that it will not release or discharge this judgment, and that in the event any payment under the judgment is made to it, it will promptly transmit it to Assignee.

Dated: 04/30/2014

Assignor
9197-5904 Quebec, Inc.

By: _Raymond Houle_
RAYMOND HOULE, President

IN THE CIRCUIT COURT OF THE
11ᵀᴴ JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO. 14-10475 CA (10)

9197-5904 QUEBEC, INC.,

        Plaintiff,                                    EXHIBIT "B"

vs.

NLG, LLC,

        Defendant.

_____/

## NOTICE OF ASSIGNMENT OF JUDGMENT

Date:    May 5, 2014

TO:     NLG, LLC
       854 Pheasant Run Road
       West Chester, PA 19382

Dear Judgment Debtor:

You are hereby notified that on April 30, 2014, 9197-5904 QUEBEC, INC., has assigned and transferred to SELECTIVE ADVISORS GROUP, LLC, a Delaware Limited Liability Company, the judgment entered against you in the State of New York on February 22, 2012 and domesticated in the Eleventh Judicial Circuit of Florida, Miami-Dade County, Florida on April 21, 2014 in the above captioned matter.

Please direct any further correspondence (or payments, if applicable) to them at the following address:

Selective Advisors Group, LLC
c/o Mark D. Cohen, Esq.
Presidential Circle
4000 Hollywood Blvd., Ste, 435 So.
Hollywood, FL 33021
Office: (954) 962-1166
Fax:   (954) 962-1779
mdcohenpa@yahoo.com

Please contact us should you have any questions.  Thank you for your cooperation.

Sincerely yours,

Mark D. Cohen, Esq.
Counsel for Selective Advisors Group, LLC

# ELECTRONIC JUDGMENT LIEN CERTIFICATE

FOR PURPOSES OF FILING A JUDGMENT LIEN, THE FOLLOWING INFORMATION IS SUBMITTED IN ACCORDANCE WITH s. 55.203, F.S..

**JUDGMENT DEBTOR (DEFENDANT) NAME(S) AS SHOWN ON JUDGMENT LIEN:**

NLG, LLC
854 PHEASANT RUN ROAD
WEST CHESTER, PA. 19382
FEI#:  -        DOS DOCUMENT#: N/A

EXHIBIT "C"

**J14000718030**
**FILED**
**Jun 16, 2014 03:11 P.M.**
**Secretary of State**
MHCAIN

**JUDGMENT CREDITOR (PLAINTIFF) NAME AS SHOWN ON JUDGMENT LIEN OR CURRENT OWNER OF JUDGMENT IF ASSIGNED:**

SELECTIVE ADVISORS GROUP, LLC.
PRESIDENTIAL CIRCLE, 4000 HOLLYWOOD BLVD
SUITE 435 SO
HOLLYWOOD, FLORIDA  33309
DOS DOCUMENT#: N/A

NAME AND ADDRESS TO WHOM ACKNOWLEDGMENT/CERTIFICATION IS TO BE MAILED:

ARTHUR R. ROSENBERG
ARR@ARROSENBERG.COM

---

AMOUNT DUE ON MONEY JUDGMENT: 5,000,225.00
APPLICABLE INTEREST RATE: 9.00%
NAME OF COURT: MIAMI-DADE COUNTY -CIRUCIT CT
CASE NUMBER: 14-10475 CA 10
DATE OF ENTRY: 02/22/12
WAS A WRIT OF EXECUTION DOCKETED ON THIS JUDGMENT LIEN WITH ANY SHERIFF PRIOR TO OCTOBER 1, 2001?
    ( ) YES   (IF YES, A "CREDITOR AFFIDAVIT CERTIFICATION" FORM MUST BE ATTACHED TO THIS CERTIFICATE.)
    (X) NO

---

UNDER PENALTY OF PERJURY, I hereby certify that: (1) The judgment above described has become final and there is no stay of the judgment or its enforcement in effect; (2) All of the information set forth above is true, correct, current and complete; (3) I have not previously filed a Judgment Lien Certificate regarding the above judgment with the Department of State; and, (4) I have complied with all applicable laws in submitting this Electronic Judgment Lien Certificate for filing.

Electronic Signature of Creditor or Authorized Representative: ARTHUR R. ROSENBERG

CFN 2008R0446831 OR BK 26406 Pgs 3259 - 3260; (2pgs)
RECORDED 06/02/2008 09:16:28
HARVEY RUVIN, CLERK OF COURT, MIAMI-DADE COUNTY, FLORIDA

## IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
## IN AND FOR MIAMI DADE COUNTY, FLORIDA

### GENERAL JURISDICTION DIVISION

### CASE NO.: 07-19532 CA 11

EXHIBIT "D"

NLG, LLC, a Delaware Limited Liability Company,

    Plaintiff,

v.

ELIZABETH HAZAN,

    Defendant.

_____/

### DEFAULT FINAL JUDGMENT

This Action was considered based upon a Motion for Default Final Judgment based upon a breach of the Parties February 9, 2008 Settlement Agreement. Based upon the Settlement Agreement, the Motion for Default Final Judgment and the Affidavit of Default of Settlement Agreement filed by the Plaintiff,

*IT IS ADJUDGED THAT:*

1. The Plaintiff, NLG, LLC, 854 Pheasant Run Road, West Chester, PA, 19382, shall recover from Defendant, Elizabeth Hazan whose address is 6913 Valencia Drive, Fisher Island, Florida 33109, the sum of $1,618,071.29 that shall bear interest at the rate of 11 percent per annum until paid, for which sum let execution issue.

2. The Plaintiff, NLG, LLC, is the prevailing party in this action and is therefore awarded an entitlement to recover reasonable attorney's fees and court costs incurred in connection with this matter against the Defendant Elizabeth Hazan pursuant to the Settlement Agreement. The

1



BOOK 26406 PAGE 3260
LAST PAGE

Court reserves jurisdiction over the subject matter of this action to adjudicate the amount of

reasonable attorney's fees and court costs to be awarded to the Plaintiff, NLG, LLC.

3.    The Defendant, Elizabeth Hazan, whose address is 6913 Valencia Drive, Fisher

Island, Florida 33109, shall take nothing by this action and shall go hence without day.

DONE AND ORDERED in Chambers at Miami Dade County, Florida this _____ day of

April, 2008.                                                    APR 2 8 2008

_____
CIRCUIT COURT JUDGE

ROBERT N. SCOLA, JR.

Conformed copies to:

Christopher M. David, Esq.
Michael W. Simon, Esq.

STATE OF FLORIDA, COUNTY OF MIAMI-DADE

I hereby certify that the foregoing is a true and
correct copy of the original on file in this
office _____ AD _____

HARVEY RUVIN, CLERK
Circuit and County Court                    (SEAL)

Deputy Clerk

2

EXHIBIT "E"

## JUDGMENT LIEN CERTIFICATE

FOR PURPOSES OF FILING A JUDGMENT LIEN, THE FOLLOWING INFORMATION
IS SUBMITTED IN ACCORDANCE WITH s. 55.203, FLORIDA STATUTES.

1.  JUDGMENT DEBTOR (DEFENDANT) NAME AS SHOWN ON JUDGMENT, IF AN INDIVIDUAL, IS:

    HAZAN *(LAST NAME)*        ELIZABETH *(FIRST NAME)*    M.I

    6913 VALENCIA DRIVE *(MAILING ADDRESS)*

    FISHER ISLAND *(CITY)*    FL *(ST)*    33109 *(ZIP)*

2.  ADDITIONAL JUDGMENT DEBTOR, IF AN INDIVIDUAL, IS:

    *(LAST NAME)*        *(FIRST NAME)*    M.I

    *(MAILING ADDRESS)*

    *(CITY)*    *(ST)*    *(ZIP)*

3.  JUDGMENT DEBTOR (DEFENDANT) NAME AS SHOWN ON JUDGMENT, IF A BUSINESS ENTITY, IS:

    *(BUSINESS ENTITY NAME)*

    *(MAILING ADDRESS)*

    *(CITY)*    *(ST)*    *(ZIP)*

4.  FEDERAL EMPLOYER IDENTIFICATION NUMBER:

5.  DEPARTMENT OF STATE DOCUMENT FILE NUMBER:

    PLEASE CHECK BOX IF DOCUMENT NUMBER IS NOT APPLICABLE ☐

6.  JUDGMENT CREDITOR (PLAINTIFF) NAME AS SHOWN ON JUDGMENT OR CURRENT OWNER OF JUDGMENT, IF ASSIGNED:

    NL6, LLC *(CREDITOR NAME(S))*

    854 PHEASANT RUN RD *(MAILING ADDRESS)*

    WEST CHESTER *(CITY)*    PA *(ST)*    19382 *(ZIP)*

7.  DEPARTMENT OF STATE DOCUMENT FILE NUMBER:

    PLEASE CHECK BOX IF DOCUMENT NUMBER IS NOT APPLICABLE ☒

8.  OWNER'S ATTORNEY OR AUTHORIZED REPRESENTATIVE: (ACKNOWLEDGMENT OF FILING WILL BE SENT TO THIS ADDRESS):

    CHRISTOPHER DAVID OF DAVID & JOSEPH *(NAME)*

    1001 BRICKELL BAY DR SUITE 2002 *(MAILING ADDRESS)*

    MIAMI *(CITY)*    FL *(ST)*    33131 *(ZIP)*

9.  AMOUNT DUE ON MONEY JUDGMENT: $1,618,071.29

10. APPLICABLE STATUTORY INTEREST RATE: 11%

DO NOT PHOTOCOPY THIS FORM PRIOR TO USE.
BAR CODE MUST BE LEGIBLE.

20001402

## J08900007653
## FILED
## May 27, 2008 8:00 am
## Secretary of State

05-01-2008 90160 031 ****40.00

THIS SPACE FOR USE BY FILING OFFICER

11. NAME OF COURT: 11TH JUDICIAL CIRCUIT MIAMI DADE COUNTY

12. CASE NUMBER: 07-19532 CA11

13. DATE OF ENTRY: 04-28-2008 *(MONTH DAY YEAR)*

UNDER PENALTY OF PERJURY, I hereby certify that: (1) The judgment above described has become final and there is no stay of the judgment or its enforcement in effect; (2) All of the information set forth above is true, correct, current and complete; (3) I have not previously filed a Judgment Lien Certificate regarding the above judgment with the Department of State; and, (4) I have complied with all applicable laws in submitting this Judgment Lien Certificate for filing.

_____    CHRIS KOSACHUK
SIGNATURE OF CREDITOR OR AUTHORIZED REPRESENTATIVE        *(FIRST NAME)*

NON-REFUNDABLE PROCESSING FEE:

JUDGMENT LIEN WITH ONE DEBTOR $ 20.00        EACH ADDITIONAL DEBTOR  $ 5.00
EACH ATTACHED PAGE, IF NECESSARY $ 5.00        (NO CHARGE FOR CREDITOR AFFIDAVIT)

CERTIFIED COPY REQUESTED $ 10.00 ☒

Division of Corporations • P.O. Box 6250 • Tallahassee, Fl 32314 • 850-656-7463

CR2E04 (04/05)

EXHIBIT "F"

# ELECTRONIC SECOND JUDGMENT LIEN CERTIFICATE

FOR PURPOSES OF FILING A SECOND JUDGMENT LIEN, THE FOLLOWING INFORMATION IS SUBMITTED IN ACCORDANCE WITH s. 55.204, FLORIDA STATUTES. THIS SECOND JUDGMENT LIEN IS A NEW LIEN AND NOT A CONTINUATION OF THE ORIGINAL LIEN.

FILE NUMBER ASSIGNED TO THE RECORD OF THE ORIGINAL JUDGMENT LIEN CERTIFICATE: J08900007653
DATE FILED WITH DEPARTMENT OF STATE: 05/27/08
JUDGMENT DEBTOR (DEFENDANT) NAME(S) AS SHOWN ON JUDGMENT LIEN:

    HAZAN, ELIZABETH
    6913 VALENCIA DRIVE
    FISHER ISLAND, FL. 33109

**J13001162651**
**FILED**
**Jul 01, 2013 10:29 A.M.**
**Secretary of State**
MHCAIN

JUDGMENT CREDITOR (PLAINTIFF) NAME AS SHOWN ON JUDGMENT LIEN OR CURRENT OWNER OF JUDGMENT IF ASSIGNED:

    NLG, LLC
    854 PHEASANT RUN ROAD
    WEST CHESTER, PA 19382
    DOS DOCUMENT#: N/A

NAME AND ADDRESS TO WHOM ACKNOWLEDGMENT/CERTIFICATION IS TO BE MAILED:

    CHRIS KOSACHUK
    CHRISKOSACHUK@GMAIL.COM

MONEY AMOUNT REMAINING UNPAID: 3,749,569.51
INTEREST RATE: 24.00%
INTEREST ACCRUED AMOUNT: 2,011,905.41
NAME OF COURT: 11 JUD CIR MIAMI DADE CTY
CASE NUMBER: 07-19532 CA 11
DATE OF ENTRY: 04/28/08

UNDER PENALTY OF PERJURY, I hereby certify that: (1) The judgment above described has become final and there is no stay of the judgment or its enforcement in effect; (2) All of the information set forth above is true, correct, current and complete; (3) I have complied with all applicable laws in submitting this Electronic Second Judgment Lien Certificate for filing.

Electronic Signature of Creditor or Authorized Representative: CHRIS KOSACHUK

EXHIBIT 3

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO. 14-10475 CA (10)

SELECTIVE ADVISORS GROUP, LLC,
AS ASSIGNEE OF 9197-5904
QUEBEC, INC.,

      Plaintiff,

vs.

NLG, LLC, a Delaware Limited
Liability Company,

      Defendant,

and

ELIZABETH HAZAN

      Additional Defendant.

_____/

## ORDER GRANTING
## PLAINTIFF'S MOTION FOR PROCEEDINGS SUPPLEMENTARY
## AND FOR ORDER IMPLEADING THIRD PARTY

THIS CAUSE having come on for hearing on August 12, 2014, and August 15, 2014, on the Plaintiff's Motion for Proceedings Supplementary, etc., and the court having examined the court file, including the unrebutted affidavit filed on behalf of the Plaintiff on July 2, 2014, having taken judicial notice of the judgments and lien certificates referenced below, and having heard arguments of counsel, makes the following finds of fact and conclusions of law:

## FINDINGS OF FACT

1. On April 28, 2008, a default final judgment was entered under Case No. 07-19532-CA-11 in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, in favor of NLG, LLC, and against ELIZABETH HAZAN in the amount of $1,618,071.29, plus interest at the statutory rate of 11 percent per annum. ("Hazan

Final Judgment"). The judgment was recorded on May 2, 2008 at Book Number 26357, Pages 3948-3949, Document Number 20080361591 and re-recorded on June 2, 2008 at Book Number 26406, Pages 3259-3260, Document Number 2008R0446831.

2. A judgment lien certificate evidencing said judgment was filed with the Florida Secretary of State on May 27, 2008, under document filing number J08900007653.

3. A second judgment lien certificate evidencing said judgment was filed with the Florida Secretary of State on July 1, 2013, under document filing number J13001162651. The "money amount remaining unpaid" listed on the second judgment lien certificate is $3,749,569.51. Said amount seems to be based on an interest rate of 24 percent instead of the 11 percent judgment rate.

4. On February 22, 2012, 9197-5904 QUEBEC, INC., a foreign corporation, obtained a judgment against the Defendant, NLG, LLC, a Delaware Limited Liability Company, in New York State Supreme Court, County of New York, index number 101875-2012. Said judgment was domesticated and recorded on April 21, 2014, in Miami-Dade County, State of Florida, under the above-stated case number. Document number 2014R0298781, Book number 29124, pages 4766-4772.

5. On April 30, 2014, the subject judgment was assigned to the Plaintiff by 9197-5904 QUEBEC, INC., requiring the Defendant to pay the Plaintiff the sum of $5,000,225.00, plus statutory interest. The assignment was recorded at Book Number 29137, Pages 3128-3131, Document Number 2014R0322571.

6. A judgment lien certificate evidencing said judgment was filed with the Florida Secretary of State on June 16, 2014, under document filing number J14000718030.

7. The Plaintiff is entitled to step in the shoes of NLG, LLC with respect to the claims, rights, and benefits held by NLG, LLC, so as to be entitled to recover all proceeds attributable to the Hazan Final Judgment against ELIZABETH HAZAN, with

NLG, LLC receiving a credit for all sums so received.

   8. The execution is valid and remains outstanding.

### CONCLUSIONS OF LAW

   1.  The Court orders that the Hazan Final Judgment held by NLG, LLC against ELIZABETH HAZAN, ("Hazan Final Judgment") and all of NLG, LLC's rights, claims and benefits held against ELIZABETH HAZAN are hereby judicially assigned to the Plaintiff-Assignee, SELECTIVE ADVISORS GROUP, LLC, a Delaware Limited Liability Company.

   2.  Plaintiff-Assignee, SELECTIVE ADVISORS GROUP, LLC, shall stand in the shoes of NLG, LLC with respect to all claims, rights, and benefits held by NLG, LLC, so as to entitle it to recover all proceeds attributable to said judgment against additional Defendant, ELIZABETH HAZAN, with NLG, LLC receiving credit for all sums so received.

   3.  Plaintiff, SELECTIVE ADVISORS GROUP, LLC, shall give a credit to Defendant, NLG, LLC, in the sum of $2,746,953.34, which amount includes principal and interest through August 31, 2014 at the 11% judgment amount without prejudice to Defendant establishing at further hearing why the credited amount should be greater.

   DONE AND ORDERED in Chambers at Miami-Dade County, Florida, on 08/20/14.

PETER R. LOPEZ
CIRCUIT COURT JUDGE

No Further Judicial Action Required on **THIS**
**MOTION**
CLERK TO **RECLOSE** CASE **IF** POST
**JUDGMENT**

The parties served with this Order are indicated in the accompanying 11th Circuit email confirmation which includes all emails provided by the submitter.  The movant shall IMMEDIATELY serve a true and correct copy of this Order, by mail, facsimile, email or hand-delivery, to all parties/counsel of record for whom service is not indicated by the accompanying 11th Circuit confirmation, and file proof of service with the Clerk of Court.

Signed original order sent electronically to the Clerk of Courts for filing in the Court file.


Copies furnished to:
Mark D. Cohen, Esq.
Megan Wells, Esq.

EXHIBIT 4



**ORDERED in the Southern District of Florida on October 31, 2017.**

**A. Jay Cristol, Judge**
**United States Bankruptcy Court**

---

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA

In re:

LIZA HAZAN,                                    CASE NO. 16-10389-BKC-AJC
a/k/a ELIZABETH HAZAN

    Debtor.                              CHAPTER 11

_____/

LIZA HAZAN a/k/a ELIZABETH HAZAN
and SELECTIVE ADVISORS GROUP, LLC,            ADV. NO. 16-1439-BKC-AJC-A

    Plaintiffs,

vs.

NLG, LLC

    Defendant.

_____/

### FINAL JUDGMENT ON COUNTS I, II AND III OF PLAINTIFFS' THIRD AMENDED COMPLAINT DETERMINING VALIDITY, PRIORITY AND EXTENT OF LIENS AND SETTING TRIAL ON COUNTS IV THROUGH IX

**THIS CAUSE** came before the Court for trial on July 13, 2017 at 10:00 a.m., upon

Plaintiffs, Selective Advisors Group, LLC ("Selective") and Liza Hazan a/k/a Elizabeth Hazan's Third Amended Complaint and Defendant, NLG, LLC's Counterclaim. Selective commenced this Adversary Proceeding against NLG, LLC ("NLG") on August 21, 2016, seeking a determination of the nature and extent of its claimed lien, if any. Debtor joined the adversary proceeding against NLG on October 21, 2016. The Third Amended Complaint was deemed the operative Complaint by Order entered January 23, 2017, and NLG filed an Amended Answer and Counterclaim on May 17, 2017. In its Counterclaim, NLG also seeks a determination of the nature and extent of its claimed lien and that its late filed claim be allowed as a timely filed claim. Plaintiffs seek a determination that NLG has no remaining claim against this Debtor and no standing to participate in this case.

The Court having reviewed the file, the documentary evidence and exhibits, having heard the testimony of witnesses and argument of counsel, finds and concludes as follows.

### A. **Background**

Ms. Hazan is the owner of her homestead residence located at 6913 Valencia Drive, Fisher Island, Florida (the "Property"). She purchased the Property on March 7, 2007 from NLG. Chris Kosachuk is the manager and representative of NLG. For nearly a decade, Kosachuk and NLG have litigated with Debtor in multiple courts and in several jurisdictions. The various courts have entered final orders setting forth the rights and obligations of Ms. Hazan, NLG, and Selective.

All interested parties to the various controversies are now before this Court and subject to its jurisdiction. This Court is not an appellate court for any of the other courts; thus, full faith and credit must be given to all of the final judgments and orders entered in the other courts as those judgments have become final and not subject to appeal.

There have been claims or assertions that some of these other court decisions are erroneous.

However, when the decisions or judgments of those courts became final and not subject to further appeal, those decisions or judgments became the law of the respective case and not subject to further review by this Court. While arguments have been made to accept one or more of the prior judgments and ignore others, those arguments are not persuasive and this Court will attempt to determine the rights of the parties by giving full faith and credit to all of the final orders and judgments.

**State Court Proceedings**

NLG's claim against Debtor arises from a promissory note (the "Note") (Exhibit 1) and mortgage (the "Mortgage") (Exhibit 2) on the Property, recorded in April 2007 in the original amount of $1,275,000.00. In June 2007, NLG sued Debtor for an alleged breach of the Note, in Miami-Dade Circuit Court, Case No. 07-19532 CA 11 (Exhibit 3). On April 28, 2008, Circuit Judge Robert N. Scola Jr. entered a Default Final Judgment on the Note (the "Scola Judgment") against Ms. Hazan in the amount of $1,618,071.29 with 11% interest per annum (Exhibit 4). NLG moved to domesticate the Scola Judgment in New York and litigation followed in the New York Supreme Court.

In December 2011, NLG filed a second lawsuit, Case No. 11-42770 CA (01), in Miami–Dade Circuit Court seeking to foreclose on the Mortgage (Exhibit 5). On February 8, 2013, the trial court judge, Judge Spencer Eig, ruled that NLG had made an election of remedies by first suing on the alleged breach of the Note, and obtaining a judgment thereon. As such, Judge Eig precluded NLG from foreclosing on the Mortgage (Exhibit 6). NLG appealed that decision to the Third District Court of Appeal.

On April 30, 2014, while the Eig Order was on appeal to the Third District Court of Appeal, Plaintiff Selective acquired a 2012 New York judgment against NLG [and in favor of 9197-5904 Quebec, Inc.] and recorded the foreign judgment in Miami-Dade County, Florida in Case No.14-10475 CA (10) assigned to Circuit Court Judge Peter Lopez (the "Quebec Judgment"). NLG filed a

Motion to Quash the recording of the New York judgment against it in Florida. However, after NLG

failed to post a bond as ordered, Judge Lopez denied NLG's motion to quash on June 16, 2014, finding

that Plaintiff Selective has the right to enforce and collect on their foreign judgment, the

$5,000,225.00 Quebec Judgment.

Thereafter, on July 2, 2014, Selective, as owner of the then-domesticated foreign judgment,

the Quebec Judgment, brought proceedings supplementary in Case No.14-10475 CA (10) specifically

to seize and attach NLG's judgment against Hazan (the Scola Judgment) for the purpose of partially

satisfying the Quebec Judgment. Circuit Judge Lopez heard the Proceedings Supplementary Motion

on August 12, 2014 and August 15, 2014, and entered an Order on August 20, 2014, judicially

assigning to Selective the Scola Judgment against Debtor (the "Lopez Assignment Order"). The

Lopez Assignment Order states in pertinent part:

> 1.     The Court orders that the Hazan Final Judgment held by NLG, LLC, against
> Elizabeth Hazan, ("Hazan Final Judgment") and all of NLG, LLC's rights, claims and
> benefits held against Elizabeth Hazan are hereby judicially assigned to the Plaintiff-
> Assignee, SELECTIVE ADVISORS GROUP, LLC, a Delaware Limited Liability
> Company.
>
> 2.     Plaintiff-Assignee, SELECTIVE ADVISORS GROUP, LLC shall stand in
> the shoes of NLG, LLC with respect to all claims, rights, and benefits held by NLG,
> LLC so as to entitle it to recover all proceeds attributable to said judgment against
> additional Defendant, Elizabeth Hazan, with NLG, LLC receiving credit for all sums
> so received.
>
> 3.     Plaintiff, SELECTIVE ADVISORS GROUP, LLC shall give a credit to
> Defendant NLG, LLC in the sum of $2,746,953.34 which amount includes principal
> and interest through August 31, 2014 at the 11% judgment amount **without prejudice
> to Defendant establishing at further hearing why the credited amount should be
> greater**.

Exhibit 8 (emphasis added).

At trial, NLG argued that the Scola Judgment was the subject of an appeal at the time of the

assignment, and therefore could not have been judicially assigned by Judge Lopez. However, Judge

Lopez actually addressed and dismissed that argument when he denied NLG's motion to reconsider

the Order of assignment of the Scola Judgment to Selective:

> Okay, so I assigned your interest in it to them (Selective), which had nothing to do with what's going on up on appeal. . . .

> That judgment that I assigned to them (Selective) or that interest in that judgment was up on appeal. I didn't affect the validity of what's up on appeal. I just said, if you win or lose, whatever happens, now, these people own it instead of you. The Third came back and said, too bad, you get to foreclose, they now own that judgment or note if that's what merged into it, they (Selective) get to go and foreclose.

Exhibit 22, Tr page 24 lines 3-5; Tr page 26 Lines 3-12. Judge Lopez's Orders are final.

**Satisfaction and Payment of the Scola Judgment**

On August 20 and 21, 2014, Selective filed a satisfaction of the Scola Judgment and the

Mortgage (Exhibit 9). Selective gave credit to NLG towards the Quebec Judgment. According to the

Electronic Judgment Lien Amendment Statement filed on September 5, 2014 with the Florida

Secretary of State (Exhibit 14), it appears NLG was given credit in the amount of the Scola Judgment,

or $1,618,071.29, without credit for interest thereon. The Lopez Assignment Order specifically

determined that $2,746,953.34 was the correct sum to be credited to NLG for the Scola Judgment, as

that amount includes interest from April 28, 2008 through August 31, 2014. **The Lopez Assignment

Order also left open the possibility of an increase in that amount, should same be proven at a

further hearing**.

The Lopez Assignment Order was never vacated or set aside, and the decision remains the

law of the case.

In the New York lawsuit by NLG against the Debtor, Selective proceeded to intervene. Judge

Barbara Jaffe of the New York Supreme Court entered a Decision and Order on October 30, 2014

recognizing Selective's assignment of the Scola Judgment pursuant to the Lopez Assignment Order.

In that case, the court ordered the caption of the New York case be changed to reflect the substitution

of Selective Advisors Group, LLC as the proper party, in place of NLG, LLC (Exhibit 18). The court

also directed the Clerk to accept for filing the Order of assignment "judicially assigning the underlying

Florida judgment from plaintiff to Selective", and strike all NLG's judgments of record against Ms.

Hazan. On November 13, 2014, Judge Jaffe dismissed NLG's lawsuit against Elizabeth Hazan, ruling

as follows:

> Given the satisfaction of Judgment in the underlying action under index #101288/2013,
> as reflected in my Decision and Order dated October 30, 2014, defendant's motion to
> dismiss the proceeding is granted and the proceeding is dismissed. The clerk is directed to
> enter judgment accordingly.

Exhibit 19.

### The Third District Court of Appeal Opinion and the Gordo Foreclosure Judgment

On September 3, 2014, the Third District Court of Appeal reversed Judge Eig on the issue of

election of remedies and held that foreclosure could proceed on the Mortgage (Exhibit 12). Circuit

Judge Monica Gordo, by that time having replaced Judge Eig in the division, then entered a

foreclosure judgment in favor of NLG, despite the judicial assignment of NLG's interests in the Note

and Mortgage to Selective (the "Gordo Foreclosure Judgment"). Notwithstanding the various court

rulings recognizing the judicial assignment of the Scola Judgment to Selective, Judge Gordo entered

a Final Judgment of Foreclosure in favor of NLG on December 4, 2015 (Exhibit 21). The Gordo

Foreclosure Judgment determined NLG, LLC was entitled to the grand total sum of $4,876,654.29

and set a sale for January 12, 2016.

However, on January 11, 2016, the Debtor filed for Chapter 11 bankruptcy protection and

the sale was stayed.

### B. Legal Analysis

Plaintiffs contend that Judge Lopez judicially assigned to Selective the Scola Judgment,

together with all the rights and claims thereunder, which includes the right to enforce the Mortgage,

leaving NLG with no enforceable mortgage, lien, or claim in this bankruptcy case. NLG takes the position that, notwithstanding the judicial assignment of the Scola Judgment on the Note, NLG retained the right to foreclose on the Mortgage. NLG asks the Court to limit its review to only one out of the many rulings entered in the ten-year history of litigation between the parties. It asks the Court to look only to the Gordo Foreclosure Judgment, contending that Judge Gordo resolved all issues in NLG's favor.

After reviewing the history of the proceedings between the parties, it is evident the Gordo Foreclosure Judgment does not resolve all issues in NLG's favor. The Scola Judgment, the Lopez Assignment Order, and the Gordo Foreclosure Judgment all control this Court's decision going forward. The Scola Judgment established Debtor's liability to NLG on the Note. The Scola Judgment, and consequently the Mortgage, were assigned to Selective by the Lopez Assignment Order, and were thereafter satisfied. Finally, by the Gordo Foreclosure Judgment, NLG, LLC established its entitlement to a greater credit for the judicial assignment of the Note and Mortgage. Moreover, any interest NLG may have had in the Mortgage by virtue of the Gordo Foreclosure Judgment is/was extinguished upon redemption by the Debtor and satisfaction.

The Scola Judgment awarded NLG, LLC $1,618,071.29 against the Debtor for Debtor's breach of the Note.

In 2014, after entry of the Scola Judgment, Selective acquired a $5,000,225 judgment against NLG, LLC, the Quebec Judgment. (Although NLG argued that the Quebec Judgment was erroneous or invalid, it is a final judgment not subject to appeal.) Selective domesticated the Quebec Judgment in state court, before Judge Lopez, and the order domesticating the judgment has become final and non-appealable. Thereafter, the Lopez Assignment Order was entered, judicially assigning the Scola Judgment to Selective [in partial satisfaction of the Quebec

Judgment] and determining the value of the Scola Judgment to be $2,746,953.34, inclusive of interest. The Lopez Assignment Order judicially assigns the Scola Judgment to Selective, together with all the rights and claims thereunder.

Because ownership of the Mortgage follows the Note, in the absence of a contrary intention, Selective, who owns and holds the Note, therefore has standing to foreclose the Mortgage.

> It has frequently been held that a mortgage is but an incident to the debt, the payments of which it secures, and its ownership follows the assignment of the debt. If the note or other debt secured by the mortgage be transferred without any formal assignment of the mortgage, or even a delivery of it, the mortgage in equity passes as an incident to the debt, unless there be some plain and clear agreement to the contrary, if that be the intention of the parties.

*Taylor v. Bayview Loan Servicing, LLC*, 74 So.3d 1115, 1117-18 (Fla. 2d DCA 2011). Under Florida law, "[a] crucial element in any mortgage foreclosure proceeding is that the party seeking foreclosure must demonstrate that it has standing to foreclose" [the subject note and subject mortgage when the complaint is filed]. *McLean v. JPMorgan Chase Bank Nat'l Ass'n*, 79 So.3d 170, 173 (Fla. 4th DCA 2012). "Standing may be established by either an assignment or an equitable transfer of the mortgage prior to the filing of the complaint." *Id.* NLG has not demonstrated that it owns and holds the Note and Mortgage in question. *Verizzo v. Bank of N.Y.*, 28 So.3d 976, 978 (Fla. 2d DCA 2010). Here, NLG's interest in the Note, as evidenced by the Scola Judgment, was assigned by Judge Lopez to Selective. NLG no longer holds the right to enforce the Note or the Scola Judgment entered on the Note. See, Trial Transcript Page 27 lines 3-11. There being no evidence presented to support the position that the parties did not intend for the Mortgage to follow the Note, the Mortgage did indeed follow the assignment of the Note in this case. The Note having been judicially assigned to Selective, Selective has standing to foreclose the Mortgage and, upon assignment, NLG had no further right to foreclose the Mortgage. When Judge Lopez assigned the Scola Judgment to

Selective, Selective stepped into the shoes of NLG, acquiring standing to foreclose on the Note and Mortgage.

The public records for Miami-Dade County, Florida reflect that the Scola Judgment and the Mortgage were both satisfied in August 2014. NLG was given credit by Selective for the debt remaining under the Scola Judgment and Mortgage, in partial satisfaction of the domesticated Quebec Judgment. It appears that credit may not have been finally determined, as discussed further herein.

Notwithstanding the judicial assignment to Selective and subsequent satisfactions, in November 2014, the Third District Court of Appeal, presumably unaware of the assignment and satisfactions, entered an opinion reversing the Eig Order and permitting foreclosure of the Mortgage. Following the mandate, Judge Gordo entered the Gordo Foreclosure Judgment in December 2015. The Gordo Foreclosure Judgment determined NLG is entitled to $4,876,654.29 under the Note and Mortgage. The Court is advised Selective tried to intervene in the case but Judge Gordo did not allow intervention. This Court was not informed as to why Selective did not otherwise intervene in the appeal of the Eig Order and advise the Third District Court of Appeal that Selective was assigned the Note and Mortgage and that the Note and Mortgage were satisfied months before the Third District Court Appeal issued its opinion reversing the Eig Order.

Thus, it initially appears there may be a conflict between the Lopez Assignment Order, assigning ownership of the Note and Mortgage on the Property to Selective, and the Gordo Foreclosure Judgment, granting foreclosure of the Property in favor of NLG as Plaintiff instead of in favor of Selective. However, this conflict has been overcome by events.

Giving full faith and credit to the Lopez Assignment Order, NLG's rights in the Scola Judgment were assigned to Selective, after Judge Lopez concluded that the assignment of the Scola

Judgment to Selective had no relevance to the issues on appeal. (Exhibit 22, Tr. 26:3-11). The Lopez Assignment Order establishes that NLG, LLC is entitled to $2,746,953.34 for the assignment, "which amount includes principal and interest [on the Note] through August 31, 2014 at the 11% judgment amount *without prejudice to [NLG] establishing at further hearing why the credited amount should be greater*." (Emphasis added.) Giving full faith and credit to the Gordo Foreclosure Judgment, NLG established its entitlement to a greater credit than that in the Lopez Assignment Order, in the grand total sum of $4,876,654.29. The Gordo Foreclosure Judgment also granted NLG the right to foreclose, but allowed the Debtor to redeem the Property up until the time of the sale. Thus, notwithstanding the right to foreclose, no sale took place, and the Debtor's right to redeem remains alive and well.

NLG argued at trial that Selective is collaterally estopped from asserting its interest in the Mortgage. "However, in collateral estoppel the 'precise fact' or 'every point and question' on the issue must have been decided". *Chandler v. Chandler,* 226 So.2d 697 (Fla. 4th DCA 1969) citing *Gordon v. Gordon,* 59 So.2d at 45 (Fla.1952). Here, Selective sought to intervene in the Gordo foreclosure lawsuit to raise its unique issues of law and fact relative to the assignment of the Mortgage rights and the right to intervene was denied to Selective. "[I]f there is any doubt as to whether a litigant has had his day in court such doubt must be resolved in favor of the full consideration of the substantive issues of the litigation". *Brown v. R.J. Reynolds Tobacco Co.,* 611 F.3d 1324 (11th Cir. 2010). The evidence and testimony presented at trial demonstrate that Selective was not a party to the Gordo case and therefore is not barred by res judicata or collateral estoppel from asserting its rights under the Note and Mortgage.

However, even assuming that the Gordo Foreclosure Judgment authorized NLG, *and not Selective,* to foreclose the Mortgage, the foreclosure sale never took place because Debtor filed

this bankruptcy case, staying the sale pursuant to 11 U.S.C. §362. The Debtor redeemed the

Property prior to a foreclosure sale being conducted and certificate of sale being issued, thereby

satisfying the Gordo Foreclosure Judgment. In paragraph 4 of the Gordo Foreclosure Judgment,

the state court judge set a foreclosure sale date, subject to paragraph 6 therein. Paragraph 6 of the

Gordo Foreclosure Judgment states:

> **Right of Redemption.** On filing of the Certificate of Sale, defendant's right of redemption as proscribed by Florida Statute, Section 45.0315 shall be terminated.

Section 45.0135, Fla. Stats., provides:

> At any time before the later of the filing of a certificate of sale by the clerk of the court or the time specified in the judgment, order, or decree of foreclosure, the mortgagor or the holder of any subordinate interest may cure the mortgagor's indebtedness and prevent a foreclosure sale by paying the amount of moneys specified in the judgment, order, or decree of foreclosure, or if no judgment, order, or decree of foreclosure has been rendered, by tendering the performance due under the security agreement, including any amounts due because of the exercise of a right to accelerate, plus the reasonable expenses of proceeding to foreclosure incurred to the time of tender, including reasonable attorney's fees of the creditor. Otherwise, there is no right of redemption.

Until the certificate of sale issued, the Debtor retained her right of redemption, regardless of the

identity of the mortgagee. Consistent with her rights under the Gordo Foreclosure Judgment and as

provided by statute, the Debtor in fact redeemed the Property prior to a foreclosure sale, by satisfying

the Note and Mortgage, and by Selective providing NLG credit for payment of the Note and Mortgage

to partially satisfy NLG's debt to Selective by virtue of the Quebec Judgment.

The amount of the credit provided to NLG should be the greater amount established by the

Gordo Foreclosure Judgment. Although the Scola Judgment determined the debt on the Note to be

$1,618,071.29, the Lopez Assignment Order increased the amount owed to NLG by the Debtor to

$2,746,953.34. The Gordo Foreclosure Judgment ultimately established that NLG was entitled to

$4,876,654.29 for the Note and Mortgage. While the $4,876,654.29 amount may be disputed, the

Court must give full faith and credit to the Gordo Foreclosure Judgment and will therefore view the amount determined in that judgment to be the greater amount NLG established it was owed on account of the Note and Mortgage, *as the Lopez Assignment Order allowed*.

It appears from the Electronic Judgment Lien Amendment Statement (Exhibit 14) that NLG was given credit only for the amount indicated in the Scola Judgment, or $1,618,071.29. It was not credited with the amount indicated in the Lopez Assignment Order of $2,746,953.34 (which included interest on the Scola Judgment), nor was it credited with the amount indicated in the Gordo Foreclosure Judgment, $4,876,654.29. However, at the time of trial, the parties' rights were already determined by all those orders. Before any credits, Selective was owed $5,000,225.00 from NLG on account of the Quebec Judgment, and NLG was owed $4,876,654.29 from Hazan on account of the Note and Mortgage pursuant to the Gordo Final Judgment. Honoring the Gordo Foreclosure Judgment, NLG must be credited for the full amount of the judgment, $4,876,654.29, whether that amount is lesser or not, for the assignment of the Note and Mortgage and satisfactions, leaving the Mortgage redeemed and Selective with a judgment against NLG in the remaining amount of $123,570.71. Whether the various satisfactions and other documents filed by Selective waive Selective's right to collect any further balance is an issue between Selective and NLG.

**Conclusion**

The Scola Judgment obtained by NLG against the Debtor, and all rights, claims and benefits held by NLG against Debtor related to said judgment, were judicially assigned to Selective pursuant to the Lopez Assignment Order, and the right to foreclose the Mortgage securing the debt traveled to the assignee Selective. Although NLG's right to foreclose against Hazan, as established by the Third District Court of Appeal, had been assigned to Selective, the Gordo Foreclosure Judgment granted NLG the right to foreclose. Assuming the validity of the Gordo Foreclosure

Judgment, the Debtor exercised her right to redeem the Property by satisfying said judgment prior to the foreclosure sale. Satisfactions of the Note and Mortgage are recorded in the official records and several courts have recognized that Debtor's debt to NLG has been paid, including the New York State Supreme Court, wherein Judge Jaffe found that NLG's judgment on the Note, the Scola Judgment, was judicially assigned to Selective and was thereafter satisfied. Upon satisfaction, NLG was credited by Selective for the Scola Judgment and Mortgage to partially satisfy NLG's debt to Selective under the domesticated Quebec Judgment.

The Court believes that credit should, however, be adjusted to reflect the amounts determined to be due and owing by the Gordo Foreclosure Judgment. NLG was owed $4,876,654.29 from Hazan on account of the Note and Mortgage, pursuant to the Gordo Final Judgment. Giving full faith and credit to the Gordo Foreclosure Judgment and viewing the amount determined in the judgment to be the greater amount NLG established it was owed for the Note and Mortgage pursuant to the Lopez Assignment Order, Selective should give credit to NLG for $4,876,654.29, which credit will leave the Mortgage redeemed.

This Court concludes that NLG has no further rights to any claims against Debtor with respect to the Note and Mortgage, as the public records of Miami-Dade County reflect that the Scola Judgment and consequently the Mortgage were assigned and satisfied, and the Property fully redeemed prior to foreclosure sale, as provided in the Gordo Foreclosure Judgment. NLG's Proof of Claim #17, having been filed after the bar date, it is disallowed and the Court finds that NLG has no standing in this case based upon the Note, Mortgage, claim or lien emanating therefrom. Accordingly, it is

ORDERED and ADJUDGED that Counts I, II and III of Plaintiffs' Third Amended Complaint and NLG's Amended Counterclaim are **GRANTED IN PART** and **DENIED IN PART**

as follows:

1.      NLG, LLC's judgment on the promissory note, the Scola Judgment, recorded at Book 26406, Page 3259-3260, CFN2008R0446831, also recorded at Book 26357 Pages 3948-3949 CFN20080361591, the Note and the Mortgage recorded at Book 25559 Pages 4266-4272 CFN2007R0410013, NLG, LLC's foreclosure Judgment entered in favor of NLG and against Elizabeth Hazan on December 4, 2015, the Gordo Foreclosure Judgment, recorded at Book 29902 Pages 3737-3742 CFN 20150812181 affecting Debtor's homestead Property known as 6913 Valencia Drive, Miami, Florida 33109 with the following legal description:

> LOT 7, Block 2, LINDISFARNE ON FISHER ISLAND SECTION 10 according to the Plat thereof, recorded in PLAT Book 157, Page 64, of the Public Records of Miami-Dade County, Florida

have been satisfied and paid, and are deemed **SATISFIED OF RECORD**, and Debtor has good title to said Property against the claims or purported claims by, through, under, or against it by NLG, LLC and the title to the Property is forever quieted as to all claims of NLG, LLC.

2.      Selective shall give credit to NLG, LLC in the amount of $4,876,654.29 toward NLG's outstanding debt due to Selective pursuant to the Quebec Judgment.

3.      NLG's Proof of Claim #17 is disallowed and NLG, LLC has no claim against the Debtor, Liza Hazan a/k/a Elizabeth Hazan, under the Note, Mortgage or any court order.

4.      Counts IV, V, VI, VII, VIII, and IX of Plaintiff's Third Amended Complaint are set for trial by separate order.

# # #

Copy to:
DAVID W. LANGLEY
*Attorney for Debtor*
8551 W. Sunrise Boulevard, Suite 303
Plantation, Florida 33322
Telephone: 954-356-0450
Facsimile: 954-356-0451

Email: dave@flalawyer.com
Florida Bar No. 348279

Attorney Langley is directed to serve a copy of this Final Judgment on all interested parties and to
file a Certificate of Service with the Court.

EXHIBIT 5

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No.: 158379/2022

In the Matter of:

CHRIS KOSACHUK,

                Petitioner,

    - against -

9197-5904 QUEBEC, INC &
SELECTIVE ADVISOR GROUP, LLC, F/K/A
SELECTIVE ADVISORS GROUP, LLC
a Delaware Limited Liability Company,

                Respondents.

**JUDGMENT**

        PURSUANT TO the ORDERS of Hon. Lucy Billings, J.S.C., dated and signed June 16, 2023 and filed in the Office of the Clerk of New York County on July 5, 2023, said Orders annexed hereto and incorporated hereby as Exhibit A,

        IT IS ORDERED and ADJUDGED that the Respondents have judgment and recover of the Petitioner, CHRIS KOSACHUK, who address is 854 Pheasant Run Road, West Chester, PA 19382-8144, the amount of Fifteen Thousand ($15,000.00) Dollars, plus statutory interest at nine (9%) percent per annum from July 5, 2023 in the amount of $_____ plus costs and disbursements (waived), for a total sum of $_____ and that the Respondents, 9197-5904 QUEBEC, INC. and SELECTIVE ADVISOR GROUP, LLC, shall have execution therefore.

Dated: December _____, 2024

                E N T E R ;

                        _____
                        MILTON A. TINGLING
                        NEW YORK COUNTY CLERK

# EXHIBIT A

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT: _____LUCY BILLINGS_____        PART __41__
                      J.S.C
                              _Justice_

CHRIS KOSACHUK                          INDEX NO. _158379/2022_

                -v-                      MOTION DATE _____

9197-5904 QUEBEC, INC., and SELECTIVE ADVISOR GROUP,   MOTION SEQ. NO. _001_
LLC f/k/a SELECTIVE ADVISORS GROUP, LLC, a Delaware Limited
Liability Company

The following papers, numbered 1 to _17_, were read on this ~~motion to/for~~ petition _Vacate a judgment_

Notice of Motion/Order to Show Cause — Affidavits — Exhibits _____    | No(s). _1-13, 17_

Answering Affidavits — Exhibits _____    | No(s). _____

Replying Affidavits _____    | No(s). _____

Upon the foregoing papers, it is ordered that ~~this motion is~~ and adjudged that:

The court denies the petition and dismisses this proceeding pursuant to the accompanying
decision. C.P.L.R. § 5015(a).

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE
FOR THE FOLLOWING REASON(S):

Dated: _6/16/23_                        ___Lucy Billings___, J.S.C.
                                              LUCY BILLINGS
                                                   J.S.C

1. CHECK ONE: .................................... ☑ CASE DISPOSED        ☐ NON-FINAL DISPOSITION

2. CHECK AS APPROPRIATE: .................MOTION IS: ☐ GRANTED ☑ DENIED ☐ GRANTED IN PART ☐ OTHER

3. CHECK IF APPROPRIATE: ................................ ☐ SETTLE ORDER        ☐ SUBMIT ORDER

                                        ☐ DO NOT POST   ☐ FIDUCIARY APPOINTMENT   ☐ REFERENCE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:   PART 41
----------------------------------------x

CHRIS KOSACHUK,                          Index No. 158379/2022

                    Petitioner

          - against -                    DECISION AND ORDER

9197-5904 QUEBEC, INC., and SELECTIVE
ADVISOR GROUP, LLC f/k/a SELECTIVE
ADVISORS GROUP, LLC, a Delaware Limited
Liability Company,

                    Respondents

----------------------------------------x

LUCY BILLINGS, J.S.C.:

I.   BACKGROUND

     Petitioner seeks to vacate a judgment by confession dated

February 22, 2012, entered in a related action, 9197-5904 Quebec,

Inc. v. NLG, LLC, Index No. 101875-2012 (Sup. Ct. N.Y. Co. 2012)

by respondent 9197-5904 Quebec, Inc., against nonparty judgment

debtor NLG, LLC.  C.P.L.R. §§ 3001, 3218, 5015(a).  Petitioner is

the undisputed manager and principal member of NLG.  Upon

respondents' failure to answer the petition, petitioner seeks a

default judgment against respondents.  C.P.L.R. § 3215.  They

move to dismiss the petition and for sanctions, including

attorneys' fees.  C.P.L.R. § 3211(a); 22 N.Y.C.R.R. § 130-1.1(c).

The court denies the petition and grants respondents' motion as

follows.

     Petitioner previously moved to vacate the 2012 judgment in

kosachuk623                        1

the related action repeatedly, but either abandoned or withdrew each motion, and ultimately opted to pursue his claims in federal court.  In 2019, the United States District Court for the Southern District of New York (Cote, J.) determined that the applicable statute of limitations barred petitioner's claims. C.P.L.R. § 213(8); Kosachuk v. Selective Advisors Group, LLC, 19-CV-4844 (DLC), 2019 WL 4805742, at *5 (S.D.N.Y. Sept. 30, 2019). The Second Circuit Court of Appeals affirmed the district court's determination and further held that petitioner had no recourse based on fraud or otherwise under C.P.L.R. § 5015(a).  Kosachuk v. Selective Advisors Group, LLC, 827 Fed. Appx. 58, 62 (2d Cir. 2020).  Petitioner subsequently moved to restore his action before this court (Hagler, J.), which adopted the federal district court's decision and denied the motion.  In 2021, nonparty Juan Ramirez, NLG's former attorney, commenced a special proceeding similar to this one to vacate the 2012 judgment.  This court (Borrok, J.) dismissed that petition based on lack of personal jurisdiction and collateral estoppel.  Petitioner now seeks the same relief yet again.

## II.  DISMISSAL

Petitioner has attempted exhaustively to vacate the same judgment for over 10 years since it was entered, through multiple lawsuits in both New York state and federal courts, as well as courts across Pennsylvania, Delaware, and Florida.  Most

kosachuk623                        2

Case 15-00101-LMI   Doc 43   Filed 12/03/24   Page 63 of 85

recently, on September 26, 2022, four days before petitioner
commenced the current proceeding, petitioner commenced an
identical proceeding in the United States Bankruptcy Court for
the District of Delaware, Case No. 21-11269-JK, which is grounds
alone to dismiss the petition.  C.P.L.R. § 3211(a)(4).  The court
also dismisses the petition based on collateral estoppel, since
petitioner had several opportunities to fully litigate the
timeliness of his claims.  Paramount Pictures Corp. v. Allianz
Risk Transfer AG, 31 N.Y.3d 64, 72 (2018); Kuang v. Zhou, 212
A.D.3d 579, 580 (1st Dep't 2023); Russell v. New York Univ., 204
A.D.3d 577, 579 (1st Dep't 2022); Margulies v. USAA Cas. Ins.
Co., 191 A.D.3d 559, 560 (1st Dep't 2021).

Moreover, even were the court to consider the petition's
timeliness, the court would reach the same conclusion as both
Judge Cote's decision dated September 30, 2019, and Justice
Hagler's decision dated February 13, 2020.  The statute of
limitations bars petitioner's claims, as he filed this petition
over 10 years after the judgment was entered.  C.P.L.R. §§
213(8), 3211(a)(5); Kosachuk v. Selective Advisors Group, LLC,
827 Fed. Appx. at 62.  Petitioner's unreasonable delay, which
petitioner utterly fails to justify, likewise precludes him from
seeking relief under C.P.L.R. § 5015(a).  Ramirez v. Selective
Advisors Group, LLC, 202 A.D.3d 608, 609 (1st Dep't 2022).
Therefore the court grants respondents' motion to dismiss the

kosachuk623

3

petition.   C.P.L.R. § 3211(a)(5).

III. <u>SANCTIONS</u>

Petitioner's demonstrated willingness to perpetuate meritless, vexatious, and duplicative litigation warrants sanctions and attorneys' fees in respondents' favor.   22 N.Y.C.R.R. 130-1.1(c)(3); <u>Continental Indus. Group, Inc. v. Ustuntas</u>, 215 A.D.3d 417, 418 (1st Dep't 2023); <u>Teshabaeva v. Family Home Care Services of Brooklyn and Queens, Inc.</u>, 214 A.D.3d 442, 444 (1st Dep't 2023); <u>Goetz Fitzpatrick LLP v. OTR Media Group, Inc.</u>, 210 A.D.3d 568, 570 (1st Dep't 2022).   A reasonable award for the attorneys' fees and expenses respondents incurred in this action is $15,000.00.   The court further enjoins petitioner from any future action or proceeding regarding the 2012 judgment against respondents 9197-5904 Quebec, Inc., and Selective Advisor Group, LLC f/k/a Selective Advisors Group, LLC, as well as nonparties Sean Meehan and Elizabeth Hazan, without prior approval from Justice Lucy Billings, Justice Schlomo Hagler, the Administrative Judge of the New York County Supreme Court, or the Administrative Judge's designee.   <u>Abe v. New York Univ.</u>, 169 A.D.3d 445, 450 (1st Dep't 2019); <u>Cangro v. Marangos</u>, 160 A.D.3d 580, 580 (1st Dep't 2018); <u>Shapiro v. Hayes</u>, 133 A.D.3d 468, 468 (1st Dep't 2015).   Petitioner must attach this decision and order to a written request to the court if he ever seeks such approval.   In the event that he violates this order,

Case 15-00101-LMI   Doc 13   Filed 12/03/24   Page 65 of 85

respondents may move for contempt.

IV.  <u>CONCLUSION</u>

Since the court grants respondents' motion to dismiss the petition, the court denies the petition and petitioner's motion for a default judgment.  The court enjoins petitioner as set forth above and awards a judgment in favor of respondents against him for $15,000.00.  The Clerk shall enter a judgment accordingly.


DATED:  June 16, 2023

_____
LUCY BILLINGS, J.S.C.

**LUCY BILLINGS**
**J.S.C**

kosachuk623

5

EXHIBIT 6

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: _____          PART __77R__
                                    *Justice*

Index Number : 654670/2020
JUAN RAMIREZ                                          INDEX NO. _____
vs.
SELECTIVE ADVISORS GROUP, LLC                         MOTION DATE _____
SEQUENCE NUMBER : 10/15/2021
HEAR AND DETERMINE                                    MOTION SEQ. NO. _____

The following papers, numbered 1 to _____ , were read on this motion to/for _____

Notice of Motion/Order to Show Cause — Affidavits — Exhibits _____    | No(s). _____

Answering Affidavits — Exhibits _____    | No(s). _____

Replying Affidavits _____    | No(s). _____

Upon the foregoing papers, it is ordered that this motion is

After a hearing, it is ordered that this motion, after an order of reference dated October 15, 2021, is finalized according to the attached decision.

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE
FOR THE FOLLOWING REASON(S):

Dated: __April 24, 2023__                    _____, J.S.C.
                                             Harold E. Bahr, III, Special Referee

1. CHECK ONE: ........................................  ☑ CASE DISPOSED        ☐ NON-FINAL DISPOSITION

2. CHECK AS APPROPRIATE: ...................MOTION IS:  ☑ GRANTED  ☐ DENIED  ☐ GRANTED IN PART  ☐ OTHER

3. CHECK IF APPROPRIATE: ...............................  ☐ SETTLE ORDER         ☐ SUBMIT ORDER

                                             ☐ DO NOT POST   ☐ FIDUCIARY APPOINTMENT   ☐ REFERENCE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 77R

------------------------------------------------------------------------X

JUAN RAMIREZ

                                  Plaintiff    **INDEX NO.** 654670/2020

            -v-

SELECTIVE ADVISORS GROUP, LLC            **REFEREE'S DECISION AND ORDER**

                               Defendant

------------------------------------------------------------------------X

**SPECIAL REFEREE HAROLD E. BAHR, III:**

       On October 15, 2021, the Honorable Andrew Borrock ordered a Special Referee to hear and determine the "reasonable legal fees and costs" that the plaintiff was to pay the defendant due to the plaintiff's frivolous conduct. After emailing the parties, I held a pre-hearing conference by Microsoft Teams, when Juan Ramirez, Jr. (Judge Ramirez)[1] represented himself and Nicole Sullivan, Esq. of White and Williams represented the defendant. At the conference, I scheduled the hearing for January 24 and 25, 2023. The hearing, however, took only one day. At the hearing, Judge Ramirez still represented himself, and Ms. Ashi Colina, Esq., and Mr. Thomas Butler, Esq., represented the defendant, Selective Advisors Group, LLC (Selective). After the hearing, I set March 10, 2023, as the submission date for post-hearing briefs. By March 6, 2023, the parties asked for an extension, which I granted until March 31, 2023. Thus, the parties fully submitted the case to me by March 31, 2023.

**BACKGROUND**

       On September 23, 2020, Judge Ramirez petitioned to void a judgment of confession or, in the alternative, to declare the judgment satisfied. He presented an affidavit of service upon Selective

---

[1] Mr. Juan Ramirez, Jr. is a retired judge from Florida.

*Juan Ramirez v Selective Advisors Group, LLC*            Index#: 654670/2020                   1

with its registered agent in Delaware. About a week later, Judge Ramirez moved for a default

judgment, which Justice Borrok granted on February 11, 2021, when Selective failed to respond.

About two weeks later, Selective, by order to show cause, asked to vacate the default judgment, let it

respond to the September 23, 2020, petition, and for "other and further relief as may be just and

proper," explaining that in 2014, it was registered in Delaware as Selective Advisors Group but in

2017, the company became inactive. Meanwhile, another company, Selective Advisors Group, was

formed on March 3, 2017, with a different registered agent. By April 26, 2017, Selective was

reinstated, but as Selective Advisor Group (with no "s"). Because the service of process was upon

Selective Advisors Group and not Selective Advisor Group, Judge Ramirez never properly served

Selective his motion for a default judgment. It also appeared that the Judge's client had formed the

entity called Selective Advisors Group that was formed on March 3, 2017.

By March 4, 2021, Judge Ramirez filed a memorandum opposing Selective's order to show

cause to vacate the default, arguing, among other arguments, that the service of process was proper.

On March 9, 2021, Justice Borrok disagreed with Judge Ramirez, finding that the Court never

acquired personal jurisdiction over Selective and reinstating the judgment of confession. The Court

also dismissed the petition. On March 12, 2021, Judge Ramirez filed a "motion for rehearing and to

modify decision." Selective filed a reply and a cross-motion for sanctions against the Judge. On

March 29, 2021, Judge Ramirez filed an appeal of Justice Borrok's March 9, 2021, order.

On October 15, 2021, Justice Borrok denied the Judge's motion to reargue and granted

Selective's cross-motion for sanctions for frivolous conduct. This order of reference on attorney's

fees and costs followed. On February 22, 2022, the Appellate Division denied Judge Ramirez leave

to appeal Justice Borrok's March 9, 2021, which dismissed his petition. The Court concluded that

because Justice Borrok dismissed the petition – relief Selective did not ask for – the portion of the

order dismissing the petition was *sua sponte* and not appealable as of right. Instead, Judge Ramirez

*Juan Ramirez v Selective Advisors*
*Group, LLC*                              Index#: 654670/2020                              2

had to move to vacate the dismissal order. Also, Judge Ramirez's petition to vacate the February 2012 judgment by confession was not made within a reasonable time, so the appeal was time-barred. On October 27, 2021, Judge Ramirez filed a notice of appeal of Justice Borrok's order dated October 15, 2021.

This reference followed.

**HEARING**

Because the law firm sought the attorneys' fees, the firm had the burden of proof and started the hearing. Ms. Nicole Sullivan, Esq. testified first. She was a partner at White and Williams, a law firm. Ms. Sullivan had worked at the firm for almost six years and had practiced law in New York since 2002.[2] She graduated from Boston University School of Law in May 2001.[3] Before working for White and Williams, she had clerked for a federal magistrate judge for two years, worked for a plaintiff's firm doing products liability and medical malpractice for two years, then Ms. Sullivan joined a firm that did defense work, products liability, general commercial defense, and reinsurance work, and before joining White and Williams, she was an attorney at LeClairRyan[4]. For this case, she was one of the attorneys representing Selective; the other attorneys were Thomas Butler, a partner; Shruti Panchavati, an associate; Matthew Prutting, an associate; and Marianne Millnamow, a paralegal.[5]

Ms. Sullivan had worked with Mr. Tom Butler for about eleven years. Mr. Butler attended Columbia Law School and practiced law for about 31 years.[6] As for the two associate attorneys, both

---

[2] Tr., at 12.
[3] Tr., at 45.
[4] Tr., at 46.
[5] *Id.*, at 13.
[6] Tr., at 46.

*Juan Ramirez v Selective Advisors Group, LLC*                    Index#: 654670/2020                    3

graduated from law school in 2015. Ms. Panchavati attended law school at the University of Chicago or the University of Illinois, while Mr. Prutting went to Georgetown.[7]

In this case, she worked on the motion to vacate the default judgment, the opposition to Judge Ramirez's motion to reargue, and the appellate briefing.[8]  Specifically, she reviewed the motions, did legal research, and drafted opposition papers and the cross-motion for sanctions.[9]  On the motion to reargue, the law firm researched whether Judge Ramirez had a legitimate basis under the CPLR for reargument and whether sanctions were appropriate.  Besides her work, she also supervised the associate attorneys and the paralegal.

The firm billed an hourly rate at .1 or six-minute increments for billing.  In March 2021, her standard billing rate was $550 per hour, although she billed Selective at only $395 per hour.  White and Williams entered into evidence seven legal invoices[10] and a summary of the seven invoices.[11] After entering the documents into evidence, Ms. Sullivan testified that Mr. Butler, a partner, charged $795 per hour in 2021 but charged Selective only $500 per hour.  Ms. Panchavati's standard rate was $395 per hour, but the firm billed Selective only $270 per hour.  Mr. Prutting's usual billing rate was $380 per hour, which the firm charged Selective.  The paralegal Ms. Millnamow's standard rate was $250 per hour, but the firm billed Selective only $175 per hour.[12]

After finishing the billing rates, the law firm entered into evidence documents filed in this case for which the firm billed its client: Judge Ramirez's motion to reargue,[13] Judge Ramirez's affidavit in support of his motion to reargue,[14]his memorandum of law in support of his motion to

---

[7] *Id.*
[8] *Id.*
[9] Tr., at 14.
[10] Tr., at 16 – 30.
[11] Tr., at 30 – 31; Defendant's exhibit H.
[12] Tr., at 33.
[13] Defendant's exhibit I.
[14] Defendant's exhibit J.

*Juan Ramirez v Selective Advisors Group, LLC*                    Index#: 654670/2020                    4

reargue,[15] the law firm's notice of cross-motion for sanctions,[16] the firm's memorandum of law opposing the motion to reargue and supporting its cross-motion for sanctions,[17] Mr. Tom Butler's affirmation,[18] Judge Ramirez's reply to Selective's opposition to reargument and cross-motion for sanctions,[19] and the Appellate Division's decision regarding the motion to reargue and sanctions.[20]

On cross-examination, Ms. Sullivan testified that the firm had an engagement letter with Selective but did not upload it as an exhibit. She was unaware of who signed that engagement letter. As for the invoices sent to Selective, the firm emailed them to the defendant, but Ms. Sullivan did not know the specific email address used. She admitted that the invoices were addressed to Ms. Hazan, who, according to Ms. Sullivan's understanding, co-owned Selective with her husband, Sean Meehan.[21] Regarding the redactions in the firm's invoices, the redacted entries were for work the firm performed for Selective but were unrelated to Judge Ramirez's motion to reargue and Selective's cross-motion for sanctions.[22]

During Judge Ramirez's cross-examination of Ms. Sullivan, the hearing devolved into Judge Ramirez's attempts to argue that Justice Borrok and the First Department were wrong to say that Judge Ramirez engaged in sanctionable, frivolous conduct. For example, Judge Ramirez wanted to argue judicial estoppel. I explained that it was the law of the case that Judge Ramirez had engaged in frivolous conduct and that the order of reference limited me to determine whether the law firm billed a reasonable amount of hours at a reasonable rate.[23] After the ruling, Judge Ramirez argued that he should be allowed to present mitigating evidence. I reiterated that I could determine only legal fees

---

[15] Defendant's exhibit K.
[16] Defendant's exhibit L.
[17] Defendant's exhibit M.
[18] Defendant's exhibit N.
[19] Defendant's exhibit O.
[20] Defendant's exhibit Q.
[21] Tr., at 47.
[22] Tr., at 54.
[23] Tr., at 58 – 60.

*Juan Ramirez v Selective Advisors Group, LLC*                    Index#: 654670/2020                    5

and costs and that mitigating evidence would be proper before Justice Borrok or the Appellate Division; the order of reference did not permit me to consider mitigating evidence.

Next, Judge Ramirez questioned whether Ms. Sullivan genuinely reviewed his motion for rehearing and to modify a decision[24] for three hours after he had filed the document on March 12, 2021, at 4:36 p.m. Ms. Sullivan replied that it was not uncommon for her day to go past 5:00 p.m.[25] Judge Ramirez pointed out that an invoice entry was block billed. Ms. Sullivan explained that she and Mr. Butler sometimes used block billing.[26] Finally, Judge Ramirez argued with Ms. Sullivan whether specific entries constituted fees on fees.[27]

After Judge Ramirez finished his cross-examination of Ms. Sullivan, the law firm rested. Judge Ramirez began his case-in-chief, and he testified in narrative form. Instead of presenting evidence about the legal fees, he started by making an informal offer of proof as to why he wanted to have Mr. Kosachuk testify. Then, Judge Ramirez testified about his legal experience in Florida. In 2015, he became an attorney in Florida and was never reprimanded or admonished by the Florida Bar. He became a trial judge in Miami, and in 2000, he was appointed to be a judge in an appellate court, where he was a judge for twelve years. After describing his legal experience, he recounted this case's background, starting in 2014. He also argued that the Appellate Division wrongly decided this case. Finally, he claimed that White and Williams padded their legal bills because he spent only 5.5 hours drafting his motion, and the firm spent 23 hours responding to it; he claimed that the initial draft of a motion takes far more time than merely responding to a motion.

**CLOSING ARGUMENTS**

---

[24] Defendant's exhibit I.
[25] Tr., at 63.
[26] Tr., at 64.
[27] Tr., at 85 – 87.

*Juan Ramirez v Selective Advisors Group, LLC*                    Index#: 654670/2020                    6

Selective argued the sole issue before this court was whether the $8,316.50 for 23.3 hours of work was reasonable. Responding to Judge Ramirez's claim that the law firm billed on these invoices work for Selective that had nothing to do with this motion sequence, Selective countered that the law firm redacted work unrelated to this matter and excluded those charges from the fees sought in this case. To support the hourly rates charged, the firm recounted Ms. Sullivan's testimony regarding the legal experience of the attorneys who billed for this motion sequence. Despite the attorneys' qualifications and experience, all but one attorney billed at a discounted rate. Also, an associate performed 32% (7.5 hours) of the total work on this case, which was less costly than having either or both partners do the lion's share of the work. While Judge Ramirez claimed that White and Williams padded their bills to make Judge Ramirez pay more, White and Williams averred that their "billing entries comprised of reading, reviewing, strategizing, assessing and opposing the Ramirez Motion was necessary legal work."[28] Finally, the law firm argued that Judge Ramirez's testimony failed to rebut the reasonableness of its fees. Instead, Judge Ramirez "used the court's time to litigate and relitigate irrelevant, peripheral, or otherwise tangential issues and matters already decided."[29]

Judge Ramirez spent the first seven pages (almost half of his brief) rehashing the procedural history before Justice Borrok and the Appellate Division, essentially arguing that both wrongly decided his case. Halfway through his brief, he finally addressed the issue of attorneys' fees, although only tangentially. He claimed that White and Williams emailed the legal invoices to Elizabeth Hazan, the wife of Sean Meehan. Judge Ramirez complained that the law firm failed to produce the email address to which it sent the invoices and that the invoices contained block billing. He then argued that he appealed the First Department's decision[30] and that the proceeding here should be stayed until the Court of Appeals decides whether to grant him leave to appeal. Judge Ramirez

---

[28] Selective's Post-Hearing Submission (NYSCEF 1-41), at 7.
[29] *Id.*, at 8.
[30] *Ramirez v Selective Advisors Group, LLC*, 202 AD3d 608 (1st Dept 2022).

*Juan Ramirez v Selective Advisors Group, LLC*                    Index#: 654670/2020                    7

averred that judicial estoppel prevented Selective from arguing that his motion to vacate was frivolous. Finally, he maintained that Selective did not meet its burden of proof because it never entered into evidence the retainer agreement. As an alternative argument, he says this court should conclude that the fees sought are excessive and that the firm used block billing.

**ANALYSIS**

*CREDIBILITY.*

When a court submits questions of fact to a referee, the referee must determine" 'the issues presented, as well as to resolve conflicting testimony and matters of credibility.'" At this hearing, only two witnesses testified: Ms. Sullivan and Judge Ramirez. First, I note that both are interested witnesses because both have a financial stake in the case's outcome. And second, I observed each witness's demeanor while testifying. As to Ms. Sullivan, she testified in a straightforward, candid manner, and she did not embellish her testimony. Thus, I found her testimony credible. As for Judge Ramirez, I found him less credible than Ms. Sullivan because he repeated immaterial arguments despite my telling him several times that the order of reference was only about attorneys' fees. He argued with Ms. Sullivan and with the court.

*ATTORNEY'S FEES.*

The attorney seeking attorneys' fees bears the burden of proving:

1.    the time and labor required for the legal services provided,[31]

2.    the difficulty of the legal and factual issues,[32]

---

[31] *Sachs v Adeli*, 121 AD3d 490, 490 (1st Dept 2014) (holding plaintiff's attorneys' fees reasonable "most significantly" because of "defendant's vigorous litigation over a seven-year period").

[32] *Lancer Indem. Co. v JKH Realty Group, LLC*, 127 AD3d 1035, 1035-1036 (2d Dept 2015).

*Juan Ramirez v Selective Advisors
Group, LLC*                                        Index#: 654670/2020                                        8

3.      the necessary skills to handle the problems presented,[33]

4.      the lawyer's experience, ability, and reputation,[34]

5.      the amount involved and the benefit resulting to the client from the services rendered,[35]

6.      the customary fee charged by the local bar for similar services,[36]

7.      the contingency or certainty of being compensated,[37]

8.      the results obtained,[38] and

9.      the responsibility involved.[39]

<u>Time and Labor Required.</u>

      To determine the time and labor required for the legal services, I first weigh the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate or the "lodestar" method.[40] From March 12, 2021, to October 25, 2022, White and Williams charged 23.3 hours for

---

[33] *Id.*

[34] *Sachs*, 121 AD3d 490 (holding fees reasonable, in part, due to "attorney's experience, expertise, and educational background").

[35] *Giblin v Murphy*, 125 AD2d 884 (3d Dept 1986), *order aff'd*, 73 NY2d 769 (1988) (affirming award when the "case was intricate, requiring the ability and experience of a skillful counsel, the amount involved was considerable and the results obtained were good and to the client's benefit").

[36] *Metropolitan Lofts of NY, LLC v Metroeb Realty 1, LLC*, 46 Misc 3d 1222(A) (Sup Ct, New York Co 2015) (finding the rate charged in a Commercial Division litigation by counsel based in New York County was "comparable to those generally billed in commercial litigation").

[37] *Albunio v City of New York*, 23 NY3d 65, 68 (2014) (holding "absent a contract term expressly providing for different distribution, attorney was entitled to greater of either contingency fee or statutory award").

[38] *In re Freeman's Estate*, 34 NY2d 1, 9 (1974).

[39] *Id.* (noting the '[l]ong tradition and just about a universal one in American practice ... for the fixation of lawyers' fees to be determined by the above listed factors); *see also Lancer*, 127 AD3d 1035-1036 (listing seven factors considered by the courts when determining the reasonableness of attorneys' fees); *see also Bankers Fed. Sav. Bank v Off W. Broadway Devs.*, 224 AD2d 376, 377 (1ˢᵗ Dept 1996) (reiterating that the court must consider "the difficulty of the issues and the skill required to resolve them; the lawyers' experience, ability and reputation; the time and labor required; the amount involved and benefit resulting to the client from the services; the customary fee charged for similar services; the contingency or certainty of compensation; the results obtained and the responsibility involved").

[40] *Hensley v Eckerhart*, 461 US 424, 430 (1982).

*Juan Ramirez v Selective Advisors Group, LLC*          Index#: 654670/2020          9

$8,316.50.[41] The two partners, Ms. Sullivan and Mr. Butler, expended 12 hours drafting their opposition papers and motion for sanctions.[42] It was a reasonable period to draft and edit those papers. Then an associate attorney, Ms. Panchavati, spent 4.6 hours researching and editing several motions and memorandums on March 22, 2021.[43] I again conclude the attorney expended a reasonable amount of time performing those tasks. On June 14, 2021, a paralegal reviewed (NYSCEF?) to see if Justice Borrok had issued a decision.[44] While Judge Ramirez argued checking for a decision was superfluous, I am untroubled by the charge of 0.3 hours. Just over three months later, Ms. Panchavati discussed with Mr. Butler a strategy for supplemental briefings. That discussion was only 36 minutes. I find that was an appropriate use of time. Two months after that discussion, a paralegal reviewed the rules for this hearing and emailed E. Lizabeth Hazan. Those tasks took only one hour, which was appropriate. A month later, Ms. Panchavati researched this hearing's issues, billing 1.6 hours, which I found reasonable. On January 29, 2022, the paralegal emailed the undersigned to obtain a conference date and charged only 0.2 hours. That was reasonable. Finally, nine months later, Ms. Pachavati charged 1.2 hours researching and preparing an analysis of cases on attorneys' fees. I find the hours expended to be proper.

Judge Ramirez argued the claimed fees were excessive because (1) "nothing occurred . . . between March 22 and October 15[, so] Selective can . . . claim reasonable fees incurred . . . [only] between March 12 and March 22, 2021,[45] and (2) White and Williams charged 16.6 hours for a 14-page memorandum of law.[46] I reject Judge Ramirez's assertion that he should not be billed for anything after March 22 because the rules of professional conduct required the firm to search for an

---

[41] See Defendant's H.
[42] Defendant's A.
[43] Id.
[44] Defendant's B.
[45] Plaintiff's Brief, at 14.
[46] Plaintiff's Brief, at 15.

imminent decision on June 14, 2021; lawyers must not neglect their cases.[47] A diligent lawyer ensures that the lawyer has not missed any decisions a judge issues. While NYSCEF emails the attorneys of record when a document is uploaded, the system is not infallible, and notifications can wind up in spam folders. And checking NYSCEF for an expected decision is an effective office procedure to avoid neglecting a client's case. I reject the second argument that White and Williams charged too much time for a 14-page memorandum because attorneys should not be penalized for being concise and brief. Thus, the hours charged were reasonably necessary for the work described.

### The Lawyers' Experience

Ms. Sullivan testified to the attorneys' experience and stated that White and Williams charged lower hourly rates than usual. Judge Ramirez acquiesced in the hourly rates when he wrote in his brief that he "does not quarrel with the hourly rates claimed by the various lawyers."[48] The testimony and concession support the hourly rates charged.

### Customary Fee

White and Williams presented no evidence of the customary fee, and I am untroubled by this – considering the discounted rates charged and my knowledge and experience of litigation costs.[49] Also, Judge Ramirez acquiesced to the hourly rates, and I made no adjustments.

### Block Billing

The invoices consistently show the use of block billing. Block billing aggregates multiple smaller tasks into a single "block" entry for which a single time value is assigned.[50] Block billing

---

[47] Rules of Professional Conduct 1.3 (b).; *see also* Comment 2: "A lawyer's work load must be controlled so that each matter can be handled diligently and promptly. Lawyers are encouraged to adopt and follow effective office procedures and systems; neglect may occur when such arrangements are not in place or are ineffective."
[48] Plaintiff's Brief, at 14.
[49] *Schoenau v Lek*, 283 AD2d 200 (1st Dept 2001).
[50] RMP Capital, Corp. v Victory Jet, LLC, 40 Misc3d 1243(A), 2013 WL 5303582 (Sup Ct, Suffolk Co 2013).

*Juan Ramirez v Selective Advisors*
*Group, LLC*                          Index#: 654670/2020                          11

INDEX NO. 654670/2020
RECEIVED NYSCEF: 04/24/2023

makes it "difficult to determine whether, and/or the extent to which, the work done by . . . attorneys is duplicative or unnecessary . . . ."[51] While block billing does not make the attorneys' fees in itself unreasonable,[52] such billing warrants a reduction.[53] Courts have reduced block billing between 10 and 15 percent.[54] The following dates and entries I concluded were block billed:

- March 22, 2021: "Reviewed Local Rules regarding service of cross-motion; Drafted, revised and finalized Notice of Motion; Researched case law; Revised and finalized Memorandum of Law in Opposition; Drafted, revised and finalized Affirmation; Shepardized all case law; Added all citations to Memorandum of Law; Collated and prepared all exhibits; Filed Cross-Motion papers; Multiple communications with Tom Butler and Nicole Sullivan."[55] 4.6 hours.

- September 24, 2021: "[Telephone call] with Tom Butler re[garding] strategy for supplemental briefing on Ramirez's Motion for Reargument; Reviewed local rules and requirements; Drafted correspondence to Court."[56] 0.7 hours.

- October 18, 2021: "Reviewed Court Order; communicated with Marion Millnamow and Tom Butler re[garding] upcoming oral argument."[57] 1.0 hours.

- November 19, 2021: "Review Special Referee rules and email counsel; Locate documents and email to Elizabeth Hazan per her request."[58] 1.0 hours.

[51] Bobrow Palumbo Sales, Inc. v Broan-Nutone, LLC, 549 F Supp 2d 274, 283 (ED NY 2008), citing Molefi v Oppenheimer Trust, 2007 WL 538547 (ED NY 2007).
[52] J. Remora Maintenance LLC v Efromovich, 103 AD3d 501 (1st Dept 2013), lv denied, 21 NY3d 862 (2013).
[53] Nestor v Britt, 23 Misc. 3d 1138(A) (Civ Ct NY County 2009) ("[i]f billing records are vague, a deduction in fees is appropriate").
[54] Community Counseling & Mediation Servs. v Chera, 115 AD3d 589 (1st Dept 2014) (reducing block billing by 10%);
[55] Defendant's A.
[56] Defendant's C.
[57] Defendant's D.
[58] Defendant's E.

None of the above entries allowed me to discern how much time was spent on each listed task. Ms. Sullivan performed the block-billed tasks on March 22, 2021; her discounted hourly rate was $395. At 4.6 hours, the tasks cost $1,817. Ms. Panchavati performed the September 24, 2021, block-billed tasks; her discounted rate was $270 per hour. At 0.7 hours, the tasks cost $189. She also performed the October 18, 2021, block billed entry. For one hour, the tasks cost $270. Finally, Millnamow wrote the November 19, 2021, entry, and the discounted billable rate was $175 per hour, so the one hour spent on the tasks cost $175.

Out of the $8,316.50 charged, $2,721 was block billed. The difference is $5,595.50. I discount the block billed amount by 10%, leaving $2,473.63. I added the charges not block-billed or $5,595.50 for a subtotal of $8,069.13.

Failure to Produce the Retainer Agreement

Judge Ramirez argued that Selective failed to meet its burden of proof because it failed to enter into evidence the retainer agreement between Selective and White and Williams. Thus, he claimed that "Selective should be denied any fees as it has failed to prove that it legally incurred the obligation to pay any fees."[59] He quotes *Malamut v Doris L. Sassower, P.C.*,[60] saying that retainer agreements are necessary for a court to determine whether they are enforceable and that the law firm must prove that the financial arrangement was "fair and reasonable." *Malamut* is distinguishable from this case because the plaintiff previously retained the defendant to represent her in a matrimonial action. After the trial court and the Appellate Division denied her an award of attorney's fees because her equitable distribution award was sufficient to pay the fees, the plaintiff moved to set aside the retainer agreement. Here, the court does not have to scrutinize the retainer because Selective is not challenging its propriety. Judge Ramirez is not a party to the retainer

---

[59] Plaintiff's Brief, at 13.
[60] 171 AD2d 780, 781-782 (2d Dept 1991).

*Juan Ramirez v Selective Advisors Group, LLC*                    Index#: 654670/2020                    13

agreement between Selective and White and Williams; thus, he lacks standing to challenge the agreement. Because of his lack of standing, Judge Ramirez's argument lacks merit.

### Stay of This Proceeding

Judge Ramirez suggested this hearing for attorneys' fees for his frivolous conduct should be stayed because he filed for reargument before the First Department and for leave to the Court of Appeals. The order of reference did not confer the power to issue a stay, and Judge Ramirez should have made that application to the Appellate Division. Because he did not move for a stay of the proceedings, he forfeited that temporary relief.

### Judicial Estoppel

His final argument to avoid fees was to claim that Selective should be estopped in this proceeding because "Selective is now seeking sanctions based on the premise that [Judge Ramirez's] motion was frivolous."[61] An order of reference limits a Special Referee's jurisdiction to only those matters recited in the order of reference.[62] Judge Ramirez should have raised this argument before the Appellate Division and not this court.[63]

**SUMMARY OF CHARGES**

White and Williams sought $8,316.50 in attorneys' fees and costs. I reduced the $2,721 block-billed charges by 10% for the block billing for $2,473.63. To that sum, I added the $5,595.50 of correctly billed entries for a total of $8,069.13.

**CONCLUSION:**

---

[61] Plaintiff's Brief, at 10.
[62] _Semigran Enters. V Noren_, 285 AD2d 409 (1st Dept 2001).
[63] _Cohen v Akabas & Cohen_, 79 AD3d 460 (1st Dept 2010)

_Juan Ramirez v Selective Advisors
Group, LLC_                    Index#: 654670/2020                    14

Based on the court's analysis, it is

ORDERED that Judge Ramirez pay Selective $8,069.13 in attorneys' fees.

ORDERED that Selective shall serve a copy of this decision and order on Judge Ramirez, with a notice of entry, within twenty (20) days of said entry and file proof of said service with the clerk;

ORDERED that the clerk shall enter a judgment accordingly.

This constitutes the decision and order of the Special Referee.

DATE:  April 24, 2023

NEW YORK, NEW YORK                    HAROLD E. BAHR, III, SPECIAL REFEREE

EXHIBIT 7



**ORDERED in the Southern District of Florida on November 7, 2022.**

**A. Jay Cristol, Judge**
**United States Bankruptcy Court**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:                                                                          CASE NO. 16-10389-AJC

LIZA HAZAN                                                             Chapter 11
a/k/a ELIZABETH HAZAN,

Debtor.
_____/

### **FINAL JUDGMENT**

Pursuant to the *Order Granting Reorganized and Discharged Debtor, Liza Hazan, a/k/a*

*Elizabeth Hazan's* ("Discharged Debtor" or "Hazan") *Emergency Motion For an Order directing*

*the United States Marshals to take Christopher Kosachuk also known as Chris*

*Kosachuk ("Kosachuk"), into custody and to detain him until such time as Ms. Hazan is able to*

*complete a closing on her homestead property as ordered on June 28, 2022 at ECF No. 1194*

[ECF No. 1349], Final Judgment is entered in the amount of Thirty Eight Hundred dollars

$3,800.00, which may be recorded in favor of LIZA HAZAN a/k/a ELIZABETH HAZAN, whose

address is whose address is 6913 Valencia Drive, Miami (Fisher Island), Florida 33109, against

CHRIS KOSACHUK also known as CHRISTOPHER KOSACHUK, whose address is 854 Pheasant Run Road, West Chester, Pennsylvania 19382. The Final Judgment will accrue post judgment interest from the entry thereof at the rate prescribed by 28 U.S.C. § 1961, for which execution shall issue forthwith.

### 

**Submitted by:**
Joel M. Aresty, Esq. Fla.
Bar No. 197483

Attorney Aresty is directed to serve a copy of the Final Judgment on all interested parties and file with the court a certificate of service conforming with Local Rule 2002-1(F).

CFN: 20170353630 BOOK 30583 PAGE 1705
DATE:06/22/2017  09:16:15 AM
HARVEY RUVIN, CLERK OF COURT, MIA-DADE CTY

IN THE CIRCUIT COURT FOR THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO. 17-5232 CA (02)

GENOVESE JOBLOVE & BATTISTA,
P.A., a Florida professional association,

    Plaintiff,

v.

NLG, LLC, a Delaware limited liability
company,

    Defendant.

_____/

### FINAL JUDGMENT

This matter, having come before the Court this 20th day of June, 2017 for hearing on Plaintiff Genovese Joblove & Battista, P.A.'s Motion for Final Default Judgment against Defendant NLG, LLC (the "Motion"), and the Court having reviewed the pleadings, the relief requested in the Motion, and being otherwise duly advised in the premises,

**IT IS ORDERED AND ADJUDGED** as follows:

1.    Final Judgment is entered in favor of Genovese, Joblove & Battista, P.A. ("GJB") and against Defendant NLG, LLC ("Defendant"), in the following sums:

| | | |
|---|---|---|
| (a) | Judgment | $37,205.35 |
| (b) | Costs | |
| | Clerk of the Court Filing Fee | $435.04 |
| | Service of Process Fee | $125.00 |
| (c) | Attorneys' Fees | $ 4505.54 |
| | **TOTAL** | $ 42,270.93 |

CFN: 20170353630 BOOK 30583 PAGE 1706

17-5232 CA (02)

    2.     The total amount referenced in Paragraph 1 shall bear interest at the rate of 4.75%

per year, for which let execution issue.

    3.     It is further ordered and adjudged that Defendant shall complete under oath, the

Fact Information Sheets as provided by Florida Rule of Civil Procedure Form 1.977(a) and (b),

including all required attachments, as applicable, and serve it on GJB's attorneys within forty-

five (45) days from the date of this Final Judgment, unless the Final Judgment is satisfied or

post-judgment discovery is stayed.

    4.     The last known address of Defendant is c/o A Registered Agent Inc., 8 The

Green, Suite A, Dover, DE 19901.

    5.     The Court shall reserve jurisdiction of this case to amend/supplement this Final

Judgment to account for subsequent accruing fees, other matters concerning execution upon this

Final Judgment, and such other relief as the Court deems just and proper.

                **DONE AND ORDERED** in Chambers, at Miami, Miami-Dade County, Florida

this _20th_ day of June, 2017.

                               HONORABLE MONICA GORDO

                               Circuit Court Judge

                                    MONICA GORDO

                                CIRCUIT COURT JUDGE

                                9000-189 / #109

Copies Furnished To:
Darci E. Cohen, Esq.

NLG, LLC
c/o A Registered Agent Inc.
8 The Green
Suite A
Dover, DE 19901