——

## UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

CHRISTOPHER  KOSACHUK,                    Case #: 15-MP-101-LMI
      Plaintiff,
vs.
9197-5904 QUEBEC, INC,
      Defendant.

_____/

### Motion to Withdraw Reference and Stay Case

Defendant moves to withdraw the reference re Local Rule 5011-1, to stay activity in this case, designates the record required, and respectfully represents the following to the court:

Undersigned has conferred with Chris Kosachuk about the motion at bar, who does not consent to the relief requested.

This is a 2015 case in which there has been no activity from 5/7/15 when a foreign judgment was purported to be registered, until the present, when the bankruptcy clerk issued a writ of execution nin the closed case.

This case was closed 1/15/19 and has not yet been reopened.

The judgment registration and therefore issuance of the writ was deficient in that there was no certification AO451, Clerk's Certification of a Judgment to be Registered in Another District.

Mr. Kosachuk  waited  6 years and did nothing in this case.

Meanwhile he was litigating the following cases now  pending in the district court before Judge Moore on the same subject matter:

    A.  1:18-mc-25369-KMM Kosachuk v. 9197-5904 Quebec, Inc. Assigned to: Chief Judge K. Michael Moore – see docket attached as exhibit A.

    B.  1:24-cv-23089-KMM  CHRISTOPHER  KOSACHUK, Plaintiff,  vs.  9197-5904 QUEBEC, INC. Judge Moore has ordered a trial on May 19, 2025 on same issues.

[D.E. 24] in case 1:24-cv-23089-KMM – see docket attached as exhibit B.

Defendant has already requested that this case be transferred to Judge Moore, DE 16, but the reference should be withdrawn and activity in this case should be stayed because it is duplicative of the district court cases.

The writ should be stayed because it was improperly issued by the clerk when the case was closed and the registration was improper for failure to include a certification AO451, Clerk's Certification of a Judgment to be Registered in Another District.

Bankruptcy Rule 5011(c) provides explicitly  that the bankruptcy judge may stay proceedings on a motion to withdraw:

> The filing of a motion for withdrawal of a case or proceeding or for abstention pursuant to 28 U.S.C. § 1334(c) shall not stay the administration of the case or any proceeding therein before the bankruptcy judge except that the bankruptcy judge may stay, on such terms and conditions as are proper, proceedings pending disposition of the motion. A motion for stay ordinarily shall be presented to the bankruptcy judge. A motion for a stay or relief from a stay filed in the district court shall state why it has not been presented to or obtained from the bankruptcy judge. Relief granted by the district judge shall be on such terms and conditions as the judge deems proper

A stay of these proceedings pending a determination of the motion to withdraw the reference would be proper due to (1) the likelihood of prevailing on the merits, i.e., that the pending motion will be granted; (ii) that movant will suffer irreparable harm if the stay is denied; (iii) that the other party will not be substantially harmed by the stay; and (iv) that the public interest will be served by granting the stay." Sec. & Exch. Comm'n v. Pension Fund of Am., L.C., No. 05-20863-CIV, (S.D. Fla. Nov. 7, 2005). NBV Loan Acquisition, LLC v. Lexi Dev. Co., No. 19-20188-WILLIAMS (S.D. Fla. Jan. 18, 2019).

Plaintiff has submitted the improper writ to the US Marshalls for Levy. Levy on the improper writ prior to disposition by this or the district court would irreparably harm movant, but merely preserve the status quo for plaintiff. Meanwhile the pendency of two prior cases in the district court evidences the likelihood of prevailing on the merits and the public interest is best served by

discouraging duplicative cases in the federal courts.

The following is a designation of the portions of the record which movant believes will be reasonably necessary or pertinent to the district courts consideration of the motion: Movant designates the entire record in this case as reflected in the docket exhibit C .

Wherefore undersigned respectfully requests withdrawal of the reference to the district court.


Respectfully submitted, 12/7/24

**JOEL M. ARESTY, P.A.**

**Board Certified Business Bankruptcy Law**
309 1st Ave S
Tierra Verde, FL 33715
Fax: 800-559-1870
Phone: (305) 904-1903
S:/ Joel M. Aresty
Joel M. Aresty,
ESQ Fla. Bar No.
197483
aresty@Mac.com

### **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of foregoing was served via CM/ECF And email to Chris Kosachuk chriskosachuk@gmail.com

**EXHIBIT A**                                                                 CLOSED

# U.S. District Court
## Southern District of Florida (Miami)
## CIVIL DOCKET FOR CASE #: 1:18-mc-25369-KMM

Kosachuk v. 9197-5904 Quebec, Inc.                    Date Filed: 12/21/2018
Assigned to: Chief Judge K. Michael Moore            Date Terminated: 12/21/2018
Case in other court: United States Bankruptcy Court Eastern    Jury Demand: None
                District of, 12-16438(JFK)              Nature of Suit: 890 Other Statutory Actions
Cause: Registration of Foreign Judgment              Jurisdiction: Federal Question

### Plaintiff

**Christopher Kosachuk**                represented by    **Astrid Evelyn Gabbe**
*also known as*                                          The Law Office of astrid E. Gabbe, P.A.
Chris Kosachuk                                           P.O. Box 4216
                                                         Hollywood, FL 33083
                                                         954-303-9882
                                                         Fax: 954-983-1427
                                                         Email: astridgabbe@gmail.com
                                                         *ATTORNEY TO BE NOTICED*

V.

### Defendant

**9197-5904 Quebec, Inc.**              represented by    **Joel Maurice Aresty**
                                                         Joel M. Aresty, P.A.
                                                         309 1st Ave S
                                                         Tierra Verde, FL 33715
                                                         305-904-1903
                                                         Fax: 800-559-1870
                                                         Email: aresty@mac.com
                                                         *ATTORNEY TO BE NOTICED*

V.

### Garnishee

**Selective Advisors Group, LLC**       represented by    **Joey Michael Grant**
6913 Valencia Drive                                      Lorium PLLC D/B/A Lorium Law
Fisher Island, FL 33109                                  197 South Federal Highway
                                                         Suite 200
                                                         Boca Raton, FL 33432
                                                         561-361-1000
                                                         Fax: 561-672-7581
                                                         Email: jgrant@marshallgrant.com
                                                         *ATTORNEY TO BE NOTICED*

**David William Langley**
David W Langley
8551 W Sunrise Boulevard
Suite 303
Plantation, FL 33322
954-356-0450
Fax: 356-0451
Email: dave@flalawyer.com
*ATTORNEY TO BE NOTICED*

**Garnishee**

**Sean Meehan**                           represented by **Joey Michael Grant**
305-931-3771                                              (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **David William Langley**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Garnishee**

**Elizabeth Hazan**                       represented by **Joey Michael Grant**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **David William Langley**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Garnishee**

**Lorium PLLC**                           represented by **Joey Michael Grant**
Suite 200                                                 (See above for address)
197 S. Federal Highway, Suite 200                         *ATTORNEY TO BE NOTICED*
Suite 200
Boca Raton
Boca Raton, FL 33432
United Sta
5613611000

**Garnishee**

**Joe Michael Grant**                     represented by **Joey Michael Grant**
197 S. Federal Highway, Suite 200                         (See above for address)
Suite 200                                                 *ATTORNEY TO BE NOTICED*
Boca Raton, FL 33432
United Sta
5613611000

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 12/21/2018 | 1 | REGISTRATION of Foreign Judgment . Filing fee $47.00 receipt number 113C- |

| | | |
|---|---|---|
| | | 11262731, filed by Chris Kosachuk.(Gabbe, Astrid) (Entered: 12/21/2018) |
| 12/21/2018 | 2 | Clerks Notice of Judge Assignment to Chief Judge K. Michael Moore. (mee) (Entered: 12/21/2018) |
| 12/21/2018 | 3 | STRICKEN Clerks Notice to Filer re: Electronic Case. No AO451. Filer is instructed to file a Notice (Other) with the Form AO 451 within 24 hours of the notice. (mee) Modified on 12/21/2018 (dj). (Entered: 12/21/2018) |
| 12/21/2018 | | Civil Case Terminated. Closing Case. (cds) (Entered: 12/21/2018) |
| 01/03/2019 | 4 | CERTIFICATE OF SERVICE by Christopher Kosachuk re 1 Registration of Foreign Judgment (Gabbe, Astrid) (Entered: 01/03/2019) |
| 01/03/2019 | 5 | MOTION for Writ of Garnishment by Christopher Kosachuk. Responses due by 1/17/2019 (Attachments: # 1 Exhibit Writ of Garnishment)(Gabbe, Astrid) (Entered: 01/03/2019) |
| 01/04/2019 | 6 | WRIT OF GARNISHMENT issued as to Garnishee Liza Hazan aka Elizabeth Hazan in the amount of $ 1,171,908.47 re: 5 Motion for Writ of Garnishment filed by Christopher Kosachuk. (lbc) (Entered: 01/04/2019) |
| 01/04/2019 | 7 | MOTION for Writ of Garnishment by Christopher Kosachuk. Responses due by 1/18/2019 (Attachments: # 1 Exhibit Writ of Garnishment)(Gabbe, Astrid) (Entered: 01/04/2019) |
| 01/07/2019 | 8 | WRIT OF GARNISHMENT issued as to Garnishee Selective Advisors Group, LLC in the amount of $ 1,171,908.47 re: 7 Motion for Writ of Garnishment filed by Christopher Kosachuk. (lbc) (Entered: 01/07/2019) |
| 01/07/2019 | 9 | STRICKEN PER DE 40 .. MOTION for Writ of Garnishment by Christopher Kosachuk. Responses due by 1/22/2019 (Attachments: # 1 Exhibit)(Gabbe, Astrid) Modified on 4/25/2019 (lbc). (Entered: 01/07/2019) |
| 01/08/2019 | 10 | STRICKEN PER DE 40 .. WRIT OF GARNISHMENT issued as to Garnishee Sean Neil Meehan in the amount of $ 1,171,908.47 re: 9 Motion for Writ of Garnishment filed by Christopher Kosachuk. (lbc) Modified on 4/25/2019 (lbc). (Entered: 01/08/2019) |
| 02/07/2019 | 11 | ANSWER to Writ of Garnishment by Selective Advisors Group, LLC. Reply/Objections to Writ Answer due by 2/27/2019. (Grant, Joey) (Entered: 02/07/2019) |
| 02/07/2019 | 12 | ANSWER to Writ of Garnishment by Sean Meehan. Reply/Objections to Writ Answer due by 2/27/2019. (Grant, Joey) (Entered: 02/07/2019) |
| 02/07/2019 | 13 | ANSWER to Writ of Garnishment by Elizabeth Hazan. Reply/Objections to Writ Answer due by 2/27/2019. (Grant, Joey) (Entered: 02/07/2019) |
| 02/08/2019 | 14 | ANSWER to Writ of Garnishment *Amended* by Selective Advisors Group, LLC. Reply/Objections to Writ Answer due by 2/28/2019. (Grant, Joey) (Entered: 02/08/2019) |
| 02/08/2019 | 15 | ANSWER to Writ of Garnishment *Amended* by Sean Meehan. Reply/Objections to Writ Answer due by 2/28/2019. (Grant, Joey) (Entered: 02/08/2019) |
| 02/08/2019 | 16 | ANSWER to Writ of Garnishment *Amended* by Elizabeth Hazan. Reply/Objections to |

| | | |
|---|---|---|
| | | Writ Answer due by 2/28/2019. (Grant, Joey) (Entered: 02/08/2019) |
| 02/16/2019 | 17 | CERTIFICATE OF SERVICE by Christopher Kosachuk re 8 Writ of Garnishment, 6 Writ of Garnishment, 5 MOTION for Writ of Garnishment , 10 Writ of Garnishment, 7 MOTION for Writ of Garnishment , 9 MOTION for Writ of Garnishment (Gabbe, Astrid) (Entered: 02/16/2019) |
| 02/16/2019 | 18 | CERTIFICATE OF SERVICE by Christopher Kosachuk re 14 Answer to Writ of Garnishment, 12 Answer to Writ of Garnishment, 15 Answer to Writ of Garnishment, 13 Answer to Writ of Garnishment, 11 Answer to Writ of Garnishment, 16 Answer to Writ of Garnishment (Gabbe, Astrid) (Entered: 02/16/2019) |
| 02/16/2019 | 19 | CERTIFICATE OF SERVICE by Christopher Kosachuk re 14 Answer to Writ of Garnishment, 15 Answer to Writ of Garnishment, 16 Answer to Writ of Garnishment (Gabbe, Astrid) (Entered: 02/16/2019) |
| 02/27/2019 | 20 | OBJECTIONS to 14 Answer to Writ by Christopher Kosachuk. (Gabbe, Astrid) (Entered: 02/27/2019) |
| 02/27/2019 | 21 | OBJECTIONS to 15 Answer to Writ by Christopher Kosachuk. (Gabbe, Astrid) (Entered: 02/27/2019) |
| 02/27/2019 | 22 | OBJECTIONS to 16 Answer to Writ by Christopher Kosachuk. (Gabbe, Astrid) (Entered: 02/27/2019) |
| 03/06/2019 | 23 | RESPONSE to 21 Objections to Answer to Writ, 22 Objections to Answer to Writ, 20 Objections to Answer to Writ by Elizabeth Hazan, Sean Meehan, Selective Advisors Group, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Grant, Joey) (Entered: 03/06/2019) |
| 03/06/2019 | 24 | MOTION Motion to Transfer to Bankruptcy Court by Elizabeth Hazan, Sean Meehan, Selective Advisors Group, LLC. (Attachments: # 1 Exhibit Exhibit A Confirmation Order, # 2 Exhibit Exhibit B Discharge Order, # 3 Exhibit Exhibit C Sanctions Order, # 4 Exhibit Exhibit D Final Judgment, # 5 Exhibit Exhibit E Declaration)(Grant, Joey) (Entered: 03/06/2019) |
| 03/07/2019 | 25 | PAPERLESS ORDER. THIS CAUSE came before the Court Garnishees' Motion to Transfer to Bankruptcy Court. 24 . Garnishees did not attach a Certificate of Good Faith Conference to the Motion in accordance with the Local Rules, and therefore did not indicate whether Plaintiff agrees with the relief requested. Local Rule 7.1(a)(3) provides that counsel for the movant must "confer with all parties... in a good faith effort to resolve the issues in the motion" and must include that certification at the end of the motion, and above the signature block. Local Rule 7.1(a)(3) cautions, "[f]ailure to comply with the requirements of this Local Rule may be cause for the Court to grant or deny the motion and impose on counsel an appropriate sanction." Accordingly, UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Garnishees' Motion to Transfer to Bankruptcy Court 24 is DENIED WITHOUT PREJUDICE. Garnishees may refile the Motion in compliance with the Local Rules. Signed by Chief Judge K. Michael Moore on 3/7/2019. (jm01) (Entered: 03/07/2019) |
| 03/08/2019 | 26 | MOTION Motion To Transfer Case to Bankruptcy Court by Elizabeth Hazan, Sean Meehan, Selective Advisors Group, LLC. (Attachments: # 1 Exhibit Confirmation Order, # 2 Exhibit Discharge Order, # 3 Exhibit Sanctions Order, # 4 Exhibit Final |

| | | |
|---|---|---|
| | | Judgment, # 5 Exhibit Declaration of Elizabeth Hazan)(Grant, Joey) (Entered: 03/08/2019) |
| 03/18/2019 | 27 | WITHDRAWN PER DE 36 .. MOTION to Enforce Judgment *by Piercing the Corporate Veil* by Christopher Kosachuk. Responses due by 4/1/2019 (Attachments: # 1 Exhibit 8-13-15 Order, # 2 Exhibit Judgment from 3rd Circuit, # 3 Exhibit Houle Affidavit, # 4 Exhibit Notice of Dismissal, # 5 Exhibit Dismissal and Lis Pendens Discharge, # 6 Exhibit Satisfaction of Judgment, # 7 Exhibit Satisfaction of Mortgage, # 8 Exhibit Stipulation of Dismissal, # 9 Exhibit Sham Judgment by Confession, # 10 Exhibit Houle Certificate of Cancellation, # 11 Exhibit VF Auto Complaint, # 12 Exhibit Order Striking Sham Satisfactions, # 13 Exhibit Order Granting Foreclosure, # 14 Exhibit Final Judgment of Foreclosure, # 15 Exhibit Houle Deposition Transcript, # 16 Exhibit November 1, 2017 Cristol Judgment)(Gabbe, Astrid) Modified on 4/15/2019 (lbc). (Entered: 03/18/2019) |
| 03/18/2019 | 28 | NOTICE by Christopher Kosachuk re 27 MOTION to Enforce Judgment *by Piercing the Corporate Veil of Filing of Exhibit 17* (Gabbe, Astrid) (Entered: 03/18/2019) |
| 03/18/2019 | 29 | CERTIFICATE OF SERVICE by Christopher Kosachuk re 28 Notice (Other), 27 MOTION to Enforce Judgment *by Piercing the Corporate Veil on Raymond Houle, Arthur Rosenberg, Mark Cohen and Ray Garcia* (Gabbe, Astrid) (Entered: 03/18/2019) |
| 03/22/2019 | 30 | RESPONSE in Opposition re 26 MOTION Motion To Transfer Case to Bankruptcy Court filed by Christopher Kosachuk. Replies due by 3/29/2019. (Gabbe, Astrid) (Entered: 03/22/2019) |
| 03/25/2019 | 31 | NOTICE by Elizabeth Hazan, Sean Meehan, Selective Advisors Group, LLC (Attachments: # 1 Exhibit 1) (Grant, Joey) (Entered: 03/25/2019) |
| 03/29/2019 | 32 | REPLY to Response to Motion re 26 MOTION Motion To Transfer Case to Bankruptcy Court filed by Elizabeth Hazan, Sean Meehan, Selective Advisors Group, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Grant, Joey) (Entered: 03/29/2019) |
| 04/01/2019 | 33 | RESPONSE to Motion re 27 MOTION to Enforce Judgment *by Piercing the Corporate Veil* filed by Elizabeth Hazan, Sean Meehan, Selective Advisors Group, LLC. Replies due by 4/8/2019. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I)(Grant, Joey) (Entered: 04/01/2019) |
| 04/10/2019 | 34 | SUGGESTION OF BANKRUPTCY by Selective Advisors Group, LLC (Langley, David) (Entered: 04/10/2019) |
| 04/10/2019 | 35 | NOTICE of Attorney Appearance by Geoffrey Stuart Aaronson on behalf of Aaronson Schantz Beiley P.A.. Attorney Geoffrey Stuart Aaronson added to party Aaronson Schantz Beiley P.A.(pty:ip). (Aaronson, Geoffrey) (Entered: 04/10/2019) |
| 04/13/2019 | 36 | NOTICE OF WITHDRAWAL OF MOTION by Christopher Kosachuk re 27 MOTION to Enforce Judgment *by Piercing the Corporate Veil* filed by Christopher Kosachuk (Gabbe, Astrid) (Entered: 04/13/2019) |
| 04/13/2019 | 37 | NOTICE of Striking 6 Writ of Garnishment, 5 MOTION for Writ of Garnishment filed by Christopher Kosachuk by Christopher Kosachuk (Gabbe, Astrid) (Entered: 04/13/2019) |

| 04/13/2019 | 38 | NOTICE of Striking 8 Writ of Garnishment, 7 MOTION for Writ of Garnishment filed by Christopher Kosachuk by Christopher Kosachuk (Gabbe, Astrid) (Entered: 04/13/2019) |
|---|---|---|
| 04/23/2019 | 39 | PAPERLESS ORDER. THIS CAUSE came before the Court upon Defendant Selective Advisors Group, LLC's Suggestion of Bankruptcy 34 indicating that it filed a Petition for Relief under Chapter 11 of the Bankruptcy Code and therefore the instant matter should be stayed with respect to Defendant Selective Advisors Group, LLC. In January 2019, the Clerk of Court issued writs of garnishment as to Elizabeth Hazan 6 , Selective Advisors Group, LLC 8 , and Sean Neil Meehan. 10 . On March 8, 2019, Defendants Selective Advisors Group, LLC, Sean Meehan, and Elizabeth Hazan filed a Motion to Transfer Venue to the U.S. Bankruptcy Court for the Southern District of Florida. 26 . On April 13, 2019, Plaintiff struck the writs of garnishment as to Elizabeth Hazan 37 and Selective Advisors Group, LLC 38 . The only writ of garnishment remaining is that directed to Sean Neil Meehan. 10 . In light of Plaintiff striking the writ of garnishment as to Defendant Selective Advisors Group, LLC, the Parties are ORDERED TO SHOW CAUSE on or before April 26, 2019 whether the Suggestion of Bankruptcy still warrants a stay of the proceedings as to Defendant Selective Advisors Group, LLC under the circumstances. Additionally, in light of Plaintiff's recent striking of two of the three writs of garnishment, Plaintiff is ORDERED TO SHOW CAUSE on or before April 26, 2019 whether it intends to similarly strike the writ of garnishment as to Sean Neil Meehan 10 . Signed by Chief Judge K. Michael Moore on 4/23/2019. (eso) (Entered: 04/23/2019) |
| 04/25/2019 | 40 | NOTICE of Striking 10 Writ of Garnishment, 9 MOTION for Writ of Garnishment filed by Christopher Kosachuk by Christopher Kosachuk (Gabbe, Astrid) (Entered: 04/25/2019) |
| 04/25/2019 | 41 | RESPONSE TO ORDER TO SHOW CAUSE re 39 Order to Show Cause,,,,,, by Christopher Kosachuk. (Gabbe, Astrid) (Entered: 04/25/2019) |
| 04/26/2019 | 42 | RESPONSE TO ORDER TO SHOW CAUSE re 39 Order to Show Cause,,,,,, by Elizabeth Hazan, Selective Advisors Group, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Langley, David) (Entered: 04/26/2019) |
| 04/26/2019 | 43 | RESPONSE TO ORDER TO SHOW CAUSE re 39 Order to Show Cause,,,,,, by Sean Meehan, Elizabeth Hazan, Selective Advisors Group, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Langley, David) (Entered: 04/26/2019) |
| 05/10/2019 | 44 | PAPERLESS ORDER. THIS CAUSE came before the Court upon the Parties' Responses to the Court's April 23, 2019 Order to Show Cause. 41 , 43 . On April 23, 2019, the Court entered an Order requiring the Parties to show cause whether in light of (1) Plaintiff striking two of the three writs of garnishment issued in this case, Plaintiff intended to similarly strike the remaining writ of garnishment as to Sean Neil Meehan and (2) Plaintiff striking the writ of garnishment as to Selective Advisors Group, LLC, whether Selective Advisors Group, LLC's Suggestion of Bankruptcy 34 still warrants a stay of the proceedings as to this party. On April 25, 2019, Plaintiff filed a response 41 and struck the remaining writ of garnishment as to Sean Neil Meehan 40 . With respect to the stay of proceedings as to Selective Advisors Group, LLC, Plaintiff argues that the Suggestion of Bankruptcy "no longer applies to the garnishment action because the bankrupt party... is no longer a party." 41 . On April 26, 2019, Garnishees Liza Hazan, Selective Advisors Group, LLC, and Sean M. Meehan filed a response. 43 . Therein, Garnishees request that the Court "await a determination regarding the stay now that the |

Bankruptcy Court has undertaken to make [a] decision" regarding a Motion to Dismiss Selective Advisors Group, LLC's bankruptcy proceedings. 43 at 3. First, the Court does not find any reason to delay its decision on whether a stay of the proceedings is warranted pending a decision by the U.S. Bankruptcy Court for the Southern District of Florida. Second, in light of Plaintiff striking the writ of garnishment issued against Selective Advisors Group, LLC, the Court finds that there are no proceedings to stay as to this party. Therefore, the Court declines to issue a stay at this time. Finally, the only remaining issue in this matter is Garnishees' pending Motion to Transfer the proceedings to the U.S. Bankruptcy Court for the Southern District of Florida. 26 . However, because Plaintiff has stricken all three of the writs of garnishment issued in this registration of foreign judgment case, the Court finds that there are no longer any proceedings to transfer. Accordingly, UPON CONSIDERATION of the Responses to the Order to Show Cause, the Motion to Transfer, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Garnishees' Motion to Transfer 26 is DENIED AS MOOT. Signed by Chief Judge K. Michael Moore on 5/10/2019. (eso) (Entered: 05/10/2019)

| | | |
|---|---|---|
| 01/19/2022 | 45 | MOTION for Writ of Garnishment on Joe Grant, Esq. and Lorium Law by Christopher Kosachuk. (Attachments: # 1 Exhibit Writ of Garnishment)(Gabbe, Astrid) (Entered: 01/19/2022) |
| 02/28/2022 | 46 | WRIT OF GARNISHMENT issued as to Garnishee Joe M. Grant Esq. and Lorium Law in the amount of $ 1,180,691.30 re: 45 Motion for Writ filed by Christopher Kosachuk. (cds) (Entered: 02/28/2022) |
| 02/28/2022 | 47 | ANSWER to Writ of Garnishment by Lorium PLLC, Joe Michael Grant. Reply/Objections to Writ Answer due by 3/21/2022. (Grant, Joey) (Entered: 02/28/2022) |
| 11/22/2024 | 48 | MOTION for Writ of Execution on 1,188,889.67 as to 9197-5904 Quebec Inc. by Christopher Kosachuk. (gqa) (Entered: 11/22/2024) |
| 11/26/2024 | 49 | MOTION to Strike 48 MOTION for Writ of Execution on 1,188,889.67 ( Responses due by 12/10/2024.), MOTION to Reassign Case by 9197-5904 Quebec, Inc.. Attorney Joel Maurice Aresty added to party 9197-5904 Quebec, Inc.(pty:dft). (Aresty, Joel) (Entered: 11/26/2024) |
| 12/02/2024 | 50 | Consent by Pro Se Litigant (Non-Prisoner) Christopher Kosachuk to receive Notices of Electronic Filing at email address: chriskosachuk@gmail.com (cqs) (Entered: 12/02/2024) |
| 12/02/2024 | | SYSTEM ENTRY - Docket Entry 51 restricted/sealed until further notice. (cds) (Entered: 12/02/2024) |
| 12/02/2024 | 52 | CLERK'S NOTICE re 50 Consent by Pro Se Litigant to receive Notices of Electronic Filing. Please note the email address for Christopher Kosachuk has not been added. It appears that an attorney represents Christopher Kosachuk. (jc) (Entered: 12/02/2024) |
| 12/03/2024 | 53 | MOTION to Register as ECF Filing User. by Christopher Kosachuk. (gqa) (Entered: 12/03/2024) |

**PACER Service Center**

**Transaction Receipt**

| 12/05/2024 14:20:04 | | | |
|---|---|---|---|
| **PACER Login:** | joel0027 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:18-mc-25369-KMM |
| **Billable Pages:** | 6 | **Cost:** | 0.60 |

**EXHIBIT B**

MEDREQ,REF_PTN

# U.S. District Court
## Southern District of Florida (Miami)
## CIVIL DOCKET FOR CASE #: 1:24-cv-23089-KMM

Kosachuk v. 9197-5904 Quebec, Inc.
Assigned to: Judge K. Michael Moore
Referred to: Magistrate Judge Ellen F. D'Angelo
Case in other court: Eleventh Judicial Circuit, 23-25432-CA-01
Cause: 28:1331 Federal Question

Date Filed: 08/13/2024
Jury Demand: None
Nature of Suit: 360 P.I.: Other
Jurisdiction: Diversity

### Plaintiff

**Christopher Kosachuk**
      represented by  **Christopher Kosachuk**
Pheasant Run Road
West Chester, PA 19382-8144
305-490-5700
Email: chriskosachuk@gmail.com
PRO SE

V.

### Defendant

**9197-5904 Quebec, Inc.**
      represented by  **Todd M. Mosser**
Mosser Legal, PLLC
100 South Juniper Street, Third Floor
Philadelphia, PA 19017
267-207-2766
Email: todd@mosserlegal.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Joel Maurice Aresty**
Joel M. Aresty, P.A.
309 1st Ave S
Tierra Verde, FL 33715
305-904-1903
Fax: 800-559-1870
Email: aresty@mac.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/13/2024 | 1 | NOTICE OF REMOVAL (STATE COURT COMPLAINT - Foreign Judgment.) Filing fee $ 405.00 receipt number AFLSDC-17754586, filed by 9197-5904 Quebec, Inc.. (Attachments: # 1 Civil Cover Sheet)(Aresty, Joel) (Entered: 08/13/2024) |

| | | |
|---|---|---|
| 08/13/2024 | 2 | Clerks Notice of Judge Assignment to Judge Kathleen M. Williams.<br><br>Pursuant to 28 USC 636(c), the parties are hereby notified that the U.S. Magistrate Judge Jonathan Goodman is available to handle any or all proceedings in this case. If agreed, parties should complete and file the Consent form found on our website. It is not necessary to file a document indicating lack of consent. (gqa) (Entered: 08/14/2024) |
| 08/23/2024 | 3 | ORDER TRANSFERRING CASE to Judge K. Michael Moore for all further proceedings, accepted and signed on 8/23/2024. Judge Kathleen M. Williams no longer assigned to case. Signed by Judge K. Michael Moore on 8/23/2024. *See attached document for full details*. (sdu) (Entered: 08/23/2024) |
| 08/23/2024 | 4 | PAPERLESS PRETRIAL ORDER. THIS ORDER has been entered upon the filing of a Notice of Removal. Counsel for the removing party is hereby ORDERED to forward a copy of this Order to all other parties. It is further ORDERED that S.D. Fla. L.R. 16.1 shall apply to this case and the parties shall hold a scheduling conference within twenty (20) days of the date of this Order. Within ten (10) days of the scheduling conference, counsel shall file a Joint Scheduling Report. The report shall indicate the proposed month and year for the trial and the estimated number of days required for trial. The scheduling conference may be held via telephone. At the conference, the parties shall comply with the following agenda that the Court adopts from S.D. Fla. L.R. 16.1: (1) Documents (S.D. Fla. L.R. 16.1.B.1 and 2) The parties shall determine the procedure for exchanging a copy of, or a description by category and location of, all documents and other evidence that is reasonably available and that a party expects to offer, or may offer, if the need arises. Fed. R. Civ. P. 26(a)(1)(B). (A) Documents include computations of the nature and extent of any category of damages claimed by the disclosing party unless the computations are privileged or otherwise protected from disclosure. Fed. R. Civ. P. 26(a)(1)(C). (B) Documents include insurance agreements which may be at issue with the satisfaction of the judgment. Fed. R. Civ. P. 26(a)(1)(D). (2) List of Witnesses - The parties shall exchange the name, address, and telephone number of each individual known to have knowledge of the facts supporting the material allegations of the pleading filed by the party. Fed. R. Civ. P. 26(a)(1)(A). The parties have a continuing obligation to disclose this information. (3) Discussions and Deadlines (S.D. Fla. L.R. 16.1.B.2) - The parties shall discuss the nature and basis of their claims and defenses and the possibility of a prompt settlement or resolution of the case. Failure to comply with this Order or to exchange the information listed above may result in sanctions and/or the exclusion of documents or witnesses at the time of trial. S.D. Fla. L.R. 16.1.I. Failure of counsel to file a joint scheduling report may result in remand or dismissal, default, and the imposition of other sanctions including attorney's fees and costs. The filing of a motion to dismiss, or other motion, does not toll the time for filing a joint scheduling report. Counsel for the non-removing party must file a motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction within thirty (30) days after the filing of the Notice of Removal.<br><br>**The parties are hereby on notice that this Court requires all filings to be formatted in 12 point Times New Roman font and double spaced, including any footnotes, with one inch margins on all sides.** Failure to follow these formatting guidelines may result in the filing being stricken, any opposing filing being granted by default, and the imposition of other sanctions, including attorney's fees and costs. **Multiple Plaintiffs or Defendants shall file joint motions with co-parties unless there are clear conflicts of position.** If conflicts of position exist, parties shall explain the conflicts in their separate |

motions. Failure to comply with ANY of these procedures may result in the imposition of appropriate sanctions, including but not limited to, the striking of the motion or dismissal of this action. **The parties shall seek extensions of time in a timely fashion.** "A motion for extension of time is not self-executing.... Yet, by filing these motions on or near the last day, and then sitting idle pending the Court's disposition of the motion, parties essentially grant their own motion. The Court will not condone this." Compere v. Nusret Miami, LLC, 2020 WL 2844888, at *2 (S.D. Fla. May 7, 2020) (internal citations omitted).

Pursuant to Administrative Order 2016-70 of the Southern District of Florida and consistent with the Court of Appeals for the Eleventh Circuit's Local Rules and Internal Operating Procedures, within three (3) days of the conclusion of a trial or other proceeding, parties must file via CM/ECF electronic versions of documentary exhibits admitted into evidence, including photographs of non-documentary physical exhibits. The Parties are directed to comply with each of the requirements set forth in Administrative Order 2016-70 unless directed otherwise by the Court. Telephonic appearances are not permitted for any purpose. Upon reaching a settlement in this matter the parties are instructed to notify the Court by telephone and to file a Notice of Settlement within twenty-four (24) hours.

Signed by Judge K. Michael Moore on 8/23/2024. (sdu) (Entered: 08/23/2024)

| 08/23/2024 | 5 | PAPERLESS ORDER REFERRING CASE. PURSUANT to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida, the above-captioned cause is hereby referred to Magistrate Judge Marty Fulgueira Elfenbein to take all necessary and proper action as required by law regarding all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters. Signed by Judge K. Michael Moore on 8/23/2024. (sdu) (Entered: 08/23/2024) |
| --- | --- | --- |
| 08/25/2024 | 6 | MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Todd M. Mosser. Filing Fee $ 200.00 Receipt # AFLSDC-17784010 by 9197-5904 Quebec, Inc.. Responses due by 9/9/2024. (Attachments: # 1 Exhibit proposed order text)(Aresty, Joel) (Entered: 08/25/2024) |
| 08/26/2024 | 8 | ORDER SETTING DISCOVERY PROCEDURES Signed by Magistrate Judge Marty Fulgueira Elfenbein on 8/26/2024. *See attached document for full details*. (cqs) (Entered: 08/27/2024) |
| 08/27/2024 | 7 | PAPERLESS ORDER granting Motion to Appear *Pro Hac Vice*. **THIS CAUSE** is before the Court on Attorney Todd M. Mosser's Motion to Appear *Pro Hac Vice*, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing (the "Motion"), ECF No. 6 . Upon consideration of the Motion and the pertinent portions of the record, it is hereby ORDERED AND ADJUDGED that the Motion, ECF No. 6 , is **GRANTED**. Todd M. Mosser may appear *pro hac vice* in this matter on behalf of 9197-5904 Quebec, Inc. The Clerk of Court shall provide electronic notification of all electronic filings to: todd@mosserlegal.com. Signed by Magistrate Judge Marty Fulgueira Elfenbein on 8/27/2024. (MFE) (Entered: 08/27/2024) |
| 08/27/2024 | 9 | MOTION to Remand to State Court by Christopher Kosachuk. (cqs) (Entered: 08/28/2024) |
| 09/11/2024 | 10 | MOTION for Extension of Time to File Response/Reply/Answer as to 9 MOTION to |

| | | |
|---|---|---|
| | | Remand to State Court by 9197-5904 Quebec, Inc.. (Attachments: # 1 Exhibit text of proposed order)(Aresty, Joel) (Entered: 09/11/2024) |
| 09/11/2024 | 11 | PAPERLESS ORDER on Defendant's Motion for Extension of Time to File Response to Plaintiff's Motion for Remand (the "Motion"), ECF No. 10 . The Motion does not contain a certificate of conference as required by Local Rule 7.1(a)(3). Accordingly, the Motion, ECF No. 10 , is **DENIED without prejudice. Signed by Magistrate Judge Marty Fulgueira Elfenbein on 9/11/2024. (MFE) (Entered: 09/11/2024)** |
| 09/11/2024 | 12 | Unopposed MOTION for Extension of Time to File Response/Reply/Answer as to 9 MOTION to Remand to State Court by 9197-5904 Quebec, Inc.. (Attachments: # 1 Exhibit TEXT OF PROPOSED ORDER)(Aresty, Joel) (Entered: 09/11/2024) |
| 09/11/2024 | 13 | PAPERLESS ORDER on Defendant's Motion for Extension of Time to File Response to Plaintiff's Motion for Remand (the "Motion"), ECF No. 12 . In the unopposed Motion, Defendant explains that, in the last two weeks, his counsel has been occupied filing a petition for en banc review in the Pennsylvania Superior Court and two petitions for collateral relief in the Philadelphia Court of Common Pleas - one in a narcotics trafficking matter and another in an attempted murder case. *See* ECF No. 12 . Accordingly, Defendant needs additional time to prepare the Response to Plaintiff's Motion for Remand. *Id.* Upon review of the unopposed Motion, the Court finds good cause for the extension of time. Accordingly, it is **ORDERED and ADJUDGED** that the Motion, ECF No. 12 , is **GRANTED**. Defendant shall file its Response to the Motion for Remand, ECF No. 9 , no later than **September 23, 2024**. Responses due by 9/23/2024. Signed by Magistrate Judge Marty Fulgueira Elfenbein on 9/11/2024. (MFE) (Entered: 09/11/2024) |
| 09/23/2024 | 14 | RESPONSE in Opposition re 9 MOTION to Remand to State Court *and Memorandum of Law* filed by 9197-5904 Quebec, Inc.. Replies due by 9/30/2024. (Attachments: # 1 Exhibit A. Docket case 15-00101-bkc-AJC, # 2 Exhibit B. Docket 1:18-mc-25369-KMM, # 3 Exhibit C. 5904 Quebec, # 4 Exhibit D. Rceipts of non service)(Aresty, Joel) (Entered: 09/23/2024) |
| 10/02/2024 | 15 | REPLY to 14 Response in Opposition to Motion to Remand, by Christopher Kosachuk. (cqs) (Entered: 10/03/2024) |
| 10/31/2024 | 16 | ORDER PROVIDING INSTRUCTIONS TO PRO SE LITIGANT. Signed by Magistrate Judge Marty Fulgueira Elfenbein on 10/30/2024. *See attached document for full details*. (gqa) (Entered: 10/31/2024) |
| 10/31/2024 | 17 | PAPERLESS ORDER. THIS CAUSE came before the Court upon a *sua sponte* examination of the record. On August 23, 2024, the Court entered a Pretrial Order, (ECF No. 4 ), requiring the Parties to file a joint scheduling report within ten (10) days of their joint scheduling conference, which was to be held "within twenty (20) days of the date of this Order." See id. The Order cautioned, "[f]ailure of counsel to file a joint scheduling report within the deadlines set forth above may result in dismissal, default, and the imposition of other sanctions including attorney's fees and costs." Id. That deadline has now passed and no extension of time has been requested. Accordingly, based on the foregoing, it is ORDERED AND ADJUDGED that this action is DISMISSED WITHOUT PREJUDICE. The Clerk of Court is instructed to CLOSE this case. All pending motions, if any, are DENIED AS MOOT. The Parties may move to reopen this matter upon the filing of a joint scheduling report. Signed by Judge K. Michael Moore on 10/31/2024. (dp01) (Entered: 10/31/2024) |

| 11/04/2024 | 18 | MOTION to Reopen Case *and Memorandum of Law and Scheduling Report* by 9197-5904 Quebec, Inc.. (Attachments: # 1 Exhibit Scheduling Report)(Aresty, Joel) (Entered: 11/04/2024) |
|---|---|---|
| 11/05/2024 | 19 | PAPERLESS ORDER. THIS CAUSE came before the Court upon Defendant's Motion to Reopen. 18 . Therein, Defendant requests the Court lift the stay in the instant action to ensure Plaintiff does not continue to litigate this matter in state court. Id. On October 31, 2024, the Court entered an Order dismissing the instant matter without prejudice because the Parties failed to file a joint scheduling report. (ECF No. 17).<br><br>Defendant subsequently submitted a unilateral scheduling report and conveyed a good-faith attempt in filing a joint-scheduling report with Plaintiff. Id. Plaintiff, however, has displayed a reluctance to litigate the matter in federal court in their communications with Defendant, including refusal to confer with Defendant regarding a joint-scheduling report. Id. Accordingly, UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the Motion 18 is GRANTED. The Clerk of Court is INSTRUCTED to REOPEN this case. It is FURTHER ORDERED that the Parties shall file a joint-scheduling report on or before November 20, 2024. Signed by Judge K. Michael Moore on 11/5/2024. (dp01) (Entered: 11/05/2024) |
| 11/05/2024 | 20 | PAPERLESS ORDER SUPERSEDING (ECF No. 5) REFERRING CASE. PURSUANT to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida, the above-captioned cause is hereby referred to Magistrate Judge Ellen F. D'Angelo to take all necessary and proper action as required by law regarding all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters. It is further ORDERED that the Court's Paperless Order REFERRING CASE (ECF No. 5) is hereby VACATED. Signed by Judge K. Michael Moore on 11/5/2024. (gbn) (Entered: 11/05/2024) |
| 11/20/2024 | 21 | Joint SCHEDULING REPORT - **Rule 26(f)** by 9197-5904 Quebec, Inc. (Aresty, Joel) (Entered: 11/20/2024) |
| 11/21/2024 | 22 | Consent by Pro Se Litigant (Non-Prisoner) Christopher Kosachuk to receive Notices of Electronic Filing at email address: chriskosachuk@gmail.com (gqa) (Entered: 11/21/2024) |
| 11/21/2024 | 23 | Renewed MOTION to Remand to State Court by Christopher Kosachuk. (gqa) (Entered: 11/21/2024) |
| 11/25/2024 | 24 | PAPERLESS ORDER SCHEDULING TRIAL IN MIAMI. This case is now set for trial commencing the two-week trial period of May 19, 2025, at 9 a.m. in Courtroom 13-1, (thirteenth floor) United States Courthouse, 400 North Miami Avenue, Miami, Florida. All parties are directed to report to the calendar call on May 15, 2025, at 2 p.m., at which time all matters relating to the scheduled trial date may be brought to the attention of the Court. A final pretrial conference as provided for by Rule 16, Fed. R. Civ. P., and Rule 16.1(C), S.D. Fla. L.R., is scheduled for May 6, 2025, at 11 a.m. A bilateral pretrial stipulation and all other pretrial preparations shall be completed NO LATER THAN FIVE DAYS PRIOR TO THE PRETRIAL CONFERENCE. All motions to amend the pleadings or to join additional parties must be filed by the later of forty-five (45) days after the date of entry of this Order, or forty-five (45) days after the first responsive pleading by the last responding defendant. Any and all pretrial motions, |

including motions for summary judgment, Daubert motions, and motions in limine must be filed no later than eighty (80) days prior to the trial date. Responses to summary judgment motions must be filed no later than fourteen (14) days after service of the motion, and replies in support of the motion must be filed no later than seven (7) days after service of the response, with both deadlines computed as specified in Rule 6, Fed. R. Civ. P. The Parties are hereby notified that this Court requires strict compliance with Local Rule 56.1 regarding the filing of any motion for summary judgment and corresponding statements of material facts. For evidence not previously filed on the docket, and to the extent practicable, evidentiary support for a Party's statement of material facts shall be filed as separate exhibits within the Court's electronic case filing system; the first citation to any evidence in support of a motion for summary judgment or statement of material facts shall provide the docket entry for that evidence using the form "ECF No." In all circumstances, citations to any composite exhibit shall provide both the page number assigned by the Court's electronic case filing system (i.e., the page number of the PDF) and the page number of the document. Each party is limited to one Daubert motion. If all evidentiary issues cannot be addressed in a 20-page memorandum, the parties must file for leave to exceed the page limit. Each party is also limited to one motion in limine (other than Daubert motions). If all evidentiary issues cannot be addressed in a 20-page memorandum, the parties must file for leave to exceed the page limit. Rule 26(a)(2) expert disclosures shall be completed one hundred thirty (130) days prior to the date of trial. All discovery, including expert discovery, shall be completed one hundred (100) days prior to the date of trial. The failure to engage in discovery pending settlement negotiations shall not be grounds for continuance of the trial date. All exhibits must be pre-marked, and a typewritten exhibit list setting forth the number and description of each exhibit must be submitted at the time of trial. Plaintiff's exhibits shall be marked numerically with the letter "P" as a prefix. Defendant's exhibits shall be marked numerically with the letter "D" as a prefix. For a jury trial, counsel shall prepare and submit proposed jury instructions to the Court. The Parties shall submit their proposed jury instructions and verdict form jointly, although they do not need to agree on each proposed instruction. Where the parties do not agree on a proposed instruction, that instruction shall be set forth in bold type. Instructions proposed only by a plaintiff should be underlined. Instructions proposed only by a defendant should be italicized. Every instruction must be supported by citation to authority. The parties should use the Eleventh Circuit Pattern Jury Instructions for Civil Cases as a guide, including the directions to counsel contained therein. The parties shall jointly file their proposed jury instructions via CM/ECF, and shall also submit their proposed jury instructions to the Court via e-mail at moore@flsd.uscourts.gov in WordPerfect or Word format. For a non-jury trial, the parties shall prepare and submit to the Court proposed findings of fact and conclusions of law fully supported by the evidence, which counsel expects the trial to develop, and fully supported by citations to law. The proposed jury instructions or the proposed findings of fact and conclusions of law shall be submitted to the Court no later than five (5) business days prior to the scheduled trial date. Pursuant to Administrative Order 2016-70 of the Southern District of Florida and consistent with the Court of Appeals for the Eleventh Circuit's Local Rules and Internal Operating Procedures, within three days of the conclusion of a trial or other proceeding, parties must file via CM/ECF electronic versions of documentary exhibits admitted into evidence, including photographs of non-documentary physical exhibits. The Parties are directed to comply with each of the requirements set forth in Administrative Order 2016-70 unless directed otherwise by the Court.

THE FILING BY COUNSEL OF A "NOTICE OF UNAVAILABILITY" BY MOTION OR OTHERWISE IS NOT PROVIDED FOR UNDER THE LOCAL RULES AND SHALL NOT BE PRESUMED TO ALTER OR MODIFY THE COURT'S SCHEDULING ORDER.

Signed by Judge K. Michael Moore on 11/25/2024. (dp01)

**Pattern Jury Instruction Builder -** To access the latest, up to date changes to the 11th Circuit Pattern Jury Instructions go to https://pji.ca11.uscourts.gov or click here. (Entered: 11/25/2024)

| | | |
|---|---|---|
| 11/25/2024 | 25 | PAPERLESS ORDER OF REFERRAL TO MEDIATION. Trial having been set in this matter for the two-week trial period beginning May 19, 2025, at 9:00 a.m. pursuant to Rule 16 of the Federal Rule of Civil Procedure and Rule 16.2 of the Local Rules of the United States District Court for the Southern District of Florida, it is hereby ORDERED AND ADJUDGED as follows: 1. All parties are required to participate in mediation. The mediation shall be completed no later than eighty (80) days before the scheduled trial date. 2. Plaintiff's counsel, or another attorney agreed upon by all counsel of record and any unrepresented parties, shall be responsible for scheduling the mediation conference. The parties are encouraged to avail themselves of the services of any mediator on the List of Certified Mediators, maintained in the office of the Clerk of this Court, but may select any other mediator. The parties shall agree upon a mediator and file a Notice of Mediator Selection within fifteen (15) days from the date of this Order. If there is no agreement, lead counsel shall file a request for the Clerk of Court to appoint a mediator in writing within fifteen (15) days from the date of this Order, and the Clerk shall designate a mediator from the List of Certified Mediators. Designation shall be made on a blind rotation basis. 3. The parties shall agree upon a place, date, and time for mediation convenient to the mediator, counsel of record, and unrepresented parties and file a Notice of Scheduling Mediation no later than one hundred and ten (110) days prior to the scheduled trial date. If the parties cannot agree to a place, date, and time for the mediation, they may motion the Court for an order dictating the place, date, and time. 4. **The physical presence of counsel and each party with full authority to enter in a full and complete compromise and settlement is mandatory. If any party is not an individual (e.g., a corporation), a representative of that party with full authority to enter in a full and complete compromise and settlement is mandatory. The mediation shall take place in person absent good cause shown by the parties. No party shall be excused from attendance without express authorization from the Court.** If insurance is involved, an adjuster with authority up to the policy limits or the most recent demand, whichever is lower, shall attend. 5. All discussions, representations and statements made at the mediation conference shall be confidential and privileged. 6. At least ten (10) days prior to the mediation date, all parties shall present to the mediator a brief written summary of the case identifying issues to be resolved. Copies of those summaries shall be served on all other parties. 7. The Court may impose sanctions against parties and/or counsel who do not comply with the attendance or settlement authority requirements herein, or who otherwise violate the terms of this Order. The mediator shall report non-attendance and may recommend imposition of sanctions by the Court for non-attendance. 8. The mediator shall be compensated in accordance with the standing order of the Court entered pursuant to Rule 16.2.B.6, or on such basis as may be agreed to in writing by the parties and the mediator selected by the parties. The cost of mediation shall be shared equally by the parties unless otherwise ordered by the Court. All payments shall be remitted to the |

| | | |
|---|---|---|
| | | mediator within 30 days of the date of the bill. Notice to the mediator of cancellation or settlement prior to the scheduled mediation conference must be given at least two (2) full business days in advance. Failure to do so will result in imposition of a fee for one hour. 9. If a full or partial settlement is reached in this case, counsel shall promptly notify the Court of the settlement in accordance with Local Rule 16.2.F, by filing a notice of settlement signed by the counsel of record within ten (10) days of the mediation conference. Thereafter, the parties shall forthwith submit an appropriate pleading concluding the case. 10. Within five (5) days following the mediation conference, the mediator shall file a Mediation Report indicating whether all required parties were present. The report shall also indicate whether the case settled (in full or in part), was continued with the consent of the parties, or whether the mediator declared an impasse. 11. If mediation is not conducted, the case may be stricken from the trial calendar, and other sanctions may be imposed. Signed by Judge K. Michael Moore on 11/25/2024. (dp01) (Entered: 11/25/2024) |
| 11/27/2024 | 26 | Consent by Pro Se Litigant (Non-Prisoner) Christopher Kosachuk to receive Notices of Electronic Filing at email address: chriskosachuk@gmail.com (cqs) (Entered: 11/27/2024) |
| 12/02/2024 | 27 | Renewed MOTION to Remand to State Court by Christopher Kosachuk. (cqs) (Entered: 12/02/2024) |
| 12/02/2024 | 28 | NOTICE OF WITHDRAWAL OF MOTION by Christopher Kosachuk re 23 MOTION to Remand to State Court filed by Christopher Kosachuk (cqs) (Entered: 12/02/2024) |
| 12/02/2024 | | SYSTEM ENTRY - Docket Entry 29 [misc] restricted/sealed until further notice. (cds) (Entered: 12/02/2024) |
| 12/03/2024 | 30 | MOTION to Register as ECF Filing User. by Christopher Kosachuk. (gqa) (Entered: 12/03/2024) |
| 12/03/2024 | 31 | ORDER SETTING DISCOVERY PROCEDURES. Signed by Magistrate Judge Ellen F. D'Angelo on 12/3/2024. *See attached document for full details*. (gqa) (Entered: 12/03/2024) |
| 12/03/2024 | 32 | ORDER DENYING PLAINTIFF'S MOTION TO REGISTER AS ECF FILING USER 30 Motion. Signed by Magistrate Judge Ellen F. D'Angelo on 12/3/2024. *See attached document for full details*. (gqa) (Entered: 12/03/2024) |
| 12/03/2024 | 33 | ORDER Denying Without Prejudice 29 Motion to Seal. Signed by Magistrate Judge Ellen F. D'Angelo on 12/3/2024. *See attached document for full details*. (cds) Modified Unseal Entry on 12/4/2024 Per Chambers (cds). (Entered: 12/04/2024) |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 12/07/2024 08:13:54 | | |
| PACER Login: | joel0027 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 1:24-cv-23089-KMM |
| Billable Pages: | 8 | Cost: | 0.80 |

**EXHIBIT C**                                                                      **CLOSED**

## U.S. Bankruptcy Court
### Southern District of Florida (Miami)
### Miscellaneous Proceeding #: 15-00101-LMI

*Assigned to:* Laurel M Isicoff                                   *Date Filed:* 05/07/15
                                                                 *Date Terminated:* 01/15/19

**Debtor**
-----------------------
**Christopher Kosachuk**                          represented by **Christopher Kosachuk**
SSN / ITIN: xxx-xx-0000                                         PRO SE
*aka* **Chris Kosachuk**


**Defendant**
-----------------------
**9197-5904 QUEBEC, INC,**                        represented by **Joel M. Aresty, Esq.**
c/o Joel Aresty                                                Joel M. Aresty, P.A.
309 1st Ave S                                                  309 1st Ave S
Tierra Verde, Fl 33715                                         Tierra Verde, FL 33715
                                                               305-904-1903
                                                               Fax : 800-559-1870
                                                               Email: aresty@mac.com

| Filing Date | # | Docket Text |
|---|---|---|
| 05/07/2015 | 1<br>(3 pgs) | Registration of Foreign Judgment. (Garcia, Nelly) (Entered: 05/07/2015) |
| 05/07/2015 | | Receipt of Ancillary Filing Fee - $46.00 by NG. Receipt Number 308954. (admin) (Entered: 05/07/2015) |
| 05/08/2015 | 2<br>(5 pgs) | Certificate of Service Filed by Debtor Christopher Kosachuk (Re: 1 Registration of Foreign Judgment filed by Debtor Christopher Kosachuk). (Valencia, Yamileth) (Entered: 05/11/2015) |
| 12/21/2018 | 3<br>(1 pg) | Order Directing Clerk of Court to Close This Case . (Valencia, Yamileth) (Entered: 12/21/2018) |
| 12/23/2018 | 4<br>(2 pgs) | BNC Certificate of Mailing - PDF Document (Re: 3 Order Directing Clerk of Court to Close This Case .) Notice Date 12/23/2018. (Admin.) (Entered: 12/24/2018) |

| 01/15/2019 | 5 | Miscellaneous Case Closed. (Valencia, Yamileth) (Entered: 01/15/2019) |
|---|---|---|
| 11/27/2024 | 6<br>(6 pgs) | Motion for Writ of Execution Filed by Plaintiff Christopher Kosachuk (Rodriguez, Olga) (Entered: 11/27/2024) |
| 11/27/2024 | 7<br>(1 pg) | COPY OF ISSUED Writ of Execution (Re: 6 Motion for Writ of Execution Filed by Plaintiff Christopher Kosachuk) **Original Given To Plaintiff** (Rodriguez, Olga) (Entered: 11/27/2024) |
| 12/02/2024 | 8 | Judge Laurel M Isicoff added to case. Involvement of Judge A Jay zCristol Terminated (Blanco, Nora) (Entered: 12/02/2024) |
| 12/02/2024 | 9<br>(4 pgs) | Motion to Reopen Case Filed by Debtor Christopher Kosachuk (Oriol-Bennett, Alexandra) (Entered: 12/02/2024) |
| 12/02/2024 | 10<br>(5 pgs; 2 docs) | Motion to File Document UNDER SEAL. This Document **WILL** be Available for Public Viewing. Filed by Debtor Christopher Kosachuk (Attachments: # 1 Appendix) (Oriol-Bennett, Alexandra) (Entered: 12/02/2024) |
| 12/02/2024 | 11<br>(12 pgs) | Notice of Filing and Motion for Judicial Notice of USCA Order Filed by Debtor Christopher Kosachuk . (Oriol-Bennett, Alexandra) (Entered: 12/02/2024) |
| 12/03/2024 | 12<br>(85 pgs) | Motion Verified Motion for Proceedings Supplementary, for Order Imp leading Additional Defendants and for Assignment and/or U.S. Marshal's Sale of Choses In Action. Filed by Debtor Christopher Kosachuk (Olivier, Mike) (Entered: 12/03/2024) |
| 12/03/2024 | 13<br>(5 pgs) | Motion Plaintiff Christopher Kosachuk's Pro Se Motion to Register as ECF Filing User in this Court Filed by Debtor Christopher Kosachuk (Olivier, Mike) (Entered: 12/03/2024) |
| 12/03/2024 | 14<br>(2 pgs) | Declaration *OF LIZA HAZAN ALSO KNOWN AS ELIZABETH HAZAN RE HOMESTEAD* Filed by Defendant 9197-5904 QUEBEC, INC, (Re: 7 Writ of Execution). (Aresty, Joel) (Entered: 12/03/2024) |
| 12/04/2024 | 15<br>(2 pgs) | Declaration *corrected* Filed by Interested Party Liza Hazan (Re: 14 Declaration filed by Defendant 9197-5904 QUEBEC, INC,). (Aresty, Joel) (Entered: 12/04/2024) |
| 12/04/2024 | 16<br>(161 pgs) | Emergency Motion to Strike Chris Kosachuks fraudulent Motion For Writ of Execution [D.E. 6] and fraudulent Writ of Execution [D.E 7] (the The Writ of execution), and file their motion to transfer this closed case to pending case involving same parties case 1:24-cv-23089-KMM *and for sanctions* Filed by Interested Party Liza Hazan (Aresty, Joel) (Entered: 12/04/2024) |
|  | 17<br>(1 pg) | Notice of Hearing (Re: 9 Motion to Reopen Case Filed by Debtor Christopher Kosachuk) Hearing scheduled for 12/18/2024 at 09:30 AM |

| | | |
|---|---|---|
| 12/05/2024 | | by Video Conference. (Sanabria, Noemi) (Entered: 12/05/2024) |
| 12/05/2024 | 18 (1 pg) | Notice of Hearing (Re: 10 Motion to File Document UNDER SEAL. This Document **WILL** be Available for Public Viewing. Filed by Debtor Christopher Kosachuk ) Hearing scheduled for 12/18/2024 at 09:30 AM by Video Conference. (Sanabria, Noemi) (Entered: 12/05/2024) |
| 12/05/2024 | 19 (1 pg) | Notice of Hearing (Re: 12 Motion Verified Motion for Proceedings Supplementary, for Order Imp leading Additional Defendants and for Assignment and/or U.S. Marshal's Sale of Choses In Action Filed by Debtor Christopher Kosachuk) Hearing scheduled for 12/19/2024 at 09:30 AM by Video Conference. (Sanabria, Noemi) (Entered: 12/05/2024) |
| 12/05/2024 | 20 (1 pg) | Notice of Hearing (Re: 13 Motion Plaintiff Christopher Kosachuk's Pro Se Motion to Register as ECF Filing User in this Court Filed by Debtor Christopher Kosachuk) Hearing scheduled for 12/18/2024 at 09:30 AM by Video Conference. (Sanabria, Noemi) (Entered: 12/05/2024) |
| 12/05/2024 | 21 (1 pg) | Notice of Hearing (Re: 16 Emergency Motion to Strike Chris Kosachuks fraudulent Motion For Writ of Execution [D.E. 6] and fraudulent Writ of Execution [D.E 7] (the The Writ of execution), and file their motion to transfer this closed case to pending case involving same parties case 1:24-cv-23089-KMM *and for sanctions* Filed by Interested Party Liza Hazan) Hearing scheduled for 12/18/2024 at 09:30 AM by Video Conference. (Sanabria, Noemi) (Entered: 12/05/2024) |
| 12/06/2024 | 22 (4 pgs) | *Ex Parte* Motion to Continue Hearing On: [(9 Miscellaneous Motion, 10 Motion to Seal, 12 Miscellaneous Motion, 13 Miscellaneous Motion, 16 Miscellaneous Motion)] Filed by Defendant 9197-5904 QUEBEC, INC,, Interested Party Liza Hazan (Aresty, Joel) (Entered: 12/06/2024) |
| 12/06/2024 | 23 (1 pg) | Notice of Hearing (Re: 22 Motion to Continue Hearing On: [(9 Miscellaneous Motion, 10 Motion to Seal, 12 Miscellaneous Motion, 13 Miscellaneous Motion, 16 Miscellaneous Motion)] Filed by Defendant 9197-5904 QUEBEC, INC,, Interested Party Liza Hazan filed by Interested Party Liza Hazan, Defendant 9197-5904 QUEBEC, INC,) Hearing scheduled for 12/10/2024 at 10:45 AM by Video Conference. (Sanabria, Noemi) (Entered: 12/06/2024) |
| 12/06/2024 | 24 (2 pgs) | *Ex Parte* Motion to Continue Hearing On: [(22 Motion to Continue/Reschedule Hearing, 23 Notice of Hearing)] Filed by Defendant 9197-5904 QUEBEC, INC,, Interested Party Liza Hazan (Aresty, Joel) (Entered: 12/06/2024) |
| | 25 (1 pg) | Re- Notice of Hearing (Re: 12 Motion Verified Motion for Proceedings Supplementary, for Order Imp leading Additional Defendants and for Assignment and/or U.S. Marshal's Sale of Choses In Action. Filed by Debtor Christopher Kosachuk filed by Debtor Christopher Kosachuk) Hearing scheduled for 12/18/2024 at 09:30 AM by Video Conference. |

## PACER Service Center

### Transaction Receipt

12/07/2024 08:24:41

| PACER Login: | joel0027 | Client Code: | |
|---|---|---|---|
| Description: | Docket Report | Search Criteria: | 15-00101-LMI Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| Billable Pages: | 3 | Cost: | 0.30 |