**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

CHRIS KOSACHUK,   Case #: 15-MP-101-LMI

    Plaintiff,

vs.

9197-5904 QUEBEC, INC,

    Defendant.
_____/

**9197-5904 QUEBEC, INC'S MOTION TO STRIKE DISSOLVE CHRIS KOSACHUK'S MOTION FOR WRIT OF EXECUTION [D.E. 6] [D.E. 7] AND STRIKE VERIFIED MOTION FOR PROCEEDING SUPPLENTARY, FOR ORDER IMPLEADING ADDITIONAL DEFENDANTS, SANCTIONS, ATTORNEY FEES AND PUNITIVE DAMAGES AGAINST CHRIS KOSACHUK**

Comes now **9197-5904 QUEBEC, INC'S**, (Quebec) by and through undersigned counsel, hereby file its Motion to Strike Chris Kosachuk's fraudulent Motion For Writ of Execution [D.E. 6] and fraudulent Writ of Execution [D.E 7] (the "The Writ of execution"), and Motion To Strike Kosachuk's Verified Motion For Proceeding Supplementary, for an Order Impleading Additional Defendants and respectfully state as follows:

Quebec incorporates by reference  LIZA HAZAN ALSO KNOWN AS ELIZABETH HAZAN'S EMERGENCY MOTION TO STRIKE DISSOLVE CHRIS KOSACHUK'S MOTION FOR WRIT OF EXECUTION AND FOR SANCTIONS, ATTORNEY FEES AND PUNITIVE DAMAGES AGAINST CHRIS KOSACHUK, MOTION TO TRANSFER CASE, DE 16, and its exhibits, and also Motion to Withdraw Reference and Stay Case DE 26.

The motion to withdraw has been transmitted to the District Court where Quebec will file a motion to transfer it to Judge Moore. DE 56. See Movant's designation of the entire record in this case as reflected in the docket  exhibit C. [D.E. 26-C].

**INTRODUCTION**

Mr. Kosachuk  waited  6 years and did nothing in this case.

Meanwhile he was litigating the following cases now pending in the district court in Florida before Judge Moore and Pennsylvania and in Delaware before Judge Moore on the same subject matter:

A. 1:18-mc-25369-KMM Kosachuk v. 9197-5904 Quebec, Inc. Assigned to: Chief Judge K. Michael Moore – see docket attached as exhibit A [D.E. 26-A].

B. 1:24-cv-23089-KMM CHRISTOPHER KOSACHUK, Plaintiff, vs. 9197-5904 QUEBEC, INC. Judge Moore has ordered a trial on May 19, 2025, on same issues. [D.E. 24] in case 1:24-cv-23089-KMM – see docket attached as exhibit B. [D.E. 26-B]

Defendant has already requested that this case be transferred to Judge Moore, [DE 16], but the reference should be withdrawn and activity in this case should be stayed because it is duplicative of the district court cases.

The writ should be stayed because it was improperly issued by the clerk when the case was closed.

Bankruptcy Rule 5011(c) provides explicitly that the bankruptcy judge may stay proceedings on a motion to withdraw:

> The filing of a motion for withdrawal of a case or proceeding or for abstention pursuant to 28 U.S.C. § 1334(c) shall not stay the administration of the case or any proceeding therein before the bankruptcy judge except that the bankruptcy judge may stay, on such terms and conditions as are proper, proceedings pending disposition of the motion. A motion for stay ordinarily shall be presented to the bankruptcy judge. A motion for a stay or relief from a stay filed in the district court shall state why it has not been presented to or obtained from the bankruptcy judge. Relief granted by the district judge shall be on such terms and conditions as the judge deems proper

A stay of these proceedings pending a determination of the motion to withdraw the reference would be proper due to (1) the likelihood of prevailing on the merits, i.e., that the pending motion will be granted; (ii) that movant will suffer irreparable harm if the stay is denied; (iii) that the other party will not be substantially harmed by the stay; and (iv) that the public interest will be served by granting the stay." Sec. & Exch. Comm'n v. Pension Fund of Am., L.C., No. 05-20863-CIV, (S.D. Fla. Nov. 7, 2005). NBV Loan Acquisition, LLC v. Lexi Dev. Co., No. 19-20188-WILLIAMS (S.D. Fla. Jan. 18, 2019).

Also see EFN W. Palm Motor Sales, LLC v. Hyundai Motor Am. Corp. 21-80348-CIV-CANN/Matthewman (S.D. Fla. Oct. 7, 2022) which held a district court has discretion to stay

proceedings "pending the resolution of a related case in another court." Ortega Trujillo v. Conover & Co. Commc'ns, 221 F.3d 1262, 1264 (11th Cir. 2000) (citing Clinton v. Jones, 520 U.S. 681, 707 (1997)). In considering whether to grant or deny a motion to stay proceedings, a court may evaluate (1) the relatedness of the issues between two cases; (2) the duration of the cases; (3) whether a trial date has been set in the case in which a stay is sought; (4) whether a stay will reduce the burden of litigation on the parties and the court; and (5) whether the stay will unduly prejudice the non-moving party. See e.g., id. at 1265; Rivers v. Walt Disney Co., 980 F.Supp. 1358, 1360 (C.D. Cal. 1997); Payrange, Inc. v. Kiosoft Techs., LLC, No. 20-20970-CIV, 2020 WL 9158402, at *1 (S.D. Fla. Nov. 23, 2020).

On November 25, 2024, the Honorable Judge Michael Moore ordered a trial on May 19, 2025 on same issues. [D.E. 24] in case **1:24-cv-23089-KMM** and this Court should transfer this closed case to the open case pending before Judge Moore in District Court **1:24-cv-23089-KMM**.

Plaintiff has submitted the improper writ to the US Marshalls for Levy. Levy on the improper writ prior to disposition by this or the district court would irreparably harm movant, but merely preserve the status quo for plaintiff. Meanwhile the pendency of two prior cases in the district court evidences the likelihood of prevailing on the merits and the public interest is best served by discouraging duplicative cases in the federal courts.

Chris Kosachuk ("Kosachuk") is violating the Judge Cristol's prior bankruptcy Court Orders through this fraudulent Motion For Writ of Execution [D.E. 6] and fraudulent Writ of Execution [D.E 7] and Verified Motion For Proceeding Supplementary, for an Order Impleading Additional Defendants despite the fact that the bankruptcy court and other courts have barred him from doing so. As set forth below, Kosachuk and his entity NLG, LLC[1] have constantly harassed Non-Party Hazan for almost two decades based on their purported claims that were completely discharged in this bankruptcy Court and the honorable bankruptcy Judge A Jay Cristol entering a final judgment which found that Chris Kosachuk and Chris Kosachuk's corporation NLG do not hold any claims against Hazan.

This Court should deny the Motion for Writ of Execution as it improperly seeks to harass Ms. Hazan who was discharged after successfully reorganizing her chapter 11 bankruptcy case before Judge A. Jay Crisol. The fraudulent Motion for Writ of Execution falsely state a residential address that is the homestead property that belongs to Liza Hazan a/k/a Elizabeth Hazan and not the defendant Canadian Corporation 9197-5904 Quebec, Inc.

Doctrines of res judicata and collateral estoppel also prevent Chris Kosachuk from proceeding. Judge Cristol has already ordered Chris Kosachuk to withdraw all his filings in the case before judge Michael Moore involving same judgment and same parties Kosachuk and Quebec or he would be fined $1,000 per day Chris Kosachuk v. 9197-5904 Quebec, Inc., Case No. 18-25369-MC-MOORE (S.D. Fla.)("District Court case"), an action to register an Order and Final Judgment entered on March 24, 2015. Chris Kosachuk filed an involuntary Chapter 7 bankruptcy case against NLG, LLC in Delaware.

Moreover, the court has no jurisdiction over the Canadian corporation 9197-5904 Quebec, Inc. as it has no business in Florida, no employees in Florida, no place in business in Florida. Quebec's last known address of Quebec is 4-5552 Queen Mary Road Cote St Luc H3X 1V9. Enterprise number 1165198848. Quebec never had an address at Elizabeth Hazan's homestead property located on Fisher Island at 6913 Valencia Drive Fisher Island Florida 33109.

## BACKGROUND

I. **CANADIAN COMPANY 9197-5904 QUEBEC INC IS NOT LOCATED AT ELIZABETH HAZAN'S HOMESTEAD RESIDENCE LOCATED AT 6913 VALENCIA DRIVE FISHER ISLAND FL 33109 and The Bankruptcy Judge Cristol found that Chris Kosachuk and his Company, NLG, did not have a claim against Ms. Hazan and has repeatedly sanctioned NLG, Kosachuk, and his counsels for violating the Bankruptcy Discharge Order based on continued improper collection efforts and held them in contempt of court.**

Elizabeth Hazan's homestead property is located at 6913 Valencia Drive Fisher Island 33109 with the following legal description: LOT 7, Block 2, LINDISFARNE ON FISHER ISLAND SECTION 10 according to the Plat thereof, recorded in PLAT Book 157, Page 64, of the Public Records of Miami-Dade County, Florida. QUEBEC is located in Canada at 5552 Queen Mary Road, Cote-St-Luc Quebec H3X 1V9 Canada. Quebec never had an address at 6913 Valencia Drive Fisher Island Fl 33109.

Hazan commenced an adversary proceeding in Bankruptcy Court to resolve certain claims. Among others, on August 21, 2016, the Hazan commenced the Adversary Proceeding against Kosachuk corporation NLG, LLC. (BK A.P. Case No. 16-01439-AJC D.E. 1).

On January 3, 2017, the Hazan filed her Third Amended Complaint which sought, among other things: (i) Count I – to determine the extent, validity, and priority of NLG's claim of alleged lien; (ii) Count II – to avoid NLG's alleged security interest pursuant to § 544; and (iii) to Quiet Title (the "Counts") (BK A.P. C.P. 48).

The Court conducted a multi-day trial in the Adversary Proceeding on July 13, 2017. (BK A.P. C.P 188) (Case No. 16-01439-AJC). Following the trial, on November 1, 2017, the Bankruptcy Court entered the Judgment on Counts I, II and III in favor of Hazan. (the "Bankruptcy Final Judgment") (BK A.P. C.P. No. 238):

The Bankruptcy Final Judgment provides, in relevant part:

a. "NLG's Proof of Claim #17, having been filed after the bar date, it is disallowed and the Court finds that **NLG has no standing in this case** based upon the Note, Mortgage, claim or lien emanating therefrom." *Id.* at p. 13 (emphasis added).

b. **NLG, LLC's judgment on the promissory note, the Scola Judgment, recorded at Book 26406, Page 3259-3260, CFN2008R0446831, also recorded at Book 26357 Pages 3948-3949 CFN20080361591, the Note and the Mortgage recorded at Book 25559 Pages 4266-4272 CFN2007R0410013, NLG, LLC's foreclosure Judgment entered in favor of NLG and against Elizabeth Hazan on December 4, 2015, the Gordo Foreclosure Judgment, recorded at Book 29902 Pages 3737-3742 CFN 20150812181 affecting Debtor's homestead Property known as 6913 Valencia Drive, Miami, Florida 33109 with the following legal**

      description:

      **LOT 7, Block 2, LINDISFARNE ON FISHER ISLAND SECTION 10**
      **according to the Plat thereof, recorded in PLAT Book 157, Page 64, of the Public Records of Miami-Dade County, Florida have been satisfied and paid, and are deemed SATISFIED OF RECORD, and Debtor has good title to said Property against the claims or purported claims by, through, under, or against it by NLG, LLC and the title to the Property is forever quieted as to all claims of NLG, LLC.**

   c.   Selective shall give credit to NLG, LLC in the amount of $4,876,654.29 toward NLG's outstanding debt due to Selective pursuant to the Quebec Judgment.

   d.   NLG's Proof of Claim #17 is disallowed and **NLG, LLC has no claim against the Debtor, Liza Hazan a/k/a Elizabeth Hazan, under the Note, Mortgage or any court order.**

Adversary Proceeding Final Judgment (emphasis added). A true and correct copy of the Final Judgment was attached was **Exhibit "A."** [D.E. 16-A]

***II. Kosachuk Verified Motion For Proceeding Supplementary, for an Order Impleading Additional Defendants is a collateral attack on Judge Cristol Final Judgment in Liza Hazan bankruptcy chapter 11 case 16-100389-AJC and confirmation Plan of Reorganization and Discharge Order and multiple sanctions contempt orders against Kosachuk***

Kosachuk's allegations are in direct contravention of The Honorable Bankruptcy Judge A Jay Cristol Final Judgment, Confirmation Order, Discharge Order, Court Orders (including the Discharge Order) and permanent injunctions against Kosachuk in Liza Hazan bankruptcy chapter 11 case 16-100389-AJC. Further, Kosachuk in a desperate attempt to continue improper collection efforts against reorganized and discharged Liza Hazan a/k/a Elizabeth Hazan fails to advise this Honorable Court that his bankrupt corporation NLG, LLC through him and his counsel Juan Ramirez Jr were found in contempt of Court numerous times by the Honorable Judge A Jay Cristol for violating the Bankruptcy Court Final Judgment entered in favor of Selective Advisors Group, LLC ("Selective") and in favor of Reorganized and Discharged Liza Hazan in Case 16-01439-AJC Adversary Case No. 16-01439-AJC.

Further, Hazan's fourth plan of confirmation was confirmed on June 12, 2018, and the Confirmation Order, provides in pertinent part:

Any judgment obtained in any court other than this Court is null and void as a determination of the individual liability of the Debtor with respect to debts dischargeable or determined by this Court to be discharged under 11 USC § 1141."

All creditors whose judgments are declared null and void (if any) are enjoined from commencing, continuing, or employing any action, process, or act to collect, recover, or offset any such debts as personal liability of the Debtor, or from property of the Debtor, whether or not discharge of such Debtor is waived."

All creditors are also enjoined from commencing, continuing, or employing any action, process, or act to collect, recover, or offset any debts, or enforce any liens against the Debtor on account of any debt that existed as of the Petition Date."

The Bankruptcy Court shall retain jurisdiction: (a) To enable the Debtor to consummate the Plan and any amended or modified Plan and to resolve any disputes arising with respect thereto; (b) To enable the Debtor to consummate any and all proceedings that it may bring prior to the entry of the Confirmation Order;
(c) To determine all controversies relating to or concerning the classification, subordination, allowance, valuation or satisfaction of Claims; (d) To liquidate or estimate for purposes of allowance all contested, contingent or unliquidated Claims; (e) To determine the validity, extent and priority of all liens, if any, against property of the estate; (f) To determine all assertions or an ownership interest in, the value of, or title to, any property of the estate; (g) To determine all objections to Administrative Claims; (h) To determine all (1) adversary proceedings, contested or litigation matters brought before the Bankruptcy Court; and, (2) any and all claims or Causes of Action asserted by the Debtor, either by and through the Debtor or Reorganized Debtor;

(i) Without limiting the generality of the preceding paragraph, to determine any Avoidance Action brought by the Debtor;

(j) To determine all controversies arising out of any purchase, sale, or contract made or undertaken by the Debtor prior to the Confirmation Date;

(k) To enforce all agreements assumed, if any, and to recover all property of the estate, wherever located;

(i) To determine any tax liability of the estate in connection with the Plan, actions taken, distributions or transfers made thereunder;

(m) To enforce any and all injunctions created pursuant to the terms of the Plan;

(n) To modify the Plan or to remedy any defect or omission or reconcile any inconsistencies in the Plan either before or after the entry of the Confirmation Order;

> (o) To hear and determine all controversies, suits, and disputes that may arise in connection with the interpretation or enforcement of the Plan;
>
> (p) To make such orders as are necessary or appropriate to carry out the provisions of the Plan."
>
> 18. Pursuant to 11 U.S.C. § 1141(d)(5)(A), the Debtor shall be discharged from all pre- Confirmation debts except as is provided in the Plan, pursuant to the procedures set forth herein.."

Confirmation Order [BK Case D.E. 691]. A true and correct copy of the Confirmation Order was attached as **Exhibit "B."** [D.E. 16-B]

On December 6, 2018 The Bankruptcy Court entered an Order Granting Hazan Discharge: which provides, among other things

> "4. The Reorganized Debtor is entitled to a discharge in accordance with the provisions of 11 U.S.C. § 1141(d)(5), and the Fourth Amended Plan and the Confirmation Order; thus, the Reorganized Debtor is **DISCHARGED** pursuant to the provisions of 11 U.S.C. § 1141(d) from any debt that arose before the date of such confirmation and any debt of any kind specified in Section 502(g), 502(h) or 502(i) of Title 11 in accordance with the provisions of 11 U.S.C. § 1141(d)."

[BK Case D.E. 766, paragraph 4]. A true and correct copy of the Discharge Order was attached as **Exhibit "C."** [D.E.16-C]

Notwithstanding the Bankruptcy Court Final Judgment and the discharge injunction entered in favor of Hazan and Meehan's corporation, Kosachuk and his corporation NLG and NLG's counsels have continued to ignore the Bankruptcy orders, Final Judgment and permanent injunctions against them and have continuously acted in contravention of the bankruptcy rulings even after being cautioned to refrain from taking any other action in contravention of the Bankruptcy Final Judgment. Ms. Hazan has moved multiple times to hold Kosachuk, NLG and NLG's counsel Ramirez and Astrid Gabbe in contempt of court and Judge A Jay Cristol granted Hazan's motions for contempt against Kosachuk.

In fact, on December 28, 2018 Judge Cristol held NLG and Ramirez in contempt of court and in violation of his orders and granted sanctions against them and in favor of Hazan:

> 1. The Court finds that **Attorney Ramirez and NLG have violated the injunctions in the Confirmation Order** by filing the cross-claim in the Foreclosure Action seeking to foreclose a pre-petition debt that was deemed satisfied and otherwise extinguished in this bankruptcy case.
>
> 2. *Attorney Ramirez and NLG shall immediately withdraw or* **dismiss the cross-claim** filed in the Foreclosure Action, and upon dismissal of the cross-claim, the *lis pendens* shall be dissolved.
>
> 3. **If the cross-claim is not immediately dismissed, NLG, LLC and Juan Ramirez, Esq., will be determined to be in contempt of this Court's Orders and the Court will consider the imposition of further sanctions, including punitive damages.**
>
> 4. **NLG and Attorney Ramirez are cautioned to refrain from taking any other action in contravention of the Final Judgment on Counts I, II and III entered on November 1, 2017 in Adv. No. 16-01439 or the Confirmation Order entered on June 12, 2018.**
>
> 5. **NLG and Mr. Ramirez shall be jointly and severally liable for the attorney's fees in the amount of $9,500.00 as reasonable fees incurred by the Reorganized Debtor for filing the Motion in this case, appearing before the Court at two (2) hearings and filing post- hearing submissions with the Court, all in defense of NLG's improperly filed and violative cross-claim in the Foreclosure Action.**

Sanctions Order [BK Case D.E. 780]. A true and correct copy of the Sanctions is attached hereto as **Exhibit "D." [D.E. 16-D]**

On March 18, 2019, the Bankruptcy Court entered a Final Judgment against Kosachuk's corporation NLG and against his lawyer Juan Ramirez JR. and in favor of Reorganized Discharged Debtor Liza Hazan a/k/a Elizabeth Hazan. [BK Case D.E. 825]. A true and correct copy of the Final Judgment against Kosachuk was attached as **Exhibit "E." [D.E. 16-E].**

In response to being sanctioned, Kosachuk filed a motion for Writ of Execution and is attempting to bring Non-Parties and discharged Non-Parties into litigation where he has no claim whatsoever against Non-Party Hazan.

Kosachuk holds a judgment against a defunct dissolved foreign Canadian company called 9197-5904 Quebec Inc that is not registered to do business in the State of Florida, has no employees in Florida.

This is continuation of improper collection techniques by Kosachuk who has lost any and all claims against Reorganized and Discharged Debtor Liza Hazan a/k/a Elizabeth Hazan and who is permanently enjoined from pursuing any claims against Ms. Hazan.

On December 8, 2018, in an adversary case filed by Chris Kosachuk and NLG against same Non-Parties Hazan, Meehan, and Meehan's various entities in Bankruptcy Case No. 18- 01492-AJC. Judge Cristol dismissed the case with prejudice against all parties.

On March 12, 2019, the Court entered an Order which provides, among other things:

> "The Court notes that Defendants have also raised other meritorious reasons for dismissing the Amended Complaint. For instance, **Plaintiff Chris Kosachuk, who has not filed a proof claim or otherwise participated in an individual capacity in Hazan's bankruptcy case, lacks standing** to seek revocation. Pursuant to 11 U.S.C. §1109(b), only '[a] party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter.' A party in interest
>
> must have 'a direct legal interest in the case' and may only 'assert that interest with respect to any issue to which it pertains.'"

Order Granting Motion to Dismiss Amended Complaint with Prejudice entered in Adv. No 18-1492-BKC-AJC-A and attached hereto as **Exhibit "F"** *quoting In re JMP-Newcor International, Inc.*, 225 B.R. 462, 464 (Bankr. N.D. Ill. 1998) (citations omitted**). [D.E. 16-F].**

As Kosachuk has no claim against Hazan, he is unable to challenge by the confirmation of Hazan's plan. NLG also lacks standing regarding confirmation of Hazan's plan because it holds no allowed claim. *See, e.g.*, *In re Flintkote Co.*, 526 B.R. 515, 520 (D. Del. 2014) (purported creditor lacked standing to challenge plan confirmation "because all of its asserted claims were untimely or disallowed"); *In re Delta Air Lines, Inc.*, 374 B.R. 516 (Bankr. S.D.N.Y. 2007)."

> **III.    Kosachuk, his company NLG, and his lawyers were sanctioned by Bankruptcy Judge Cristol and Judge Cristol held them in contempt of Court for filing writs of garnishments against Ms Hazan in same matter involving same foreign judgment in case Kosachuk v. 9197-5904 Quebec, Inc., Case No. 18-25369-MC-MOORE (S.D. Fla.)("District Court case"), an action to register an Order and Final Judgment entered on March 24, 2015.**

Although the judgment names 9197-5904 Quebec, Inc. (Quebec) as the judgment debtor, Astrid Gabbe, Esq. on behalf of Chris Kosachuk, filed a Motion for Postjudgment Writ of Garnishment

against Debtor Liza Hazan in the District Court case, Case No. 18-25369-MC-MOORE ,causing to be issued a Writ Of Garnishment against Ms. Hazan.Kosachuk, NLG, LLC and its attorney, Juan Ramirez, Jr. have repeatedly violated the orders of this Court, resulting in several previous sanctions orders. Despite this Court's previous orders and warnings, Kosachuk has again recorded a *lis pendens* against Ms. Hazan's home.  Ms. Hazan once again requested sanctions of increasing severity in order to finally deter Kosachuk from continuing with his wrongful conduct.  Kosachuk and the related parties have been found by this Court to have violated numerous orders, including violations of the Order Granting in Part Debtor's Amended Expedited Motion for Contempt, Sanctions, Damages and Punitive Damages case 16-10389-AJC [ECF NO. 780] **(the First Contempt Order**), Order Confirming Plan of Reorganization [ECF NO. 691][2] **(the Confirmation Order)**, Order Granting Motion to Reopen Case to Approve Final Report and Enter Discharge to Reorganized Debtor [ECF NO. 766] **(the Discharge Order)**, the March 12, 2019 Order on Reorganized Discharged Debtor's Motion for Contempt and Sanctions **(the Second Contempt Order)** [ECF 823], the April 12, 2019 Order Granting in Part and Denying in Part Motion for Contempt and Sanctions and Setting Further Hearing [ECF 856**] (the Third Contempt Order**), **(the Fourth Contempt Order)**, [ECF No. 932], the Order granting Hazan's Emergency Motion for Contempt [ECF No. 886], [ECF No. 902] **(the Fifth Contempt Order)**, Debtor's Expedited Motion for Contempt and to Impose Sanctions on NLG, Juan Ramirez Jr., Christopher Kosachuk and Motion for Entry of Final Judgment [ECF No. 926], [ECF No. 932], the Order Granting Debtor's Motions for contempt and Setting hearing on NLG LLC's Motion to Strike and for Sanctions [ECF No. 932] **(the Sixth Contempt Order)**, the Order Granting Debtor's Motion For Contempt and Sanctions For the filing of The Fifth Lis Pendens [ECF No. 995] **(the Seventh Contempt Order).**

On April12, 2019, the Bankruptcy Court entered an Order Granting Ms. Hazan's Motion for contempt and Sanctions against Chris Kosachuk. The Motion seeks sanctions against Astrid Gabbe, Esq. and Chris Kosachuk for filings made in *Chris Kosachuk v. 9197-5904 Quebec, Inc.*, Case No. 18-25369-MC-MOORE (S.D. Fla.) ("District Court case"), an action to register an Order and Final Judgment entered on March 24, 2015. See United States Bankruptcy Court Southern District Court of Florida Miami Division Case 16-10389-AJC.

Although the judgment names 9197-5904 Quebec, Inc. (Quebec) as the judgment debtor, Astrid Gabbe, Esq. on behalf of Chris Kosachuk, filed a *Motion for Postjudgment Writ of Garnishment* against Debtor Liza Hazan in the District Court case, causing to be issued a Writ of Garnishment against Ms. Hazan. Answers to the writs were necessarily filed and Objections to those answers were filed by Attorney Gabbe for Chris Kosachuk.

Thereafter, Attorney Gabbe, on behalf of Chris Kosachuk, filed in the District Court case the *Judgment Creditor Chris Kosachuk's Verified Motion to Enforce Final Judgment [D.E. 1] by Piercing the Corporate Veil of Bad Faith Petitioning Creditor 9197-5904 Quebec, Inc. Againsts [sic] its Officers and Beneficiaries: Raymond Houle, Elizabeth Hazan A/k/a Liza Hazan and Her Husband Sean Meehan and Incorporated Memorandum of Law*. The verified motion seeks to pierce the corporate veil of Quebec to Debtor Hazan and her husband, Sean Meehan, on the theory that Quebec is and has always been Hazan's "alter-ego," and that Hazan and Meehan are liable for Quebec's purported debt to Kosachuk. Attorney Gabbe, for Kosachuk, requested the District Court pierce the corporate veil of Quebec and enter judgment against Mr. Houle, Ms. Hazan, Mr. Meehan and Selective, jointly and severally.

These attempts to collect on the Quebec judgment from Ms. Hazan are blatantly contemptuous acts in willful defiance of this Court's Confirmation Order (ECF 691), Discharge Order (ECF 766) and the discharge injunction provided under the Bankruptcy Code. Kosachuk, and Attorney Gabbe, have appeared throughout these proceedings and Kosachuk's corporation, NLG, LLC, has likewise appeared throughout these proceedings. Despite his participation in this case, Mr. Kosachuk never filed a claim in this case, for this prepetition judgment or any other. If Mr. Kosachuk believed he may have had a claim against this Debtor for the 2015 prepetition judgment, he should have filed same during the course of the case; but having chosen not to, any alleged claim was lost, or waived, upon the entry of the Confirmation Order and the Order of Discharge.

The Confirmation Order prohibits pursuit of prepetition debts against Hazan and the Discharge Order discharged Hazan of liabilities accruing prior to entry of the Confirmation Order. The Final Order and Judgment against Quebec having been entered **on March 24, 2015**, before the Confirmation Order was entered and before the filing of the petition for relief, any such liability of Hazan would be a prepetition debt discharged by the orders of this Court. Given their active participation in Hazan's bankruptcy case, it is indisputable that Kosachuk and Gabbe have actual knowledge of the proceedings in this case, including the entry of the Confirmation Order and Discharge Order. In fact, they have appealed the Confirmation Order, along with other Orders, but have not obtained a stay of any Order of the Court. Thus, the Confirmation Order and Order of Discharge having become final, Kosachuk and Gabbe are prohibited from seeking to enforce the Quebec judgment against Hazan in the District Court case. The Court cannot allow this willful violation of the Court's Orders and the discharge injunction to pass without ensuring counsel and her client know what they did was wrong. Therefore, the Court will sanction Astrid Gabbe, Esq. and her client, Chris Kosachuk, jointly and severally, for filing the foregoing motions against the Debtor in the District Court case, thereby unnecessarily multiplying the pleadings in the District Court case. To ensure these violations

do not persist, Gabbe and Kosachuk will be jointly and severally liable for the attorneys fees Hazan incurred to defend herself in the District Court case. They shall also be required to withdraw all pleadings against Hazan within 48 hours or be fined $1,000 a day for each day that the motions against Hazan remain on the docket without withdrawal, as the motions seek to enforce, at best, a discharged debt, if any at all.

Accordingly, it is

ORDERED AND ADJUDGED that the *Reorganized Discharged Debtor's Expedited Motion for Contempt and to Impose Sanctions on NLG, Juan Ramirez Jr., Christopher Kosachuk, and Astrid Gabbe* (ECF 836) is GRANTED IN PART AND DENIED IN PART as follows:

1. Astrid Gabbe, Esq. and Chris Kosachuk shall withdraw all pleadings against Liza Hazan in the District Court case within 48 hours of entry of this Order, or the Court will fine them
$1,000 a day for each day that the motions against Hazan remain on the docket without withdrawal, as the motions seek to enforce, at best, a discharged debt, if any at all.
2. Astrid Gabbe, Esq. and Chris Kosachuk are liable, jointly and severally, for all reasonable and necessary attorneys fees that Debtor Liza Hazan incurred to defend herself in the District Court case.
2. Within fourteen (14) days of entry of this Order, Debtor's counsel shall file an affidavit of all fees incurred by Debtor to defend herself in the District Court case, and the Court will conduct a hearing on May 8, 2019 at 11:00 AM in Courtroom 7, 301 North Miami Ave., Miami, FL to consider any objections to said fees.

See Case 16-10389-PGH Doc 856. See **Exhibit G. [D.E. 16-G].**

Hazan does not have a relationship with Quebec. Among other things: Quebec never maintained an office at Ms. Hazan's personal address 6913 Valencia Drive Miami Florida 33109. Quebec has its own Canadian address and does not maintain an address at Ms. Hazan nor her personal attorneys' address. Hazan does not own an interest in Quebec nor is she an officer. See attached as **Exhibit "H" [D.E. 16-G]** statements of schedules and affairs filed in the Hazan's Bankruptcy Case No. 16-10389-AJC which reflects that Quebec was never part of Ms. Hazan's corporations.

Further, Kosachuk failed to assert these claims in the bankruptcy case and is barred from doing so now. The only fraud case Kosachuk had alleged against Meehan and Hazan was dismissed with prejudice in the Bankruptcy. *See* Order Granting Motion to Dismiss Amended Complaint with Prejudice at **Exhibit "F.". [D.E. 16-F].**

Further, Ms. Hazan was discharged in the Bankruptcy Court and her Fisher Island property

was dealt with in the plan and NLG and Kosachuk are permanently forever enjoined to bring any claim against Hazan or the property. Moreover, the Bankruptcy Court Final Judgment addressed the parties respective rights and is binding under, among other principals res judicata and claim preclusion. Res judicata—or, to use the more modern terminology, "claim preclusion"—is a bedrock principle of our legal system. Public policy "dictates that there be an end of litigation, that those who have contested an issue shall be bound by the result of the contest, and that matters once tried shall be considered forever settled as between the parties." *Baldwin v. Iowa State Traveling Men's Assn.*, 283 U.S. 522 (1931).

Finally, it is improper for the Plaintiff to pursue this relief in Florida and should proceed in Canada as this Court lacks jurisdiction over Quebec.

### IV. This Court should transfer this case to the case involving same judgment same parties before Judge Moore and grant a stay

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997); see also Ortega Trujillo v. Conover & Co. Commc'ns, Inc., 221 F.3d 1262, 1264 (11th Cir. 2000). Thus, a district court may "stay a case pending the resolution of related proceedings in another forum."Oretega, 221 F.3d at 1264. The stay, however, may not be "immoderate," which requires inquiry into "the scope of the stay (including its potential duration) and the reasons cited by the district court for the stay." Id. Where "a federal appellate decision . . . is likely to have a substantial or controlling effect on the claims and issues," a stay may be warranted. Miccosukee Tribe of Indians v. S. Fla. Water Mgmt. Dist., 559 F.3d 1191, 1198 (11th Cir. 2009).

A stay should be warranted (i) to avoid unnecessary expenditures of time and resources, (ii) because a decision on both distrct Court cases is expected in the next few months, and (iii) because there is a public interest in judicial economy and efficiency. See Lopez v. Miami-Dade Cty, — F. Supp. 3d —, —, 2015 WL 7202905, at *1 (S.D. Fla. Nov. 6, 2015) (granting a stay pending a decision in Spokeo); Boise v. ACE USA, Inc., No. 15-Civ-21264, 2015 WL 4077433, at *3 (S.D.

Fla. July 6, 2015) (granting a stay pending decisions in Campbell-Ewald and Spokeo).

Other courts have recently addressed this issue, and the majority have found a stay to be warranted pending the resolution of Campbell-Ewald and Spokeo. See, e.g., Schartel v. OneSource Tech., LLC, Case No. 1:15 CV 1434, 2015 WL 7430056, at *2 (N.D. Oh. Nov. 17, 2015); Eric B. Fromer Chiropractic, Inc. v. N.Y. Life Ins. & Annuity Corp., No. CV 15-04767-AB, 2015 WL 6579779 (C.D. Cal. Oct. 19, 2015); Duchene v. Westlake Servs., LLC, No. 2:13-CV-01577, 2015 WL 5947669, at *1 (W.D. Pa. Oct. 13, 2015); Yaakov v. Varitronics, LLC, No. 14-5008, 2015 WL 5092501, at *4 (D. Minn. Aug. 28, 2015); but see Coniglio v. Iqual Corp., No. 8:15-cv-2406-T-33AEP, 2015 WL 8521288, at *1 (M.D. Fla. Dec. 3, 2015) (declining to grant stay); Speer v. Whole Food Mkt. Grp., Inc., No. 8:14-cv-3035-T-26TBM, 2015 WL 2061665, at *1 (M.D. Fla. Apr. 29, 2015) (same). --------

> **V.** ***Kosachuk failed to file a motion to reopen** and serve it on all interested parties, including the US Trustee prior of filing his motion for writ of garnishment and his Verified Motion For Proceeding Supplementary, for an Order Impleading Additional Defendants. Kosachuk must file a proceeedings supplementary complaint*

Kosachuk did not file a motion to reopen and serve it on all interested parties, including the US Trustee. Rule 7001 below specifically states that any proceeding to recover money or property must be commenced as an adversarial proceeding.

An adversarial case is commenced by filing a complaint, not a motion in bankruptcy court. All the relief requested in the motion is barred by judicial estoppel because of all the previous orders that related to the claims raised in the motion.

In Florida, proceedings supplementary are governed by Section 56.29 of the Florida Statutes. The process for proceedings supplementary includes: 1 Confirming that the judgment creditor has an unsatisfied judgment or judgment lien 2 Issuing a writ of execution on the judgment 3 Filing a motion and affidavit to initiate proceedings supplementary 4 Issuing a notice to appear 5 Examining the judgment debtor 6 Filing a proceedings supplementary complaint 7 Ordering

the sale of the judgment debtor's property if the third party does not contest ownership. Kosachuk must file an adversary case.

WHEREFORE, Quebec respectfully request that (1) Strike or dissolve Chris Kosachuk's Motion for Writ of execution in its entirety, with prejudice; (2) Strike Kosachuk Verified Motion For Proceeding Supplementary, for an Order Impleading Additional Defendants; (3) Order the Clerk to Dissolve the Writ of execution issued; (3) Order the Clerk to immediately stay the case and or transfer this case to the pending case **1:24-cv-23089-KMM** before the honorable Judge Michael Moore involving same parties; and (3) grant other relief that this court may deem just and proper.

### CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that on this 30th day of December, 2024, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

Respectfully submitted,

JOEL M. ARESTY, P.A.
Board Certified Business Bankruptcy Law
309 1st Ave S
Tierra Verde, FL 33715
Fax: 800-559-1870
Phone: (305) 904-1903
S:/ Joel M. Aresty
Joel M. Aresty
Fla. Bar No. 197483
aresty@Mac.com
*Counsel for 9197-5904 Quebec, Inc.*

*Notice will be electronically mailed to: Chris Kosachuk, on behalf of Plaintiff; chriskosachuk@gmail.com*