
# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 15-101-LMI

CHRISTOPHER KOSACHUK,

    Plaintiff/Judgment Creditor

v.

9197-5904 QUEBEC, INC.,

    Defendant/Judgment Debtor

_____/



U.S. BANKRUPTCY COURT
SO. DISTRICT OF FLORIDA
JAN 06 2025
FILED ___ RECEIVED___

## OBJECTION TO MOTION TO WITHDRAW REFERENCE AND STAY CASE

Judgment Creditor and Plaintiff Christopher Kosachuk hereby files this Objection to the Motion to Withdraw Reference and Stay Case filed on December 7, 2024 [Doc. 26]. In opposition, Mr. Kosachuk states as follows:

### PRELIMINARY STATEMENT

As an initial matter, neither Quebec nor its attorneys conferred with undersigned before filing this sham Motion to Withdraw Reference and Stay Case contrary to the conferral representation made by Attorney Joel Aresty.

### BACKGROUND

1. On March 24, 2015, Mr. Kosachuk obtained the Final Judgment against 9197-5904 Quebec, Inc. ("Quebec") under case number 12-bk-16438-JKF from the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "FitzSimon Judgment").

2. The FitzSimon Judgment was awarded to Mr. Kosachuk because Ms. Hazan and Mr. Houle through their company 9197-5904 Quebec, Inc. ("Quebec") filed a bad faith involuntary bankruptcy against Mr. Kosachuk which was dismissed as a bad faith filing.

3. The bankruptcy was filed in such bad faith that the Honorable Jean K. FitzSimon sealed it so as not to cause any further reputational damage to Mr. Kosachuk.

4. However, in order for this Court to understand the true evil nature of Quebec, its principals and its attorneys, Mr. Kosachuk filed a Motion to File the Sealed Documents from Judge FitzSimon with this Court which motion is pending and set for hearing on January 6, 2025. [*See* Doc. 10].

5. The Third Circuit Judgment affirming the Honorable Wendy Beetlestone who affirmed Judge FitzSimon is on the docket at Doc. 11. Indeed, the FitzSimon Judgment was twice affirmed by the Third Circuit. [*See* Doc. 11].

6. On May 7, 2015, the FitzSimon Judgment was domesticated and recorded in this bankruptcy court under the above styled case number. [*See* Doc. 1].

7. On or about December 21, 2018, Judge Cristol, for reasons unknown, *sua sponte,* closed this case even though FitzSimon Judgment was and is unsatisfied. [*See* Doc. 3].

8. On November 27, 2023, undersigned moved this Court to order the Clerk of the Court to issue a Writ of Execution. [*See* Doc. 6]. Later that same day, the Clerk issued the writ of execution. [*See* Doc. 7].

9. Movant has already delivered the Writ of Execution to the U.S. Marshal to execute on the chose in action captioned as *9197-5904 Quebec, Inc. v. NLG, LLC,* Local Case No. 14-10475 CA 01, in the Eleventh Judicial Circuit in and for Miami-Dade County, with the proceeds to be applied towards the satisfaction of Judgment Creditor Christopher Kosachuk's FitzSimon Judgment against Quebec.

10. In order to avoid, delay or interfere with the execution proceedings, Quebec has shamelessly filed an untimely Motion to Withdraw Reference and to Stay Case. [*See* Doc. 26].

11. To the extent that the Court wants to even consider the Motion, Quebec should be required to pay a cash bond of at least $1.2 million as this is a post judgment execution proceeding which Quebec is desperate to avoid without posting a bond.

## MEMORANDUM OF LAW

Quebec asks the Court to withdraw the reference of this matter pursuant to Local Rule 5011.1 which is based on 28 U.S.C. §157(d), which states that a "district court may withdraw, in whole or in pad, any case or proceeding referred under this section.. .for cause shown." Though the statute provides no definition for what constitutes cause "the Eleventh Circuit has recognized certain factors to be considered, such as: uniformity in bankruptcy administration', decreasing forum shopping and confusion', efficient use of the resources of the court and the parties, and avoidance of delay." *See Dionne v. Simmons (In re Simmons)*, 200 F.3d 738, 742 (11th Cir. 2000)\*, *Parklane Hosiery Co., Inc. B. Parklane/Atlanta Venture (In re Parklane/Atlanta Venture)*, 927 F.2d 532, 536 n.5 (11th Cir. 1991). The district court should also consider whether a jury demand has been made, and whether the claims are core or non-core. *Holmes v. Grubman*, 315 F. Supp.2d 1376, 1381 (M.D. Ga. 2004). "(A) demand for a jury trial in a non-core case can, in itself, provide sufficient cause to withdraw the reference." *In re Aurora Capital, Inc.*, No. 12-61421-CIV, 2013 WL 2156821, at \*2 (S.D. Fla. May 17, 2013) (quoting *In re Dreis & Krump Mfg. Co.*, No. 94 C 4281, 1995 WL 41416, at \*3 (N.D. 111. Jan. 31, 1995)).

"Timeliness is the first inquiry in evaluating a motion to withdraw reference under 28 U.S.C. § 157(d)." *Roberson v. Ford Motor Credit Company, LLC,* 2011 WL 1740534, 2011 U.S. Dist. LEXIS 46665, n.2 (D. Md. 2011) (denying motion to withdraw reference as untimely). It is hard to imagine a more untimely Motion than one filed **nine years** after the initial pleading. The first threshold question in evaluating a motion to withdraw the reference under 157(d) is whether plaintiff's motion ... was made in a timely manner. If the motion is not made in a timely manner, the parties' rights under section 157(d) are deemed waived." *In re Glob. Energies, LLC,* No. 11-61322-CIV, 2011 WL 2610209, at *3 (S.D. Fla. July 1, 2011) (internal citations omitted). It is clear that Quebec has waived any rights under a motion to withdraw the reference

"(T)he key issue is when the moving party was first aware non-bankruptcy federal laws must be dealt with in resolving the case," Id. Thus, courts across the country have denied motions to withdraw the reference when they are made more than six months after the movant knew of the existence of non-core claims. *In re Stavriotis,* 111 B.R. 154, 157 (N.D. Ill. 1990) (six months not timely; *In re IQ Telecommunication, Inc.,* 7Q B.R. 742 (N.D. Ill. 1987) (one year not timely; *Laine v. Gross,* 128 B.R. 588 (D. Maine 1991) (six months untimely; *In re Sec. Grp. 1980,* 89 B.R. 192, 194 (M.D. Fla. 1988) (failure to file motion with answer and counterclaims untimely). Here Quebec's Motion was filed nine years after this case began and is clearly untimely.

It is the movant's burden to show cause for discretionary withdrawal of the reference. *See In re Millennium Studios, Inc.* 286 B.R. at 303-304. Quebec has not shown cause why the Court should withdraw the reference.

As for the stay, there is no basis in fact or law to grant Quebec a stay in this matter. Undersigned requests for a cash bond of at least $1.2 million in the event the court want to consider a stay of execution of the FitzSimon Judgment.

WHEREFORE, it is respectfully requested that this Honorable Court enter an Order denying the Motion to Withdraw Reference and Stay Case.

December 21, 2024                          Respectfully submitted,

|  |  |
|---|---|
|  | *[signature]*<br>Christopher Kosachuk<br>*Pro Se Plaintiff/Judgment Creditor & Movant*<br>854 Pheasant Run Rd.<br>West Chester, PA 19382-8144<br>(305) 490-5700<br>chriskosachuk@gmail.com |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of foregoing was delivered to the Clerk of Court who will electronically file it and serve it upon all parties of record as indicated on this 21st day of December, 2024.

|  | Christopher Kosachuk<br>*Pro Se Plaintiff & Judgment Creditor*<br>854 Pheasant Run Rd.<br>West Chester, PA 19382-8144<br>(305) 490-5700<br>chriskosachuk@gmail.com |
|---|---|

## SERVICE LIST

### Via CM/ECF/Email/First Class Mail

Joel Aresty, Esq. attorney for 9197-5904 Quebec, Inc., Selective Advisor Group, LLC f/k/a Selective Advisors Group, LLC, Raymond Houle, Elizabeth Hazan and Sean Neil Meehan
aresty@mac.com

Todd Mosser, Esq. attorney for 9197-5904 Quebec, Inc. Selective Advisor Group, LLC f/k/a Selective Advisors Group, LLC, Raymond Houle, Elizabeth Hazan and Sean Neil Meehan
todd@mosserlegal.com

Raymond Houle – raymond.houle@gmail.com  raymond.houle1@gmail.com
6913 Valencia Dr. Fisher Island, FL 33109

Elizabeth Hazan a/k/a/ Liza Hazan  lizahazan77@gmail.com  elizabethhazan07@gmail.com
6913 Valencia Dr. Fisher Island, FL 33109

Sean Neil Meehan  seannmeehan@gmail.com
6913 Valencia Dr. Fisher Island, FL 33109